**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| ROGER REEVES, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. |
| ) | 1:07CV616-MHT |
| ) | |
| v. ) | |
| ) | |
| DSI SECURITY SERVICES *et al.*, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**DEFENDANT DSI SECURITY SERVICES, INC.'S
MOTION FOR SUMMARY JUDGMENT AND SUPPORTING BRIEF**

Defendant DSI Security Services, Inc. ("DSI") moves the Court, pursuant to Fed. R. Civ. P. 56, for judgment as a matter of law on plaintiff Roger Reeves's ("plaintiff") claims. There are no material issues of undisputed fact and DSI is entitled to summary judgment on all claims asserted against it. In support of its Motion, defendant submits the following:

    a.    Declaration of Eddie Sorrells; and

    b.    Supporting Brief

## MOTION

Plaintiff asserts only two claims against defendant DSI: (1) that DSI discriminatorily denied him a pay increase by failing to negotiate a contractual increase with American Buildings in a "fair and impartial" manner; and (2) that DSI discriminated against him by walking out of the room with the mediator after the mediator remarked "This cat does not know what he is doing. Let's get out of here" during EEOC mediation (Complaint, at p. 4 (Attachment)). With respect to the first claim, plaintiff cannot establish a *prima facie* case because he cannot demonstrate that he was treated less favorably because of his race or religion. Plaintiff's second claim against DSI – that the Company walked out of EEOC mediation at the behest of the mediator – fails because it does not amount to an adverse employment action. Assuming the DSI representative left as alleged, plaintiff cannot show that he experienced any form of substantial, tangible employment action as a result. Accordingly, this claim must be dismissed as a matter of law.

## SUPPORTING BRIEF

**A.    Background Facts**

1.    DSI provides contract security services to a variety of industries and businesses throughout the eastern and southern United States (Sorrells Declaration ¶ 1).

2. One of DSI's clients is American Buildings, who operate a metal building fabrication plant in Eufala, Alabama (Sorrells Declaration ¶ 2).

3. Plaintiff was hired as a security officer by DSI in 2002 and is assigned to the American Buildings plant in Eufala (Sorrells Declaration ¶ 3).

4. On July 2, 2007, plaintiff filed his judicial Complaint, asserting claims of race and religious discrimination under Title VII of the Civil Rights Act of 1964 and naming DSI Security Services, American Buildings and the EEOC as defendants.

5. Plaintiff identifies Alan Wood, a DSI Operations Manager, John Howard, plant manager for American Buildings in Eufala, and mediators James Lee and Debra Leo of the EEOC as the individuals who discriminated against him (Complaint ¶¶ 7 & 9; Sorrells Declaration ¶ 4).

6. With respect to DSI, plaintiff asserts that "Alan Wood and DSI used deceptive[,] collusive discriminatory actions when they did not perform a contractual obligation. They said they were negotiating and going to sign a contract and they were not doing either." Id. ¶ 9. In a statement attached to his Complaint, plaintiff adds:

> Alan Wood and DSI used deceptive, collusive, and discriminatory actions when they did not perform a contractual obligation. DSI used collusive and discriminatory action when they left the room with Mr. James Lee the EEOC Negotiator when he made the statement that "This cat does not know what he is doing." "Let's get out of here." Alan Wood[] and DSI told me it was a three year contract when I started working and times after then. At the end of three years they said they were negotiating John

3

> Howard but they were not. It was later found that the Contract was negotiated every year. They were using fraudulent tactics to not give a raise. They told me in 2006 that were going to sign a Contract around [M]emorial Day but they were not truthful. Because of their collusive and discriminatory acts my Civil Rights were violated and I was deprive[d] of the right to a fair and impartial negotiation session[] and wages promised. DSI submitted a [d]ocument temming [sic] with [l]ies to [the] EEOC. Alan Wood[] told me they were negotiating from February 28, 2005 to September 2005. I got tired of calling him and tried again in 2006. He repeated the same action and in 2006 I file[d] a charge in July.

(Complaint p. 4 (Attachment)) (emphasis in original).

8. In accordance with DSI's initial contract with American Buildings, all security officers assigned to the Eufala plant were paid $6.00 per hour (Sorrells Declaration ¶ 5; Exh. 1 to Sorrells Declaration).

9. In December 2006, DSI negotiated a new rate with American Buildings and the hourly rate for all DSI security officers assigned to the Eufala plant was increased to $6.50 per hour (Sorrells Declaration ¶ 6).

**B.    Legal Standards**

    **1.    Summary Judgment Standard**

The legal standard for summary judgment is well settled and well-known to the court. Summary judgment is appropriate only if this Court finds that there exists no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c). Anderson v. Liberty Lobby, Inc., 477 U.S. 242,

249 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Turnes v. AmSouth Bank, N.A., 36 F.3d 1057, 1061 (11th Cir. 1994).

The movant's initial burden is to "show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991). When the burden of proof at trial belongs to the nonmovant, as is the case here, the moving party need not "support its motion with affidavits or other similar material negating the opponent's claim," Celotex, 477 U.S. at 323, but nevertheless "may support its motion for summary judgment with affirmative evidence demonstrating that the nonmoving party will be unable to prove its case at trial." Id. at 331.

Once the moving party meets its burden, the nonmoving party must then "demonstrate that there is indeed a material issue of fact that precludes summary judgment." Clark, 929 F.2d at 608. While the Court will resolve all doubts as to whether the non-movant has met its burden against the moving party, Rollins v. TechSouth, Inc., 833 F.2d 1525, 1528 (11th Cir. 1987), neither "[m]ere general allegations which do not reveal detailed and precise facts," Resolution Trust Corp. v. Dunmar Corp., 43 F.3d 587, 592 (11th Cir.), cert. denied, 516 U.S. 817 (1995), merely colorable evidence, see Brown v. City of Clewiston, 848 F.2d 1534, 1537 (11th Cir. 1988), conclusory statements, see Peppers v. Coates, 887 F.2d 1493, 1498 (11th Cir. 1989), nor conjecture will create a genuine issue of material fact. Furthermore, while

"claims of employment discrimination . . . present fact-intensive issues[,] . . . motions for summary judgment or judgment as a matter of law are appropriate to 'police the baseline'" for such claims. Mendoza v. Borden, Inc., 195 F.3d 1238, 1244 (11th Cir. 1999) (quoting Indest v. Freeman Decorating, Inc., 164 F.3d 258, 264 n.8 (5th Cir. 1999)); see also Chapman v. AI Transport, 229 F.3d 1012, 1025 (11th Cir. 2000) (en banc) (holding that no special standard exists with respect to summary judgment in employment discrimination cases).

### 2. Title VII Standards

Plaintiff does not contend that he has direct or statistical evidence demonstrating that he was the victim of race or religious discrimination. Thus, he must rely on the McDonnell-Douglas/Burdine, circumstantial-evidence approach. Under this approach, a plaintiff must first establish a *prima facie* case. Generally speaking, to establish a *prima* facie case of race- or religious-based disparate treatment discrimination, a plaintiff must demonstrate that (1) he is in a protected class; (2) he was qualified to perform his job; (3) he was subjected to an adverse employment action; and (4) some evidence creating an inference of race or religious discrimination. Knight v. Baptist Hosp. of Miami, Inc., 330 F.3d 1313, 1316 (11th Cir. 2003). A common method of establishing the fourth prong of the *prima facie* case is by demonstrating that a similarly-situated employee outside of the protected class was treated more favorably. Id. If a plaintiff establishes his *prima facie* case, then the employer must articulate a

legitimate, nondiscriminatory reason for its decision or actions. Lee v. GTE Florida, Inc., 226 F.3d 1249, 1253 (11th Cir. 2000). To ultimately prevail, the plaintiff must then show that the employer's articulated reason was false and that the real reason for the employer's action or decision was the plaintiff's race (or religion). Id.; St. Mary's Honor Ctr. V. Hicks, 509 U.S. 502, 515, 519 (1993).

"To prove an adverse employment action in a case under Title VII's anti-discrimination clause, an employee must show a serious and material change in the terms, conditions, or privileges of employment." Davis v. Town of Lake Park, 245 F.3d 1232, 1239 (11th Cir. 2001). The mere fact that an employee disagrees with his employer's actions or finds them less appealing than some other alternative is immaterial. "[T]he employee's subjective view of the significance and adversity of the employer's action is not controlling; the employment action must be materially adverse as viewed by a reasonable person in the circumstances." Id.; Johnson v. Cambridge Indus., Inc., 325 F.3d 892, 901 (7th Cir. 2003) ("At the very least, [plaintiff] must show some quantitative or qualitative change in the terms or conditions of his employment that is more than a mere subjective preference."). Although an employer's action need not necessarily be an "ultimate" employment decision, such as failure to hire, discharge, or failure to promote, it must "meet some threshold level of substantiality." Stavropoulos v. Firestone, 361 F.3d 610, 616-17 (11th Cir. 2004). "An action which, it turns out, had no effect on an employee is not an 'adverse' action." Id. at 617 (citation

7

omitted).

## C. Argument

Plaintiff asserts only two claims against defendant DSI: (1) that DSI discriminatorily denied him a pay increase by failing to negotiate a contractual increase with American Buildings in a "fair and impartial" manner; and (2) that DSI discriminated against him by walking out of the room with the mediator after the mediator remarked "This cat does not know what he is doing. Let's get out of here" during EEOC mediation (Complaint, at p. 4 (Attachment)).[1] With respect to the first claim, plaintiff cannot establish a *prima facie* case because he cannot demonstrate that he was treated less favorably because of his race or religion. On the contrary, plaintiff was paid the same amount that every other security officer was paid under the contract between DSI and American Buildings. To the extent that DSI "failed" to negotiate a pay increase with American Buildings, that failure affected every security officer assigned to the plant equally, regardless of race or religion. When DSI and American Buildings *did* agree on a rate increase in December 2006, from $6.00 per hour to $6.50 per hour, every security officer at the plant received the same increase (Sorrells Declaration ¶ 6). In fact, plaintiff does not claim that white security officers or that

---

[1] Plaintiff asserts a hostile work environment claim but identifies only American Buildings as having engaged in this conduct (Complaint ¶ 9 & p. 4 (Attachment)).

8

security officers of differing religions were paid more[2] or otherwise treated more favorably. Because he cannot establish a *prima facie* case, his denial-of-a-raise claim is due to be dismissed as a matter of law.

Plaintiff's second claim against DSI – that the Company walked out of EEOC mediation at the behest of the mediator – fails because it does not amount to an adverse employment action. Assuming the DSI representative left as alleged, plaintiff cannot show that he experienced any form of substantial, tangible employment action as a result. "An action which, it turns out, had no effect on an employee is not an 'adverse' action." Stavropoulos v. Firestone, 361 F.3d 610, 617 (11th Cir. 2004). The fact that plaintiff may have been upset or disappointed that DSI left mediation is irrelevant. "[T]he employee's subjective view of the significance and adversity of the employer's action is not controlling; the employment action must be materially adverse as viewed by a reasonable person in the circumstances." Davis v. Town of Lake Park, 245 F.3d 1232, 1239 (11th Cir. 2001). Clearly, no reasonable person could view the Company's actions as materially adverse. Accordingly, this claim must be dismissed as a matter of law.

---

[2] Plaintiff does contend that employees of American Buildings received raises that he did not receive (Complaint ¶ 9). Of course, plaintiff is not an employee of American Buildings and therefore is not similarly situated to any such individual who may have received a raise. Thus, assuming that some American Buildings employees did receive raises, this fact is irrelevant not only to plaintiff's claims against DSI but to his claims in general.

## **Conclusion**

For the reasons asserted herein, defendant DSI Security Services, Inc. is entitled to judgment as a matter of law on both of the claims plaintiff has asserted against it.

Respectfully Submitted,

/s/ David T. Wiley
David T. Wiley (ASB-4051-Y54D)
E-Mail: wileyd@jacksonlewis.com
Tel: (205) 332-3104
Fax: (205) 332-3131
**JACKSON LEWIS LLP**
Park Place Tower, Suite 650
2001 Park Place North
Birmingham, Alabama 35203

**Attorney for Defendant**
**DSI Security Services, Inc.**

## CERTIFICATE OF SERVICE

      I hereby certify that on August 3, 2007 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and that a copy was delivered via First Class U.S. Mail, postage prepaid on the following:

      Roger Reeves
      B-12 Chattahoochee Court
      Eufala, Alabama 36027


      /s/ David T. Wiley
      Counsel of Record

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ROGER REEVES, | ) |
| Plaintiff, | ) ) Civil Action No. ) 1:07CV616-MHT |
| v. | ) ) |
| DSI SECURITY SERVICES *et al.*, | ) ) |
| Defendants. | ) ) |

## DECLARATION OF EDDIE SORRELLS

My name is Eddie Sorrells. I am an adult male over the age of nineteen years and a United States citizen residing in Dothan, Alabama. I have been employed with DSI Security Services, Inc. ("DSI") since 1991 and I have been the Chief Operating Officer and General Counsel for DSI since 2004. I am under no legal disability and am competent to testify. I am aware that Roger Reeves has filed a lawsuit against DSI and have personal knowledge of the facts and matters set forth herein.

1.  DSI, headquartered in Dothan, Alabama, provides contract security services to a variety of industries and businesses throughout the eastern and southern United States.

2.  One of DSI's clients is American Buildings, who operate a metal building fabrication plant in Eufala, Alabama.

3. Roger Reeves was hired as a security officer by DSI in 2002 and is assigned to the American Buildings plant in Eufaula.

4. In the judicial Complaint filed by Mr. Reeves, he names Alan Wood as an individual who allegedly engaged in discriminatory conduct. During the times relevant to the claims in Mr. Reeves's lawsuit, Mr. Wood was an Operations Manager for DSI and worked at the Company's headquarters in Dothan. Mr. Reeves also identifies John Howard as an alleged discriminator. Mr. Howard is the plant manager for the American Buildings plant in Eufaula.

5. In accordance with DSI's initial contract with American Buildings, all security officers assigned to the American Buildings plant in Eufaula were paid $6.00 per hour. Attached as Exhibit 1 is a payment summary for each of the assigned security officers, showing that each was earning $6.00 per hour. This same summary was shown to Mr. Reeves previously and was made available to the EEOC during its investigation into Mr. Reeves' charge.

6. In December 2006, DSI negotiated a new rate with American Buildings and the hourly rate for all DSI security officers assigned to the Eufala plant was increased to $6.50 per hour.

I declare under penalty of perjury that the foregoing is accurate and complete, to the best of my knowledge.

s/ Eddie Sorrells
Eddie Sorrells

July 31, 2007
Date

[Original declaration on file with counsel for DSI]

# Exhibit 1
# to Declaration of Eddie Sorrells

# DOTHAN

## Payroll Detail By Employee Sort By Service Date

Start Date: 12/14/2006    End Date: 12/20/2006

**Employee Name:** FLOWERS, TIFFINEA — 2430

| Date | Tour | Des | Client | Location | Post | Regular Hours | Regular Rate | Regular Post | Regular Blended | Overtime 1 Hours | Overtime 1 Rate | Overtime 2 Hours | Overtime 2 Rate | Holiday Hours | Holiday Rate | Other/Exempt Hours | Other/Exempt Rate | Differential Type | Differential Amt |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 12/14/2006 | 22:00-06:00 | UNIF EMP | AMERICAN BUILDINGS-AMERICAN BUILDIN | AMERICAN BUILDINGS-AMERICAN BUILDIN | SECURITY OFFICER | 2.00 | $6.00 | $6.00 | 6.0000 | | | | | | | 2.00 | $0.25 | | |
| 12/15/2006 | 00:00-02:00 | UNIF EMP | AMERICAN BUILDINGS-AMERICAN BUILDIN | AMERICAN BUILDINGS-AMERICAN BUILDIN | SECURITY OFFICER | 6.00 | $6.00 | $6.00 | 6.0000 | | | | | | | 8.00 | $0.25 | | |
| 12/15/2006 | 22:00-06:00 | UNIF EMP | AMERICAN BUILDINGS-AMERICAN BUILDIN | AMERICAN BUILDINGS-AMERICAN BUILDIN | SECURITY OFFICER | 2.00 | $6.00 | $6.00 | 6.0000 | | | | | | | 12.00 | $0.25 | | |
| 12/16/2006 | 00:00-06:00 | UNIF EMP | AMERICAN BUILDINGS-AMERICAN BUILDIN | AMERICAN BUILDINGS-AMERICAN BUILDIN | SECURITY OFFICER | 6.00 | $6.00 | $6.00 | 6.0000 | | | | | | | | | | |
| 12/16/2006 | 18:00-00:00 | UNIF EMP | AMERICAN BUILDINGS-AMERICAN BUILDIN | AMERICAN BUILDINGS-AMERICAN BUILDIN | SECURITY OFFICER | 6.00 | $6.00 | $6.00 | 6.0000 | | | | | | | 12.00 | $0.25 | | |
| 12/17/2006 | 00:00-05:00 | UNIF EMP | AMERICAN BUILDINGS-AMERICAN BUILDIN | AMERICAN BUILDINGS-AMERICAN BUILDIN | SECURITY OFFICER | 5.00 | $6.00 | $6.00 | 6.0000 | | | | | | | | | | |
| 12/17/2006 | 18:00-00:00 | UNIF EMP | AMERICAN BUILDINGS-AMERICAN BUILDIN | AMERICAN BUILDINGS-AMERICAN BUILDIN | SECURITY OFFICER | 6.00 | $6.00 | $6.00 | 6.0000 | | | | | | | 6.00 | $0.25 | | |
| 12/18/2006 | 00:00-06:00 | UNIF EMP | AMERICAN BUILDINGS-AMERICAN BUILDIN | AMERICAN BUILDINGS-AMERICAN BUILDIN | SECURITY OFFICER | 6.00 | $6.00 | $6.00 | 6.0000 | | | | | | | | | | |

Subtotal FLOWERS, TIFFINEA — Hours: 40.00, 0.00, 0.00, 0.00, 40.00    Amount: $240.00, $0.00, $0.00, $0.00, $10.00    TOTAL $250.00

**Employee Name:** LINGO, VALERIE — 7010

| Date | Tour | Des | Client | Location | Post | Regular Hours | Regular Rate | Regular Post | Regular Blended | Overtime 1 Hours | Overtime 1 Rate | Overtime 2 Hours | Overtime 2 Rate | Holiday Hours | Holiday Rate | Other/Exempt Hours | Other/Exempt Rate | Differential Type | Differential Amt |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 12/16/2006 | 12:00-18:00 | UNIF EMP | AMERICAN BUILDINGS-AMERICAN BUILDIN | AMERICAN BUILDINGS-AMERICAN BUILDIN | SECURITY OFFICER | 6.00 | $6.00 | $6.00 | 6.0000 | | | | | | | 6.00 | $0.25 | | |
| 12/17/2006 | 12:00-18:00 | UNIF EMP | AMERICAN BUILDINGS-AMERICAN BUILDIN | AMERICAN BUILDINGS-AMERICAN BUILDIN | SECURITY OFFICER | 6.00 | $6.00 | $6.00 | 6.0000 | | | | | | | 6.00 | $0.25 | | |

Subtotal LINGO, VALERIE — Hours: 12.00, 0.00, 0.00, 0.00, 12.00    Amount: $72.00, $0.00, $0.00, $0.00, $3.00    TOTAL $75.00

**Employee Name:** REEVES, ROGER — 3519

| Date | Tour | Des | Client | Location | Post | Regular Hours | Regular Rate | Regular Post | Regular Blended | Overtime 1 Hours | Overtime 1 Rate | Overtime 2 Hours | Overtime 2 Rate | Holiday Hours | Holiday Rate | Other/Exempt Hours | Other/Exempt Rate | Differential Type | Differential Amt |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 12/14/2006 | 14:00-22:00 | UNIF EMP | AMERICAN BUILDINGS-AMERICAN BUILDIN | AMERICAN BUILDINGS-AMERICAN BUILDIN | SECURITY OFFICER | 8.00 | $6.00 | $6.00 | 6.0000 | | | | | | | 8.00 | $0.25 | | |
| 12/15/2006 | 14:00-22:00 | UNIF EMP | AMERICAN BUILDINGS-AMERICAN BUILDIN | AMERICAN BUILDINGS-AMERICAN BUILDIN | SECURITY OFFICER | 8.00 | $6.00 | $6.00 | 6.0000 | | | | | | | 8.00 | $0.25 | | |
| 12/18/2006 | 14:00-22:00 | UNIF EMP | AMERICAN BUILDINGS-AMERICAN BUILDIN | AMERICAN BUILDINGS-AMERICAN BUILDIN | SECURITY OFFICER | 8.00 | $6.00 | $6.00 | 6.0000 | | | | | | | 8.00 | $0.25 | | |
| 12/19/2006 | 14:00-22:00 | UNIF EMP | AMERICAN BUILDINGS-AMERICAN BUILDIN | AMERICAN BUILDINGS-AMERICAN BUILDIN | SECURITY OFFICER | 8.00 | $6.00 | $6.00 | 6.0000 | | | | | | | 8.00 | $0.25 | | |
| 12/20/2006 | 14:00-22:00 | UNIF EMP | AMERICAN BUILDINGS-AMERICAN BUILDIN | AMERICAN BUILDINGS-AMERICAN BUILDIN | SECURITY OFFICER | 8.00 | $6.00 | $6.00 | 6.0000 | | | | | | | 8.00 | $0.25 | | |

Subtotal REEVES, ROGER — Hours: 40.00, 0.00, 0.00, 0.00, 40.00    Amount: $240.00, $0.00, $0.00, $0.00, $10.00    TOTAL $250.00

**Employee Name:** WELLS, ETHEL — 1863

| Date | Tour | Des | Client | Location | Post | Regular Hours | Regular Rate | Regular Post | Regular Blended | Overtime 1 Hours | Overtime 1 Rate | Overtime 2 Hours | Overtime 2 Rate | Holiday Hours | Holiday Rate | Other/Exempt Hours | Other/Exempt Rate | Differential Type | Differential Amt |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 12/14/2006 | 00:00-06:00 | UNIF EMP | AMERICAN BUILDINGS-AMERICAN BUILDIN | AMERICAN BUILDINGS-AMERICAN BUILDIN | SECURITY OFFICER | 6.00 | $6.00 | $6.00 | 6.0000 | | | | | | | 6.00 | $0.25 | | |
| 12/16/2006 | 06:00-12:00 | UNIF EMP | AMERICAN BUILDINGS-AMERICAN BUILDIN | AMERICAN BUILDINGS-AMERICAN BUILDIN | SECURITY OFFICER | 6.00 | $6.00 | $6.00 | 6.0000 | | | | | | | 6.00 | $0.25 | | |
| 12/17/2006 | 06:00-12:00 | UNIF EMP | AMERICAN BUILDINGS-AMERICAN BUILDIN | AMERICAN BUILDINGS-AMERICAN BUILDIN | SECURITY OFFICER | 6.00 | $6.00 | $6.00 | 6.0000 | | | | | | | 6.00 | $0.25 | | |
| 12/18/2006 | | UNIF EMP | AMERICAN BUILDINGS-AMERICAN BUILDIN | AMERICAN BUILDINGS-AMERICAN BUILDIN | SECURITY OFFICER | | | | | | | | | | | 2.00 | $0.25 | | |

CRITERIA: Division:'DOTHAN' Account Manager:'All' Active Status:'All' Adjustment:'Include' Database Year:'Current' Department:'05AB2-...

DOTHAN
12/15/2006    9:03:11 AM    Page 1 of 2

# DOTHAN

## Payroll Detail By Employee Sort By Service Date

**Start Date:** 12/14/2006  **End Date:** 12/20/2006

**Employee Name:** 1863  WELLS, ETHEL

| Date | Tour | Des | Client | Location | Post | Regular Hours | Rate | Post | Blended | Overtime 1 Hours | Rate | Overtime 2 Hours | Rate | Holiday Hours | Rate | Other/Exempt Hours | Rate | Differential Type | Amt |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 12/18/2006 | 22:00-00:00 | EMP | AMERICAN BUILDINGS | AMERICAN BUILDIN | SECURITY OFFICER | 2.00 | $6.00 | $6.00 | 6.0000 | | | | | | | | | | |
| 12/18/2006 | 22:00-00:00 | UNIF | AMERICAN BUILDINGS | AMERICAN BUILDIN | SECURITY OFFICER | | | | | | | | | | | 8.00 | $0.25 | | |
| 12/19/2006 | 00:00-06:00 | EMP | AMERICAN BUILDINGS | AMERICAN BUILDIN | SECURITY OFFICER | 6.00 | $6.00 | $6.00 | 6.0000 | | | | | | | | | | |
| 12/19/2006 | 22:00-00:00 | EMP | AMERICAN BUILDINGS | AMERICAN BUILDIN | SECURITY OFFICER | 2.00 | $6.00 | $6.00 | 6.0000 | | | | | | | | | | |
| 12/20/2006 | 00:00-06:00 | EMP | AMERICAN BUILDINGS | AMERICAN BUILDIN | SECURITY OFFICER | 6.00 | $6.00 | $6.00 | 6.0000 | | | | | | | 8.00 | $0.25 | | |
| 12/20/2006 | 22:00-00:00 | EMP | AMERICAN BUILDINGS | AMERICAN BUILDIN | SECURITY OFFICER | 2.00 | $6.00 | $6.00 | 6.0000 | | | | | | | | | | |

Subtotal WELLS, ETHEL  
Hours: 36.00   0.00   0.00   0.00   36.00  
Amount: $216.00   $0.00   $0.00   $0.00   $9.00   TOTAL $225.00

Subtotal  
Hours: Regular 128.00   Overtime 1 0.00   Overtime 2 0.00   Holiday 0.00   Other 128.00  
Amount: $768.00   $0.00   $0.00   $0.00   $32.00   TOTAL $800.00

Grand Total  
Hours: Regular 128.00   Overtime 1 0.00   Overtime 2 0.00   Holiday 0.00   Other 128.00  
Amount: $768.00   $0.00   $0.00   $0.00   $32.00   TOTAL $800.00

# DOTHAN

## Payroll Detail By Employee Sort By Service Date

Start Date: 11/23/2006   End Date: 11/29/2006

### Employee Name: 2430   FLOWERS, TIFFINEA

| Date | Tour | Des | Client | Location | Post | Regular Hours | Rate | Post | Blended | Overtime 1 Hours | Rate | Overtime 2 Hours | Rate | Holiday Hours | Rate | Other/Exempt Hours | Rate | Differential Type | Amt |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 11/23/2006 | | UNIF | AMERICAN BUILDINGS | AMERICAN BUILDIN | SECURITY OFFICER | | $6.00 | $6.00 | 6.0000 | | | | | | | 2.00 | $0.25 | | |
| 11/23/2006 | 22:00-00:00 | EMP | AMERICAN BUILDINGS | AMERICAN BUILDIN | SECURITY OFFICER | | $6.00 | $6.00 | 6.0000 | | | | | 2.00 | $9.00 | | | | |
| 11/24/2006 | | UNIF | AMERICAN BUILDINGS | AMERICAN BUILDIN | SECURITY OFFICER | | $6.00 | $6.00 | 6.0000 | | | | | | | 8.00 | $0.25 | | |
| 11/24/2006 | 00:00-06:00 | EMP | AMERICAN BUILDINGS | AMERICAN BUILDIN | SECURITY OFFICER | 6.00 | $6.00 | $6.00 | 6.0000 | | | | | | | | | | |
| 11/24/2006 | 22:00-00:00 | EMP | AMERICAN BUILDINGS | AMERICAN BUILDIN | SECURITY OFFICER | 2.00 | $6.00 | $6.00 | 6.0000 | | | | | | | | | | |
| 11/25/2006 | | UNIF | AMERICAN BUILDINGS | AMERICAN BUILDIN | SECURITY OFFICER | | $6.00 | $6.00 | 6.0000 | | | | | | | 12.00 | $0.25 | | |
| 11/25/2006 | 00:00-06:00 | EMP | AMERICAN BUILDINGS | AMERICAN BUILDIN | SECURITY OFFICER | 6.00 | $6.00 | $6.00 | 6.0000 | | | | | | | | | | |
| 11/25/2006 | 18:00-00:00 | EMP | AMERICAN BUILDINGS | AMERICAN BUILDIN | SECURITY OFFICER | 6.00 | $6.00 | $6.00 | 6.0000 | | | | | | | | | | |
| 11/26/2006 | | UNIF | AMERICAN BUILDINGS | AMERICAN BUILDIN | SECURITY OFFICER | | $6.00 | $6.00 | 6.0000 | | | | | | | 12.00 | $0.25 | | |
| 11/26/2006 | 00:00-06:00 | EMP | AMERICAN BUILDINGS | AMERICAN BUILDIN | SECURITY OFFICER | 6.00 | $6.00 | $6.00 | 6.0000 | | | | | | | | | | |
| 11/26/2006 | 18:00-00:00 | EMP | AMERICAN BUILDINGS | AMERICAN BUILDIN | SECURITY OFFICER | 6.00 | $6.00 | $6.00 | 6.0000 | | | | | | | | | | |
| 11/27/2006 | | UNIF | AMERICAN BUILDINGS | AMERICAN BUILDIN | SECURITY OFFICER | | $6.00 | $6.00 | 6.0000 | | | | | | | 6.00 | $0.25 | | |
| 11/27/2006 | 00:00-06:00 | EMP | AMERICAN BUILDINGS | AMERICAN BUILDIN | SECURITY OFFICER | 6.00 | $6.00 | $6.00 | 6.0000 | | | | | | | | | | |

Subtotal Hours: 38.00   0.00   0.00   2.00   40.00
FLOWERS, TIFFINEA   Amount: $228.00   $0.00   $0.00   $18.00   $10.00   TOTAL $256.00

### Employee Name: 2263   JONES, DELMAR

| Date | Tour | Des | Client | Location | Post | Regular Hours | Rate | Post | Blended | Overtime 1 Hours | Rate | Overtime 2 Hours | Rate | Holiday Hours | Rate | Other/Exempt Hours | Rate | Differential Type | Amt |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 11/27/2006 | | UNIF | AMERICAN BUILDINGS | AMERICAN BUILDIN | SECURITY OFFICER | | $6.00 | $6.00 | 5.9000 | | | | | | | 8.00 | $0.25 | | |
| 11/27/2006 | 12:00-18:00 | EMP | AMERICAN BUILDINGS | AMERICAN BUILDIN | SECURITY OFFICER | 8.00 | $6.00 | $6.00 | 5.9000 | | | | | | | | | | |
| 11/28/2006 | | UNIF | AMERICAN BUILDINGS | AMERICAN BUILDIN | SECURITY OFFICER | | $6.00 | $6.00 | 6.0000 | | | | | | | 8.00 | $0.25 | | |
| 11/28/2006 | 06:00-14:00 | EMP | AMERICAN BUILDINGS | AMERICAN BUILDIN | SECURITY OFFICER | 8.00 | $6.00 | $6.00 | 5.9000 | | | | | | | | | | |
| 11/29/2006 | 06:00-14:00 | EMP | AMERICAN BUILDINGS | AMERICAN BUILDIN | SECURITY OFFICER | 8.00 | $6.00 | $6.00 | 6.0000 | | | | | | | | | | |

Subtotal Hours: 24.00   0.00   0.00   0.00   24.00
JONES, DELMAR   Amount: $141.60   $0.00   $0.00   $0.00   $6.00   TOTAL $147.60

### Employee Name: 7010   LINGO, VALERIE

| Date | Tour | Des | Client | Location | Post | Regular Hours | Rate | Post | Blended | Overtime 1 Hours | Rate | Overtime 2 Hours | Rate | Holiday Hours | Rate | Other/Exempt Hours | Rate | Differential Type | Amt |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 11/26/2006 | | UNIF | AMERICAN BUILDINGS | AMERICAN BUILDIN | SECURITY OFFICER | | $6.00 | $6.00 | 6.0000 | | | | | | | 6.00 | $0.25 | | |
| 11/26/2006 | | EMP | AMERICAN BUILDINGS | AMERICAN BUILDIN | SECURITY OFFICER | 6.00 | $6.00 | $6.00 | 6.0000 | | | | | | | | | | |

Subtotal Hours: 6.00   0.00   0.00   0.00   6.00
LINGO, VALERIE   Amount: $36.00   $0.00   $0.00   $0.00   $1.50   TOTAL $37.50

### Employee Name: 3519   REEVES, ROGER

| Date | Tour | Des | Client | Location | Post | Regular Hours | Rate | Post | Blended | Overtime 1 Hours | Rate | Overtime 2 Hours | Rate | Holiday Hours | Rate | Other/Exempt Hours | Rate | Differential Type | Amt |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 11/23/2006 | | UNIF | AMERICAN BUILDINGS | AMERICAN BUILDIN | SECURITY OFFICER | | $6.00 | $6.00 | 6.0000 | | | | | | | 8.00 | $0.25 | | |
| 11/23/2006 | 14:00-22:00 | EMP | AMERICAN BUILDINGS | AMERICAN BUILDIN | SECURITY OFFICER | 8.00 | $6.00 | $6.00 | 6.0000 | | | | | 8.00 | $9.00 | | | | |
| 11/24/2006 | | UNIF | AMERICAN BUILDINGS | AMERICAN BUILDIN | SECURITY OFFICER | | $6.00 | $6.00 | 6.0000 | | | | | | | 6.00 | $0.25 | | |
| 11/24/2006 | 14:00-22:00 | EMP | AMERICAN BUILDINGS | AMERICAN BUILDIN | SECURITY OFFICER | 8.00 | $6.00 | $6.00 | 6.0000 | | | | | | | | | | |
| 11/25/2006 | | UNIF | AMERICAN BUILDINGS | AMERICAN BUILDIN | SECURITY OFFICER | | $6.00 | $6.00 | 6.0000 | | | | | | | 6.00 | $0.25 | | |
| 11/25/2006 | 12:00-18:00 | EMP | AMERICAN BUILDINGS | AMERICAN BUILDIN | SECURITY OFFICER | 6.00 | $6.00 | $6.00 | 6.0000 | | | | | | | | | | |
| 11/26/2006 | | UNIF | AMERICAN BUILDINGS | AMERICAN BUILDIN | SECURITY OFFICER | | $6.00 | $6.00 | 6.0000 | | | | | | | 8.00 | $0.25 | | |
| 11/27/2006 | 14:00-22:00 | EMP | AMERICAN BUILDINGS | AMERICAN BUILDIN | SECURITY OFFICER | 8.00 | $6.00 | $6.00 | 6.0000 | | | | | | | | | | |
| 11/27/2006 | | UNIF | AMERICAN BUILDINGS | AMERICAN BUILDIN | SECURITY OFFICER | | $6.00 | $6.00 | 6.0000 | | | | | | | 10.00 | $0.25 | | |
| 11/28/2006 | 14:00-22:00 | EMP | AMERICAN BUILDINGS | AMERICAN BUILDIN | SECURITY OFFICER | 8.00 | $6.00 | $6.00 | 6.0000 | | | | | | | | | | |
| 11/28/2006 | 22:00-00:00 | EMP | AMERICAN BUILDINGS | AMERICAN BUILDIN | SECURITY OFFICER | 2.00 | $6.00 | $6.00 | 6.0000 | | | | | | | | | | |
| 11/29/2006 | | UNIF | AMERICAN BUILDINGS | AMERICAN BUILDIN | SECURITY OFFICER | | $6.00 | $6.00 | 6.0000 | | | | | | | 14.00 | $0.25 | | |
| 11/29/2006 | 00:00-06:00 | EMP | AMERICAN BUILDINGS | AMERICAN BUILDIN | SECURITY OFFICER | 6.00 | $6.00 | $6.00 | 6.0000 | | | | | | | | | | |

# DOTHAN

## Payroll Detail By Employee Sort By Service Date

Start Date: 11/23/2006     End Date: 11/29/2006

**Employee Name:** REEVES, ROGER    3519

| Date | Tour | Des | Client | Location | Post | Hours | Regular Rate | Post | Blended | Overtime 1 Hours | Overtime 1 Rate | Overtime 2 Hours | Overtime 2 Rate | Holiday Hours | Holiday Rate | Other/Exempt Hours | Other/Exempt Rate | Differential Type | Differential Amt |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 11/29/2006 | 14:00-22:00 | UNIF | AMERICAN BUILDINGS | AMERICAN BUILDIN | SECURITY OFFICER | 2.00 | $6.00 | | 6.0000 | 6.00 | $9.00 | | | | | 54.00 | | | |

Subtotal REEVES, ROGER
Hours: 2.00   40.00   6.00   0.00   8.00   54.00
Amount: $240.00   $54.00   $0.00   $72.00   $13.50   TOTAL $379.50

**Employee Name:** WELLS, ETHEL    1863

| Date | Tour | Des | Client | Location | Post | Hours | Regular Rate | Post | Blended | Overtime 1 Hours | Overtime 1 Rate | Overtime 2 Hours | Overtime 2 Rate | Holiday Hours | Holiday Rate | Other/Exempt Hours | Other/Exempt Rate | Differential Type | Differential Amt |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 11/23/2006 | | UNIF | AMERICAN BUILDINGS | AMERICAN BUILDIN | SECURITY OFFICER | | $6.00 | $6.00 | 6.0000 | | | | | 6.00 | $9.00 | 14.00 | $0.25 | | |
| 11/23/2006 | | EMP | AMERICAN BUILDINGS | AMERICAN BUILDIN | SECURITY OFFICER | | $6.00 | $6.00 | 6.0000 | | | | | 8.00 | $9.00 | | | | |
| 11/24/2006 | 06:00-14:00 | UNIF | AMERICAN BUILDINGS | AMERICAN BUILDIN | SECURITY OFFICER | 8.00 | $6.00 | | 6.0000 | | | | | | | 8.00 | $0.25 | | |
| 11/24/2006 | 06:00-14:00 | EMP | AMERICAN BUILDINGS | AMERICAN BUILDIN | SECURITY OFFICER | 6.00 | $6.00 | | 6.0000 | | | | | | | 6.00 | $0.25 | | |
| 11/25/2006 | | UNIF | AMERICAN BUILDINGS | AMERICAN BUILDIN | SECURITY OFFICER | | $6.00 | $6.00 | 6.0000 | | | | | | | 6.00 | $0.25 | | |
| 11/26/2006 | 06:00-12:00 | UNIF | AMERICAN BUILDINGS | AMERICAN BUILDIN | SECURITY OFFICER | 6.00 | $6.00 | | 6.0000 | | | | | | | | | | |
| 11/26/2006 | 06:00-12:00 | EMP | AMERICAN BUILDINGS | AMERICAN BUILDIN | SECURITY OFFICER | 2.00 | $6.00 | | 6.0000 | | | | | | | 2.00 | $0.25 | | |
| 11/27/2006 | | UNIF | AMERICAN BUILDINGS | AMERICAN BUILDIN | SECURITY OFFICER | 6.00 | $6.00 | | 6.0000 | | | | | | | 6.00 | $0.25 | | |
| 11/27/2006 | 22:00-00:00 | EMP | AMERICAN BUILDINGS | AMERICAN BUILDIN | SECURITY OFFICER | | $6.00 | | 6.0000 | | | | | | | | | | |
| 11/28/2006 | 00:00-06:00 | UNIF | AMERICAN BUILDINGS | AMERICAN BUILDIN | SECURITY OFFICER | 6.00 | $6.00 | | 6.0000 | | | | | | | | | | |
| 11/28/2006 | | EMP | AMERICAN BUILDINGS | AMERICAN BUILDIN | SECURITY OFFICER | | $6.00 | | 6.0000 | | | | | | | 2.00 | $0.25 | | |
| 11/29/2006 | 22:00-00:00 | UNIF | AMERICAN BUILDINGS | AMERICAN BUILDIN | SECURITY OFFICER | 2.00 | $6.00 | | 6.0000 | | | | | | | | | | |

Subtotal WELLS, ETHEL
Hours: 30.00   0.00   0.00   14.00   44.00
Amount: $180.00   $0.00   $0.00   $126.00   $11.00   TOTAL $317.00

Subtotal
Hours: 138.00   6.00   0.00   24.00   168.00
Amount: $825.60   $54.00   $0.00   $216.00   $42.00   TOTAL $1,137.60

Grand Total
Hours: 138.00   6.00   0.00   24.00   168.00
Amount: $825.60   $54.00   $0.00   $216.00   $42.00   TOTAL $1,137.60