RECEIVED
2007 AUG -3  A 11: 52

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

ROGER REEVES,            )
                         )
            Plaintiff,   )
                         )
v.                       )   CIVIL ACTION FILE
                         )   NO. 1:07-CV-616-MHT-SRW
DSI SECURITY SERVICES,   )
AMERICAN BUILDINGS, INC., and )
EEOC,                    )
                         )
            Defendants.  )

## DEFENDANT AMERICAN BUILDING COMPANY'S MEMORANDUM OF LAW IN SUPPORT OF PRE-ANSWER MOTION TO DISMISS TITLE VII CLAIM

COMES NOW Defendant American Buildings Company ("American Buildings"), misnamed as American Buildings, Inc. in the Complaint, pursuant to Fed. R. Civ. P. 12(b)(6), and moves the Court to dismiss Plaintiff's Title VII claim against the company, on the following grounds.

I.    **STATEMENT OF FACTS.**[1]

According to his Complaint and the EEOC Charge of Discrimination attached thereto, Plaintiff, proceeding *pro se*, is employed by Defendant DSI Security Services ("DSI") as a security guard, and has worked through DSI as a

---

[1] As required by Rule 12, this Statement of Facts is taken from allegations in Plaintiff's Complaint, and is adopted for purposes of this Motion only.

~Doc# 691793.01~

guard at the Eufaula, Alabama facility of Defendant American Buildings.[2] Plaintiff's EEOC Charge attached to the Complaint names only DSI as "the Employer [ ] that I Believe Discriminated Against Me or Others." *See id.* His Complaint is based on that Charge, and alleges he has been discriminated against based on his race and religion in violation of Title VII, by virtue of DSI's alleged failure to give him a raise. (Plaintiff's Complaint also alludes to alleged harassment, but his Charge did not make that allegation.)

Plaintiff did not name American Buildings as his employer in his EEOC Charge, or otherwise identify the company in the Charge. *Id.* He does not contend in his Charge or Complaint that American Buildings or DSI are identical or related, and at paragraph 2 of his Complaint notes that the companies are at separate addresses, and have different numbers of employees. Plaintiff served his Summons and Complaint on both companies separately, at different addresses. *See* Summons.

II.    **STANDARD OF REVIEW.**

In considering a motion to dismiss, a court takes the facts alleged by the plaintiff as true, and construes the complaint in the plaintiff's favor. *Mann v.*

---

[2] In reviewing a motion to dismiss, a court may consider "the face of the complaint and attachments thereto". *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1368 (11th Cir. 1997); *Dubisar-Dewberry v. Folmar*, 883 F. Supp. 648, 651 n.4 (M.D. Ala. 1995).

*Gannett Co.*, 2007 U.S. Dist. LEXIS 42021, *2 (Jun. 8, 2007) (Thompson. J.) To survive a motion to dismiss, a complaint need not contain detailed factual allegations, but must plead enough facts to state a claim to relief that is plausible on its face. *Id.* (citing *Bell Atl. Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1964 (2007)).

### III. ARGUMENT.

"Ordinarily, a party not named in the EEOC charge cannot be sued in a subsequent civil action." *Virgo v. Riviera Beach Assocs.*, 30 F.3d 1350, 1358 (11th Cir. 1994). But "[w]here the purposes of the [Civil Rights] Act are fulfilled, a party unnamed in the EEOC charge may be subjected to the jurisdiction of federal courts." *Id.*[3]

Courts facing the situation at bar, therefore, must determine if the purposes behind the requirement of naming a party in the charge are met despite the plaintiff's failure to take that step. *Id.* To determine whether the purposes of Title VII are met, courts weigh several factors including: (1) the similarity of interest between the named party and the unnamed party; (2) whether the plaintiff could

---

[3] In addition, an EEOC charge against one defendant may provide sufficient notice to another unnamed defendant (and thus allow suit against the second) if the two defendants are closely related entities. *Whitson v. Staff Acquisition, Inc.*, 41 F.Supp.2d 1294 (M.D. Ala. 1999) (Thompson, J.). In making this inquiry, courts ascertain whether there are interrelations of operations, common management, centralized control of labor relations, and common ownership and financial control. *Id.* As Plaintiff makes it clear in his Complaint that DSI and American Buildings are two separate companies, this inquiry is not necessary in this case.

3

have ascertained the identity of the unnamed party at the time the EEOC charge was filed; (3) whether the unnamed party received adequate notice of the charges; (4) whether the unnamed party had an adequate opportunity to participate in the conciliation process; and (5) whether the unnamed party actually was prejudiced by its exclusion from the EEOC proceedings. *Id.*

In *Virgo*, for example, one of the companies named in the plaintiff's EEOC charge was owned by an entity that was not named in the plaintiff's charge. After receiving a right to sue notice, the plaintiff sued the unnamed parent company as well as the named wholly owned company. The Eleventh Circuit found that the unnamed parent company had notice of the charge, by virtue of its ownership of the named company, and thus had a chance to conciliate it. Accordingly, the Court held that the unnamed company in *Virgo* was properly before the Court as a defendant.

By contrast, none of these factors weighs in favor of allowing the Title VII claim to proceed against American Buildings.

The first factor is the similarity of interest between the named party and the unnamed party. Plaintiff's Complaint makes clear that DSI and American Buildings are two separate companies. Plaintiff gives different addresses for each company, notes that they have different numbers of employees, and served both

4

separately with his Summons and Complaint. *See* Plaintiff's Complaint, ¶2 (discussing location and size of Defendants), Summons. Further, his frequent references to negotiations between DSI and American Buildings over the terms of DSI's contract with American Buildings make clear that the two companies have the normal arms' length relationship expected of separate entities. *See* Plaintiff's Complaint, ¶9 (spelling out nature of allegations against these Defendants).

The second factor also cuts against Plaintiff, because it is clear from his Complaint that he worked at the American Buildings site and so there is no reason he could not have known the identity of the company at the time he filed his Charge. *See* Plaintiff's Complaint, ¶10 (stating "the alleged illegal activity took place at American Building location. . .").

The third factor concerns notice to the unnamed party. As noted previously, the Charge was addressed only to DSI, and there is no indication in it or in the Complaint that American Buildings received notice of Plaintiff's claim until it received the Summons and Complaint a few weeks ago.

This in turn means that the fourth factor also weighs against Plaintiff, because American Buildings did not have a chance to participate in the conciliation process sponsored by the EEOC.

The fifth and final factor looks to prejudice to the unnamed party. American Buildings did not have any notice of Plaintiff's claim until it received this lawsuit, and thus one of the main purposes of Title VII - the opportunity to participate in conciliation and voluntarily comply with the requirements of Title VII – was not afforded to American Buildings. *See Virgo*, 30 F.3d at 1358.

In brief, as is apparent from Plaintiff's Charge and Complaint, Plaintiff did not name American Buildings in his EEOC Charge, and none of the factors weighed by courts in this situation militate in favor of allowing him to proceed on his Title VII claim against the company in spite of that failure.[4]

## IV.   CONCLUSION.

For the stated reasons, Plaintiff's Title VII claim against American Buildings should be dismissed with prejudice under Fed.R.Civ.P. 12(b)(6), and the company should be dismissed from this case.

---

[4] American Buildings has elected not to submit affidavits and other evidentiary support with its Motion, in light of the limitations imposed by Rule 12. But if the Court would prefer to hear this Motion as one for summary judgment under Rule 56, the company would submit affidavits and other documents to confirm all of these facts.

Respectfully submitted this 2nd day of August, 2007.

_____
Christopher S. Enloe
(ENL001)

Attorneys for American Buildings Company

NELSON MULLINS RILEY & SCARBOROUGH LLP
999 Peachtree Street, NE / 14th Floor
Atlanta, GA  30309-3964
(404) 817-6000 Telephone
(404) 817-6050 Facsimile

7

~Doc# 691793.01~

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| ROGER REEVES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION FILE |
| | ) NO. 1:07-CV-616-MHT-SRW |
| DSI SECURITY SERVICES, | ) |
| AMERICAN BUILDINGS, INC., and | ) |
| EEOC, | ) |
| Defendants. | ) |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served the within and foregoing **MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS** by depositing a copy of same in the United States Mail in a properly addressed envelope with sufficient postage affixed thereto to ensure delivery to the following:

Mr. Roger Reeves
B-12 Chattahoochee Court
Eufaula, AL 36027

DSI Security Services
600 West Adam Street
Dothan, AL 36303

This 2nd day of August, 2007.

_____
Chris Enloe

~Doc# 691793.01~