IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ROGER REEVES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:07CV616-MHT |
| | ) | |
| DSI SECURITY SERVICES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Upon consideration of the motion for summary judgment filed by defendant DSI Security Services on August 3, 2007 (Doc. # 15), it is

ORDERED that the plaintiff may respond to the motion for summary judgment on or before September 25, 2007. The defendant may file a reply brief on or before October 5, 2007.[1] The court will not consider any documents or evidence filed after the applicable deadline court except in exceptional circumstances.

It is further ORDERED that the parties are DIRECTED to provide the court with courtesy photocopies of their summary judgment briefs and evidentiary submissions on or before October 8, 2007.

In responding to a motion for summary judgment, the parties should make specific reference to the following provisions of Rule 56(e), Federal Rules of Civil Procedure:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by

---

[1] The motion will be submitted for decision without oral argument. Should the court determine that oral argument is necessary, a hearing date will be scheduled later.

>affidavits or as otherwise provided for in this rule, must set forth specific facts showing that there is a genuine issue for trial.

A party opposing a motion for summary judgment cannot rely only on his unsworn pleadings but must oppose the motion by filing sworn affidavits [2], depositions, or answers to interrogatories that set forth specific facts which demonstrate that there is a genuine issue of material fact for trial in this case. Failure to file sworn affidavits or other acceptable evidence as set forth in Rule 56(e) may result in this court accepting the moving party's evidence as the truth.[3] If documents are referred to in the opposing affidavits and have not been previously filed with the court, sworn or certified copies of those papers must be attached to the affidavits or served with them.

Failure to follow the requirements of Rule 56 regarding the proper way to oppose a motion for summary judgment may result in a recommendation of the Magistrate Judge that the motion be granted and that final judgment be entered in favor of the moving party without an evidentiary hearing.

It is further ORDERED that plaintiff may respond to the motions to dismiss filed by American Buildings, Inc. (Doc. # 18) and the EEOC (Doc. # 26) on or before October 1, 2007.

---

[2] An affidavit is a sworn statement in writing made under oath or on affirmation before a notary public or other authorized officer. The affidavit must be made on personal knowledge, set forth such facts as would be admissible in evidence, and show affirmatively that the affiant is competent to testify to the matters stated in the affidavit. A declaration under penalty of perjury that meets the requirements of 28 U.S.C. § 1746 is also an acceptable form of evidence.

[3] If the party opposing the motion is unable to present, by affidavit or declaration, facts essential to justify his opposition, then he must file a sworn statement as to why he is unable to do so.

It is further ORDERED that plaintiff is DIRECTED to show cause, on or before October 1, 2007 why "American Buildings Company" should not be substituted for "American Buildings, Inc." as the name of the defendant.

Done, this 10th day of September, 2007.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE