In the United States District Court
For the Middle District of Alabama
Southern Division

Motion

RECEIVED 2007 SEP 24 A 11:19
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

1:07-CV-616-MHT

## Motion to Set Aside Summary Judgement

Defendant DSI Security Service did not state the facts asserted. I did not say that DSI failed to Negotiate a Contractual Increase with American Building. I said they were not trueful and were fradulant and used deceptive schemes to keep from giving me a raise when they said the were negotiating and were not. Their lawyer In the ADR Process said that it was a one year Contract. Allen Wood had been stating all along with his secretary that it was a three year Contract. They were not truthful. EEOC did such an incomponent job that they did not gather information that showed what the white person salary was compared to mine during this five year period.

DSI and EEOC cause "economic" and "tangible" injury and showed a collusive and slanted view.

There is a implied covenant of good faith and fair dealing that states people will act in good faith and deal fairly without breaking their word, using shifty means to avoid obligations.

DSI did show discriminatory action during tenure on job by

(1) Assigning more hours to white employe (O.T. Hours) and not rotating hours.

(2) Showed retalitory and prejudice action while assigning DoubleShift to ~~person with~~ mother with five children on Thanksgiving day having her work from 10:00 PM to 2:00 PM the next day

(3) DSI was not truthful in EEOC document about my Religion. They said they did not know I had any special Religion. They knew from the first day of employment because I told them I wanted Sunday off. I had also requested Wednesday off and at the time was exchanging hours on Friday with another employee with their knowledge. They had a problem with my religion. The previous

employee was the same religion as I was and DSI stated they were trying to get rid of him when I started working. The previous employee was working for American Building when DSI took over.

(4) From Beginning of Employment management has shown a tendency to dislike the American Black. When I started to work there I was more qualified and more educated but I was given the less hours and a foreigner was given more hours (20 to 40 hours)

(5) Deception in Negotiations with me

## STANDARDS

The standard has been met to Prove Discrimination!

(1.) MEMBER of Protected Class
(2.) Qualified to Perform Job
(3) Subject to adverse employment Action (NO Raise) (FIVE YEARS)
(4) More then on inference of Race or religious discrimination

AN ADR mediator must show objectivity and Fairness according to standards set forth ny EEOC and the BAR Association (SEE ATTACHMENT). DSI or EEOC Showed neither

Since DSI has show a tendency to be prejudice against the American Black and his religion I move the motion for summary judgement be dropped. I further move that a motion for Summary judgement be declared in the Plaintiff favor on the Merits of the Case.

An Attach also shows case

Ghazzawi v. United States Postal Service
EEOC Appeal No. 01A15327 (April 23, 2002)

from the EEOC Digest Summer Quarter 2002

showing a case won by Plaintiff that is very similar. Other DOCUMENTS ENCLOSED

DSI has shown retalitory action since EEOC filing. They have assign hour to white person when stating they would get back to me and let me know schedule.

ALABAMA TORT LAW Chapter 20 & 21 STATES Several Laws against Companies using Fraud, Deception and Schemes. DSI broke these and EEOC Employer Laws in not Dearly fairly in negoiation with me. IN EEOC Digest it states that should be awarded when an employer is guilty of fraud, deception, and reckless disregard for these Laws. I am asking that Summary Judgement be set aside for DSI and granted for Plaintiff on Merit of Case.

I state under Penalty of Perjury that the afore information is correct.

9/21/07   Roger Reever
x Roger Reever

Signed this 21 day of Sept, 2007.

[notary signature]
Com Exp. 3-26-10

# Certificate of Service

I hereby certify on September 21, 2007 I filed with the Clerk of the Court and a copy of this Document was mailed postage paid to:

Jackson Lewis LLP
Park Place Towers Suite 650
2001 Park Place North
Birmingham, ALABAMA 35203

Nelson Mullins Riley
& Scarbrough LLP
999 Peachtree St. NE
14th Floor
Atlanta, GA 30309-396

Danielle J. Hayot
U.S. Equal Employment Opportunity Commission
Office of Legal Counsel
1801 L Street N.W.
Washington, D.C. 20507

Roger Reeves

9/21/2007
Roger Reeves

Motion    RECEIVED   1:07-CV-616-MHT

2007 SEP 24 A 11:19

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

## Motion to Set Aside Summary Judgement

Defendant DSI Security Service did not state the facts asserted. I did not say that DSI failed to Negotiate a Contractual Increase with American Building. I said they were not trueful and were fradulant and used deceptive schemes to keep from giving me a raise when they said they were negotiating and were not. Their lawyer in the ADR Process said that it was a one year contract. Allen Wood had been stating all along with his secretary that it was a three year contract. They were not truthful. EEOC did such an incomponent job that they did not gather information that showed what the white person salary was compared to mine during this five year period.

DSI and EEOC cause "economic" and "tangible" Injury and showed a collusive and slanted view.

There is a implied covenant of good faith and fair dealing that states people will act in good faith and deal fairly without breaking their word, using shifty means to avoid obligations.

DSI did show Discriminatory Action, During tenure on JOB BY

(1) Assigning more hours to white employe (O.T. Hours) and not rotating hours.

(2) Showed retalitory and prejudice action while assigning Double Shift to ~~person with 5~~ mother with five children on Thanksgiving day having her work from 10:00 PM to 2:00 PM the next day

(3) DSI was not truthful in EEOC Document about my Religion. They said they did not know I had any special Religion. They knew from the first Day of employment because I told them I wanted Sunday off. I had also requested Wednesday off and at the time was exchanging hours on Friday with another employee with their knowledge. They had a problem with my religion. The previous

employee was the same religion as I was and DSI stated they were trying to get rid of him when I started working. The previous employee was working for American Building when DSI took over.

(4) From Beginning of Employment management has shown a tendency to dislike the American Black. When I started to work there I was more qualified and more educated but I was given the less hours and a foreigner was given more hours (20 to 40 hours)

(5) Deception in Negotiations with me

STANDARDS

The standard has been met to Prove Discrimination!

(1.) MEMBER of Protected Class
(2.) Qualified to Perform JOB
(3.) Subject to adverse employment Action (NO Raise) (FIVE YEARS)
(4) More then one instance of Race or religious discrimination

An ADR mediator must show objectivity and fairness according to standards set forth by EEOC and the BAR Association (SEE ATTACHMENT). DSI or EEOC Showed neither

Since DSI has show a tendency to be prejudice against the American Black and his religion I move the notion for summary judgement be dropped.

I further move that a motion for summary judgement be declared in the Plaintiff favor on the Merits of the case.

An Attach also shows case

Ghazzawi v. United States Postal Service
EEOC Appeal No. 01A15327 (April 23, 20002)

from the EEOC Digest Summer Quarter 2002

showing a case won by Plaintiff that is very similar. Other documents enclosed

DSI has shown retalitory action since EEOC filing. They have assign hour to white person when stating they would get back to me and let me know schedule.

ALABAMA TORT LAW Chapter 20 & 21 STATES Several Laws against Companies using Fraud, Deception and Schemes. DSI broke these and EEOC Employer Laws in not Dearly fairly in negoiation with me. IN EEOC Digest it states that should be awarded when an employer is guilty of fraud, deception, and reckless disregard for these Laws. I am asking that Summary Judgement be set aside for DSI and granted for Plaintiff on Merit of Case.

I state under Penalty of Perjury that the afore information is correct.

9/21/07   Roger Reever
X Roger Reever

Signed this 21 day
of Sept, 2007.

[notary signature]
Com Exp. 3-26-10

# Certificate of Service

I hereby certify on September 21, 2007 I filed with the Clerk of the Court and a copy of this Document was mailed postage paid to:

Jackson Lewis LLP
Park Place Towers Suite 650
2001 Park Place North
Birmingham, ALABAMA 35203

Nelson Mullins Riley
& Scarbrough LLP
999 Peachtree St. NE
14th Floor
Atlanta, GA 36369-396

Danielle J. Hayot
U.S. Equal Employment Opportunity Commission
Office of Legal Counsel
1801 L Street N.W.
Washington, D.C. 20507

Roger Reeves

9/21/2007
Roger Reeves

Ethics and Confidentiality
In Chapter 3 of the Management Directive MD-110, the EEOC established general ethical requirements for neutrals to follow in resolving EEO disputes in the federal sector. The neutral has a duty to the parties to be neutral, honest, and act in good faith. In addition, the neutral must ensure that the ADR proceedings are confidential, consistent with the Administrative Dispute Resolution Act, 5 U.S.C. § 574.

Interagency ADR Working Group, Confidentiality Guidance
http://www.usdoj.gov/adr
Association for Conflict Resolution, Model Standards of Practice for Mediators
http://www.mediate.com/articles/spidrstds.cfm
Federal Mediation & Conciliation Service, Mediator Code of Conduct
http://www.fmcs.gov/internet/itemDetail.asp?categoryID=100&itemID=15987
A Guide for Federal Employee Mediators (new ethics guidance - May 9, 2006)
http://www.adr.gov/pdf/final_manual.pdf
Draft of Uniform Mediation Act (Oct 2001)
http://www.mediate.com/articles/umaoctober.cfm

Untitled

1. SUBJECT: Equal Employment Opportunity Commission's Alternative Dispute Resolution Policy Statement

2. PURPOSE: This policy statement sets out the Commission's policy on Alternative Dispute Resolution

3. EFFECTIVE DATE: Upon receipt

4. EXPIRATION DATE: As an exception to EEOC Order 205.001, Appendix 6, Attachment 4, a(5), this Notice will remain in effect until rescinded or superseded.

5. ORIGINATOR: Legal Services, Office of Legal Counsel

6. INSTRUCTIONS: File in Volume 11 of the Compliance Manual.

7. SUBJECT MATTER.

Any ADR enterprise developed and implemented by the EEOC must be fair to the participants. both in perception and reality. Fairness should be manifested throughout all Commission ADR proceedings by incorporating each of the core principles identified in this policy as well as by providing as much information about the ADR proceeding to the parties as soon as possible. Fairness requires that the Commission provide the opportunity for assistance during the proceeding to any party who is not represented. Fairness also requires that any Commission-sponsored program include the following elements:

employeerights

If you have an employment contract, you are not an at-will employee. The employment contract will generally define the reasons for which you can be terminated – usually, for "just cause" or other "legitimate, job related reasons. However, if your contract specifically states you are an employee at-will, you fall under the same rules as an at-will employee – you can be fired for any reason.

Employment contracts do not have to be in writing, however. An employment contract can be written or oral, or even based on a promise made by your employer, such as a promise that you wouldn't be fired, that your job would be secure, of a promise that you'd be working for a certain period of time.

Employment contracts take many different forms. All employees at a company may be asked to sign the same form contract, or each employee may have a contract with the employer that is applicable just to his or her employment agreement. An employer and an employee may simply have an oral agreement regarding the kind of work the employee will do, for how long, and at what rate of pay. Sometimes there is no written or oral agreement but the behavior of the employer and the employee can be viewed as an implied employment contract.

What Is A Covenant Of Good Faith And Fair Dealing
The covenant of good faith and fair dealing is found in every employment relationship, either pursuant to an employment at will or per a written employment agreement. In many cases, courts reason that such a covenant is implied in law. Filner v. Shapiro, 633 F.2d 139 (2d Cir.1980). The covenant of good faith and fair dealing "precludes each party from engaging in conduct that will deprive the other party of the benefits of their agreement." Id. (i.e. the bargain).

In essence, the covenant mandates that each party to an employment agreement (written contract or one at will), must act reasonably with the other party. If one party intentionally and negligently does some act that they knowingly or should have known would cause a detriment to the other, then the covenant has been breached. In many legal cases, this claim is asserted by an employee who claims he or she is owed wages, bonuses, or other compensation, which was unreasonably denied. In addition, the claim can be founded upon a wrongful termination of employment or benefits. However, the claim for a breach of the covenant cannot be maintained in instances where some other statutory protection is available, such as the Age Discrimination in Employment Act (ADEA) or some other federal, and state, statutes. Jurisdictions vary on the availability of this claim in light of other statutory protections.

Damages caused by the breach often are the financial loss caused by the breach. However, damages in employment cases must always be mitigated by the party asserting the breach of the covenant. What this means is that the employee must in good faith make reasonable and documented attempts to obtain the other benefits or compensation from third parties (i.e. new employment). The courts will examine the difference between the mitigation amount and the actual loss caused by the breach of the covenant.

eeoc
The DIGEST Of Equal Employment Opportunity Law
Volume XIII, No. 3

Office of Federal Operations

Summer Quarter 2002

Discrimination Found. Complainant was discriminated against, based on national origin (Arab/Egyptian), and religion (Muslim), when he was not selected for two agency positions. The Commission also awarded complainant $75,000 in non-pecuniary damages and reimbursement for proven medical expense. Ghazzawi v. United States Postal Service EEOC Appeal No. 01A15327 (April 23, 2002).

Pretext
Pretext Found. The Commission found that the agency's reason for not promoting complainant during his detail as a Garbage Truck Driver (a delay in paperwork and a lack of agency funds), was unworthy of belief. The agency official in charge of processing the paperwork averred that he was processing the necessary paperwork and that complainant could be paid at the higher rate. However, the agency was unable to prove that it even began processing the paperwork. Further, complainant's immediate supervisors obstructed his being paid at the higher rate. The Commission found, accordingly, that the agency discriminated against complainant based on race, color, and retaliation. Ford v. Department of the Army, EEOC Request No. 05980506 (December

. When the Commission orders an award of Back Pay, what does it mean?

Back Pay is an equitable remedy that includes monetary benefits and all forms of compensation, reflecting fluctuations in working time, overtime, rates, penalty overtime, Sunday premium and night work, changing rates of pay, transfers, promotions, and privileges of employment. See Cass v. Department of Veterans Affairs, EEOC Petition No. 04A10014 (March 14, 2002).

2. What is meant by an equitable remedy?

An equitable remedy is "make whole relief" designed to restore the complainant as much as possible to the position he/she would have been in absent discrimination. See Finlay v. United States Postal Service, EEOC Appeal No. 01942985 (April 29, 1997) (citing Albemarle Paper Co. v. Moody, 422 U.S. 405 (1975)).The burden of limiting the remedy rests on the agency. Finlay supra.

3. Where does the Commission get its authority to award back pay?

EEOC's authority to award back pay is derived from the remedial provisions of Title VII of the Civil Rights Act of 1964, as amended, and, by analogy, the Rehabilitation Act of 1973, as amended. See Ferguson v. United States Postal Service, EEOC Request No. 05880848 (May 8, 1990).

6. What are liquidated damages?

Page 1

ON

:nefits.

"Solely" for Seeking

plicable to a Medical

·ehension of Layman.

## Table of Contents

§ 18.1  Duty.
§ 18.2  Breach of Duty.
§ 18.5  Statute of Limitations.

### CHAPTER 19   PRODUCTS LIABILITY

§ 19.0   Historical Development.
§ 19.1   Elements of the Alabama Extended Manufacturer's Liability Doctrine.
§ 19.3   Meaning of "Product."
§ 19.4   Meaning of "Sale."
§ 19.5   Meaning of "Defective, Unreasonably Dangerous."
    § 19.5.1   Flaw in the Product.
    § 19.5.2   Defective Design.
    § 19.5.3   Marketing Defects.
§ 19.6   Meaning of "Without Substantial Change."
§ 19.8   Defense of No Causal Relation.
§ 19.9   Contributory Negligence, Assumption of Risk or Product Misuse.
§ 19.10  Statute of Limitations.
§ 19.11  Corporate Successors to Manufacturers.
    § 19.11.1  Causation and Damages.
§ 19.12  Damage to Product Itself.
§ 19.13  Preemption.

### CHAPTER 20   FRAUD AND RELATED ACTIONS

§ 20.0   Introduction.
§ 20.1   Pleadings.
§ 20.2   Relationship of Contract and Fraud.
    § 20.2.1   Fraud and ERISA.
    § 20.2.2   Effect of Predispute Arbitration Clauses.
§ 20.3   Misrepresentations of Existing Fact.
§ 20.4   Falsity of the Facts Represented.
§ 20.5   Representations of Law.
§ 20.6   Representations of Opinion.
§ 20.8   Identity of Representee.
§ 20.9   Materiality of the Facts Represented.
§ 20.10  Reasonable or Justifiable Reliance.
    § 20.10.1  Necessity of Reliance.
    § 20.10.3  1989 Justifiable Reliance.

## Table of Contents

§ 20.10.4  1997 Return to Reasonable Reliance Standard.
§ 20.11  Injury to the Plaintiff.
§ 20.12  State of Mind of the Defendant.
  § 20.12.2  Reckless Misrepresentations.
  § 20.12.3  Intentional Misrepresentations.
§ 20.13  Evidence of Fraudulent Intent.
  § 20.13.1  Direct Evidence Defendant Knew the Truth of the Matter Misrepresented.
  § 20.13.2  Failure to Perform the Promises and Representations.
  § 20.13.3  Conduct by the Defendant Outside Plaintiff's Presence Inconsistent with his Intention to Honor Plaintiff's Rights.
  § 20.13.5  Statements by the Defendant Relative to His Intentions.
  § 20.13.6  Defendant's Deceptive or Unreasonable Conduct Toward Others.
§ 20.14  State of Mind of an Agent.
§ 20.15  Representations or Promises Relating to Future Acts.
§ 20.16  Suppression of Material Facts.
  § 20.16.1  Confidential Relations Requiring Duty to Disclose.
  § 20.16.2  Particular Circumstances Requiring Duty to Disclose.
§ 20.17  Evidence of Relationships Requiring Duty to Disclose.
  § 20.17.1  Vendees and Vendors (or Realtors) of Real Estate or Interests Therein.
  § 20.17.3  Buyers and Sellers of Products.
  § 20.17.4  Insurers and Claimants.
  § 20.17.5  Financial Institutions or Lenders and Borrowers or Customers.
§ 20.18  Compensatory Damages.
  § 20.18.2  Property Value Differential.
  § 20.18.3  Mental Suffering.
  § 20.18.4  Lost Profits.
  § 20.18.5  Attorney Fees.
§ 20.19  Punitive Damages.
§ 20.20  Statute of Limitations.
§ 20.21  Fraudulent Conveyances or Transfers.
  § 20.21.1  Pre-1990 Fraudulent Conveyances Law.
  § 20.21.2  1990 Fraudulent Transfers Law.
§ 20.22  Consumer Protection Statutes.
  § 20.22.1  Deceptive Trade Practices Act.
    § 20.22.1.1  Sweepstakes Solicitations.
  § 20.22.2  Telecommunication Statutes.

§ 20.22.3
§ 20.22.4

**CHAPTER 21  BA**

§ 21.0   Historical D
§ 21.1   Insurance C
§ 21.2   Intentional
§ 21.3   Absence of
§ 21.4   Insurer's St
         or Intention
§ 21.5   Damages.
§ 21.9   Preemption
§ 21.10  Excess Jud

**CHAPTER 22  IN**

§ 22.0   Historical
§ 22.1   Forms of
  § 22.1.1
  § 22.1.2
  § 22.1.3
  § 22.1.4
§ 22.2   Damages

**CHAPTER 23  T**

§ 23.0   Historica
§ 23.1   Employm
§ 23.2   Workers'
§ 23.3   Insurance
§ 23.4   Cases In
§ 23.5   Public D
§ 23.6   Statute c

**CHAPTER 24**

§ 24.0   Introduc
  § 24.0.1
§ 24.1   Words

*Table of Contents*

§ 20.22.3  Motor Vehicle Lemon Law Rights.
§ 20.22.4  Private Remedies Under Alabama Securities Law.

## CHAPTER 21  BAD FAITH

§ 21.0   Historical Development.
§ 21.1   Insurance Contract Between the Parties and Breach.
§ 21.2   Intentional Refusal to Pay.
§ 21.3   Absence of a Debatable Reason.
§ 21.4   Insurer's State of Mind—Actual Knowledge of Absence of Debatable Reason or Intentional Failure to Determine Whether There is Debatable Reason.
§ 21.5   Damages.
§ 21.9   Preemption by ERISA.
§ 21.10  Excess Judgment or Refusal-to-Settle Cases.

## CHAPTER 22  INVASION OF PRIVACY

§ 22.0   Historical Development.
§ 22.1   Forms of Invasion of Privacy.
    § 22.1.1  Wrongful Intrusion.
    § 22.1.2  Publication Which Violates Ordinary Decencies.
    § 22.1.3  Putting the Plaintiff in a False But Not Necessarily Defamatory Position in the Public Eye.
    § 22.1.4  The Appropriation of Some Element of Plaintiff's Personality.
§ 22.2   Damages for Invasion of Privacy.

## CHAPTER 23  TORT OF OUTRAGE

§ 23.0   Historical Development.
§ 23.1   Employment.
§ 23.2   Workers' Compensation Claims.
§ 23.3   Insurance Claims.
§ 23.4   Cases Involving Burial and Dead Bodies.
§ 23.5   Public Duty and Other Cases.
§ 23.6   Statute of Limitations.

## CHAPTER 24  DEFAMATION

§ 24.0   Introduction.
    § 24.0.1  Distinguishing Between Libel and Slander.
§ 24.1   Words or Communication Actionable or Defamatory.

(Rel.2002s–9/02 Pub.66645)

ard.

Truth of the Matter

:sentations.
s Presence Inconsistent
hts.
Iis Intentions.
onduct Toward Others.

Disclose.
o Disclose.

eal Estate or Interests

owers or Customers.

(Rel.2002s–9/02 Pub.66645)