**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| ROGER REEVES, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. |
| ) | 1:07CV616-MHT |
| ) | |
| v. ) | |
| ) | |
| DSI SECURITY SERVICES *et al.*, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**DEFENDANT DSI SECURITY SERVICES, INC.'S**
**REPLY TO PLAINTIFF'S MOTION TO SET ASIDE (*i.e.* RESPONSE) TO**
**MOTION FOR SUMMARY JUDGMENT**

Defendant DSI Security Services, Inc. ("DSI") replies to plaintiff's Motion to Set Aside (*i.e.* his response) to DSI's motion for summary judgment as follows:

1.  Plaintiff asserts that DSI was "not trueful [sic] and [was] fraudulent and used deceptive schemes" to prevent him from receiving a raise, as evidenced by the (alleged) fact that during EEOC mediation, DSI's in-house counsel stated that DSI had a one-year contract with defendant American Buildings, while the manager of the American Building plant where plaintiff was assigned told him that the companies had a three-year contract (Pl. Response, at p. 1). Even if that were true, such events in no way demonstrate that any action was taken toward plaintiff because of his race. As set forth in DSI's motion for summary judgment and supporting brief, *all* security guards

assigned by DSI to American Buildings have received the same rate of pay throughout plaintiff's employment. Plaintiff has offered no evidence, or even argument, contradicting this fact, thereby negating the existence of any similarly-situated yet favorably-treated white comparator on plaintiff's pay claim. Because plaintiff has offered nothing else demonstrating, or even suggesting, that any action taken toward him was race-based, his claims are due to be dismissed as a matter of law.

2. Plaintiff next asserts that "[t]here is an implied covenant of good faith and fair dealing that states people will act in good faith and deal fairly without breaking their word, using shifty means to avoid obligations" (Pl. Response, at p. 2). First, plaintiff has not asserted a claim for a breach of the covenant of good faith and fair dealing and even if he had, such a claim likewise would fail because no such claim exists under Alabama law between an at-will employee and his employer. See Hanson v. New Technology, Inc., 594 So. 2d 96, 99 (Ala. 1992) (noting that at-will employee cannot bring claim for implied breach of covenant of good faith and fair dealing against his employer where no contract existed between the two); accord Wyant v. Burlington Northern & Santa Fe Ry., 210 F. Supp. 2d 1263, 1295 (N.D. Ala. 2002).

3. Plaintiff contends that DSI discriminated against him by (a) giving more hours to a white employee and (b) "show[ing] retalitory [sic] and prejudice[d] action while assigning [a] double-shift to a mother with five children on Thanksgiving day [and] having her work from 10:00 [a.m.] to 2:00 p.m. the next day (Pl. Response, at p.

2

2). While a disparate assignment of hours could amount to an adverse employment action, plaintiff never asserted such a claim in either his EEOC charge or his judicial Complaint. The failure to administratively exhaust such a claim alone requires that it be dismissed. "No action alleging a violation of Title VII may be brought unless the alleged discrimination has been made the subject of a timely-filed EEOC charge." Jerome v. Marriott Residence Inn, 211 Fed. Appx. 844, 846 (11th Cir. 2006). As to plaintiff's second contention, again, assuming DSI took such action it in no way demonstrates race discrimination toward plaintiff.

    4.    Plaintiff also asserts that DSI was untruthful in its response to plaintiff's EEOC charge because in fact it was aware of his religion. Plaintiff further intimates in support of his religious discrimination claim that DSI "was trying to get rid of" another employee, whom plaintiff claims is the same religion. Of course, plaintiff does not assert that DSI took any actual adverse action against this purported employee. Regardless, what plaintiff has not shown, and cannot show, is that with respect to his pay rate he was treated differently than *any* other DSI employee assigned to the American Buildings plant. Because disparate pay is the only actionable adverse action plaintiff has alleged against DSI, his claim is due to be dismissed as a matter of law.

## **Conclusion**

For the reasons asserted herein, as well as those set forth in its motion for summary judgment and supporting brief, DSI is entitled to judgment as a matter of law on all of the claims plaintiff has asserted against it.

                                            Respectfully Submitted,

                                            /s/ David T. Wiley
                                        David T. Wiley (ASB-4051-Y54D)
                                        E-Mail: wileyd@jacksonlewis.com
                                        Tel:   (205) 332-3104
                                        Fax:  (205) 332-3131
                                        **JACKSON LEWIS LLP**
                                        Park Place Tower, Suite 650
                                        2001 Park Place North
                                        Birmingham, Alabama  35203

                                        **Attorney for Defendant**
                                        **DSI Security Services, Inc.**

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 28, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and that a copy will be delivered via the CM/ECF system upon the following counsel of record:

>Daniel M. Shea
>daniel.shea@nelsonmullins.com
>Christopher S. Enloe
>chris.enloe@nelsonmullins.com
>**NELSON MULLINS RILEY &**
>  **SCARBOROUGH, LLP**
>999 Peachtree Street, NE/14th Floor
>Atlanta, Georgia 30309-3964
>
>Danielle J. Hayot
>Equal Employment Opportunity Commission
>1801 L Street, NW
>Washington, D.C. 20507
>danielle.hayot@eeoc.gov

I further certify that a copy was served upon the following via First Class U.S. Mail, postage prepaid:

>Roger Reeves
>B-12 Chattahoochee Court
>Eufala, Alabama 36027

>　　　/s/ David T. Wiley　　　　　　
>　　　Counsel of Record