Roger Reeves
vs
DSI Security et al.

1:07cv0616-MHT

RECEIVED
2007 OCT -1 A 9:16
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

## MOTION TO NOT DISMISS Plaintiff CLAIM AND GIVE SUMMARY JUDGEMENT

I the Plaintiff in my original Compliant with EEOC included AMERICAN BUILDINGS Co. As a defendant in my Complaint. My Suit contends rightly so that EEOC did not aggressively persue my complaint with American Building. They were dropped from the Compliant.

In statement made by DSI attorney they went to Co. (American Buildings) and American Building said that the best they could come up with was $50 in January. American Building alledges that they had no knowledge of the suit. It is unbeliveable to believe that DSI would

(6) Preferring White person over Black work when seeking person to work

(7) Management not negotiating in good faith. Management did not provide raise in over five years but gave plant personel three on time raise showing disparity.

(8) Management did not like previous Religious Person that was same as myself. Many Employes (Truck Drivers) stated that he was not well like by management. It look as if Company change to Outside Guards to get rid of Religious Person.

(9) Management did not provide promise raise

not have told American Buildings that a Suit was pending and the very reasons why they would ask for a increase for the Guards. American Building had ample knowledge and opportunity to be a part of the conciliatory process. They could have offered a better raise than $.50 in five years. They prove with their offer that they were not looking for conciliation. American Building had ample opportunity and knowledge to participate if they would have wanted to. American Buildings has create a hostile work environment since the beginning of my tenure there.

(1) Having factory worker come out to inspect the mopped floor to embrasse me.
(2) No answering CB when I called or Delayed when Black call on CB
(3) Permitting worker to wear X sticker on Clothes
(4) Prejudice Statement about Bible
(5) Derrogatory Comments about mixed married couple

Because of these facts I am asking the Court to Grant me Summary Judgement in the American Building Matter and not Disgard my Compliant.

employeerights

If you have an employment contract, you are not an at-will employee. The employment contract will generally define the reasons for which you can be terminated – usually, for "just cause" or other "legitimate, job related reasons. However, if your contract specifically states you are an employee at-will, you fall under the same rules as an at-will employee – you can be fired for any reason.

Employment contracts do not have to be in writing, however. An employment contract can be written or oral, or even based on a promise made by your employer, such as a promise that you wouldn't be fired, that your job would be secure, of a promise that you'd be working for a certain period of time.

Employment contracts take many different forms. All employees at a company may be asked to sign the same form contract, or each employee may have a contract with the employer that is applicable just to his or her employment agreement. An employer and an employee may simply have an oral agreement regarding the kind of work the employee will do, for how long, and at what rate of pay. Sometimes there is no written or oral agreement but the behavior of the employer and the employee can be viewed as an implied employment contract.

What Is A Covenant Of Good Faith And Fair Dealing
The covenant of good faith and fair dealing is found in every employment relationship, either pursuant to an employment at will or per a written employment agreement. In many cases, courts reason that such a covenant is implied in law. Filner v. Shapiro, 633 F.2d 139 (2d Cir.1980). The covenant of good faith and fair dealing "precludes each party from engaging in conduct that will deprive the other party of the benefits of their agreement." Id. (i.e. the bargain).

In essence, the covenant mandates that each party to an employment agreement (written contract or one at will), must act reasonably with the other party. If one party intentionally and negligently does some act that they knowingly or should have known would cause a detriment to the other, then the covenant has been breached. In many legal cases, this claim is asserted by an employee who claims he or she is owed wages, bonuses, or other compensation, which was unreasonably denied. In addition, the claim can be founded upon a wrongful termination of employment or benefits. However, the claim for a breach of the covenant cannot be maintained in instances where some other statutory protection is available, such as the Age Discrimination in Employment Act (ADEA) or some other federal, and state, statutes. Jurisdictions vary on the availability of this claim in light of other statutory protections.

Damages caused by the breach often are the financial loss caused by the breach. However, damages in employment cases must always be mitigated by the party asserting the breach of the covenant. What this means is that the employee must in good faith make reasonable and documented attempts to obtain the other benefits or compensation from third parties (i.e. new employment). The courts will examine the difference between the mitigation amount and the actual loss caused by the breach of the covenant.

Page 1

Untitled

a) "Hostile Environment" Violates Title VII - The Court rejected the employer's contention that Title VII prohibits only discrimination that causes "economic" or "tangible" injury: "Title VII affords employees the right to work in an environment free from discriminatory intimidation, ridicule, and insult" whether based on sex, race, religion, or national origin. 106 S. Ct. at 2405. Relying on the EEOC's Guidelines' definition of harassment, 6 the Court held that a plaintiff may establish a violation of Title VII "by proving that discrimination based on sex has created a hostile or abusive work environment." Id. The Court quoted the Eleventh Circuit's decision in Henson v. City of Dundee, 682 F.2d 897, 902, 29 EPD ¦ 32,993 (11th Cir. 1982):

http://www.eeonews.com/news/race/index.html

Page 1

*Table of Contents*

§ 18.1   Duty.
§ 18.2   Breach of Duty.
§ 18.5   Statute of Limitations.

**CHAPTER 19   PRODUCTS LIABILITY**

§ 19.0   Historical Development.
§ 19.1   Elements of the Alabama Extended Manufacturer's Liability Doctrine.
§ 19.3   Meaning of "Product."
§ 19.4   Meaning of "Sale."
§ 19.5   Meaning of "Defective, Unreasonably Dangerous."
    § 19.5.1   Flaw in the Product.
    § 19.5.2   Defective Design.
    § 19.5.3   Marketing Defects.
§ 19.6   Meaning of "Without Substantial Change."
§ 19.8   Defense of No Causal Relation.
§ 19.9   Contributory Negligence, Assumption of Risk or Product Misuse.
§ 19.10  Statute of Limitations.
§ 19.11  Corporate Successors to Manufacturers.
    § 19.11.1  Causation and Damages.
§ 19.12  Damage to Product Itself.
§ 19.13  Preemption.

**CHAPTER 20   FRAUD AND RELATED ACTIONS**

§ 20.0   Introduction.
§ 20.1   Pleadings.
§ 20.2   Relationship of Contract and Fraud.
    § 20.2.1   Fraud and ERISA.
    § 20.2.2   Effect of Predispute Arbitration Clauses.
§ 20.3   Misrepresentations of Existing Fact.
§ 20.4   Falsity of the Facts Represented.
§ 20.5   Representations of Law.
§ 20.6   Representations of Opinion.
§ 20.8   Identity of Representee.
§ 20.9   Materiality of the Facts Represented.
§ 20.10  Reasonable or Justifiable Reliance.
    § 20.10.1  Necessity of Reliance.
    § 20.10.3  1989 Justifiable Reliance.

*Table of Contents*

*Table of Contents*

ard.

Truth of the Matter

:sentations.

s Presence Inconsistent
hts.

lis Intentions.

onduct Toward Others.

Disclose.

o Disclose.

eal Estate or Interests

owers or Customers.

§ 20.22.3  Motor Vehicle Lemon Law Rights.
§ 20.22.4  Private Remedies Under Alabama Securities Law.

**CHAPTER 21  BAD FAITH**

§ 21.0  Historical Development.
§ 21.1  Insurance Contract Between the Parties and Breach.
§ 21.2  Intentional Refusal to Pay.
§ 21.3  Absence of a Debatable Reason.
§ 21.4  Insurer's State of Mind—Actual Knowledge of Absence of Debatable Reason or Intentional Failure to Determine Whether There is Debatable Reason.
§ 21.5  Damages.
§ 21.9  Preemption by ERISA.
§ 21.10 Excess Judgment or Refusal-to-Settle Cases.

**CHAPTER 22  INVASION OF PRIVACY**

§ 22.0  Historical Development.
§ 22.1  Forms of Invasion of Privacy.
  § 22.1.1  Wrongful Intrusion.
  § 22.1.2  Publication Which Violates Ordinary Decencies.
  § 22.1.3  Putting the Plaintiff in a False But Not Necessarily Defamatory Position in the Public Eye.
  § 22.1.4  The Appropriation of Some Element of Plaintiff's Personality.
§ 22.2  Damages for Invasion of Privacy.

**CHAPTER 23  TORT OF OUTRAGE**

§ 23.0  Historical Development.
§ 23.1  Employment.
§ 23.2  Workers' Compensation Claims.
§ 23.3  Insurance Claims.
§ 23.4  Cases Involving Burial and Dead Bodies.
§ 23.5  Public Duty and Other Cases.
§ 23.6  Statute of Limitations.

**CHAPTER 24  DEFAMATION**

§ 24.0  Introduction.
  § 24.0.1  Distinguishing Between Libel and Slander.
§ 24.1  Words or Communication Actionable or Defamatory.

# Table of Contents

§ 20.10.4 1997 Return to Reasonable Reliance Standard.
§ 20.11 Injury to the Plaintiff.
§ 20.12 State of Mind of the Defendant.
　§ 20.12.2 Reckless Misrepresentations.
　§ 20.12.3 Intentional Misrepresentations.
§ 20.13 Evidence of Fraudulent Intent.
　§ 20.13.1 Direct Evidence Defendant Knew the Truth of the Matter Misrepresented.
　§ 20.13.2 Failure to Perform the Promises and Representations.
　§ 20.13.3 Conduct by the Defendant Outside Plaintiff's Presence Inconsistent with his Intention to Honor Plaintiff's Rights.
　§ 20.13.5 Statements by the Defendant Relative to His Intentions.
　§ 20.13.6 Defendant's Deceptive or Unreasonable Conduct Toward Others.
§ 20.14 State of Mind of an Agent.
§ 20.15 Representations or Promises Relating to Future Acts.
§ 20.16 Suppression of Material Facts.
　§ 20.16.1 Confidential Relations Requiring Duty to Disclose.
　§ 20.16.2 Particular Circumstances Requiring Duty to Disclose.
§ 20.17 Evidence of Relationships Requiring Duty to Disclose.
　§ 20.17.1 Vendees and Vendors (or Realtors) of Real Estate or Interests Therein.
　§ 20.17.3 Buyers and Sellers of Products.
　§ 20.17.4 Insurers and Claimants.
　§ 20.17.5 Financial Institutions or Lenders and Borrowers or Customers.
§ 20.18 Compensatory Damages.
　§ 20.18.2 Property Value Differential.
　§ 20.18.3 Mental Suffering.
　§ 20.18.4 Lost Profits.
　§ 20.18.5 Attorney Fees.
§ 20.19 Punitive Damages.
§ 20.20 Statute of Limitations.
§ 20.21 Fraudulent Conveyances or Transfers.
　§ 20.21.1 Pre-1990 Fraudulent Conveyances Law.
　§ 20.21.2 1990 Fraudulent Transfers Law.
§ 20.22 Consumer Protection Statutes.
　§ 20.22.1 Deceptive Trade Practices Act.
　　§ 20.22.1.1 Sweepstakes Solicitations.
　§ 20.22.2 Telecommunication Statutes.

*Table of Contents* (continued)
§ 20.22.3
§ 20.22.4
**CHAPTER 21 BA**
§ 21.0 Historical I
§ 21.1 Insurance C
§ 21.2 Intentional
§ 21.3 Absence of
§ 21.4 Insurer's St or Intention
§ 21.5 Damages.
§ 21.9 Preemption
§ 21.10 Excess Jud
**CHAPTER 22 IN**
§ 22.0 Historical
§ 22.1 Forms of
　§ 22.1.1
　§ 22.1.2
　§ 22.1.3
　§ 22.1.4
§ 22.2 Damages
**CHAPTER 23**
§ 23.0 Historica
§ 23.1 Employn
§ 23.2 Workers
§ 23.3 Insuranc
§ 23.4 Cases In
§ 23.5 Public I
§ 23.6 Statute
**CHAPTER 24**
§ 24.0 Introdu
　§ 24.0.
§ 24.1 Words

The DIGEST of Equal Employment Opportunity Law    eeoc
Volume XIII, No. 3

Office of Federal Operations

Summer Quarter 2002

Discrimination Found. Complainant was discriminated against, based on national origin (Arab/Egyptian), and religion (Muslim), when he was not selected for two agency positions. The Commission also awarded complainant $75,000 in non-pecuniary damages and reimbursement for proven medical expense. Ghazzawi v. United States Postal Service EEOC Appeal No. 01A15327 (April 23, 2002).

Pretext

Pretext Found. The Commission found that the agency's reason for not promoting complainant during his detail as a Garbage Truck Driver (a delay in paperwork and a lack of agency funds), was unworthy of belief. The agency official in charge of processing the paperwork averred that he was processing the necessary paperwork and that complainant could be paid at the higher rate. However, the agency was unable to prove that it even began processing the paperwork. Further, complainant's immediate supervisors obstructed his being paid at the higher rate. The Commission found, accordingly, that the agency discriminated against complainant based on race, color, and retaliation. Ford v. Department of the Army, EEOC Request No. 05980506 (December

. When the Commission orders an award of Back Pay, what does it mean?

Back Pay is an equitable remedy that includes monetary benefits and all forms of compensation, reflecting fluctuations in working time, overtime, rates, penalty overtime, Sunday premium and night work, changing rates of pay, transfers, promotions, and privileges of employment. See Cass v. Department of Veterans Affairs, EEOC Petition No. 04A10014 (March 14, 2002).

2. What is meant by an equitable remedy?

An equitable remedy is "make whole relief" designed to restore the complainant as much as possible to the position he/she would have been in absent discrimination. See Finlay v. United States Postal Service, EEOC Appeal No. 01942985 (April 29, 1997) (citing Albemarle Paper Co. v. Moody, 422 U.S. 405 (1975)).The burden of limiting the remedy rests on the agency. Finlay supra.

3. Where does the Commission get its authority to award back pay?

EEOC's authority to award back pay is derived from the remedial provisions of Title VII of the Civil Rights Act of 1964, as amended, and, by analogy, the Rehabilitation Act of 1973, as amended. See Ferguson v. United States Postal Service, EEOC Request No. 05880848 (May 8, 1990).

6. What are liquidated damages?

## Certificate of Service

I hereby Certify on Sept. 28, 2007 I filed with the Clerk of the Court and a Copy of this Document was mailed to

Nelson Mullins Riley
& Scarbrough h LLP
999 Peachtree St. N.E.
14th Floor
Atlanta, GA. 30309

Signed this 28. day
of Sept. 2007

[signature]
Comm Exp - 3/26/10

9/28/07

9/28/07

[signature] Roger Reeves
[signature] Roger Reeves
Roger Reeves

Arbitration can be subject to judicial review under Section 10(b) [2] of title 9.

EEOC through mediation does not have an implied right to break the law at will.

Under Title 9 decision Arbitrators can be under judicial review as per Document enclosed.

My Complaint should not be dismissed for failure to state a Claim. Only when plaintiff could not prove any facts could such a Claim be dismissed as per Document.

Evidence Support to Defeat Summary Judgement is also given in term(dictionary) at end of motion