IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| ROGER REEVES, <br><br> Plaintiff, <br><br> V. <br><br> DSI SECURITY SERVICES et. al., <br><br> Defendants. | CIVIL ACTION NO: 1:07-CV-616-MHT |

**DEFENDANT EEOC'S REPLY TO PLAINTIFF'S RESPONSE TO EEOC MOTION TO DISMISS**

Defendant EEOC replies to plaintiff's response to EEOC's motion to dismiss as follows:

1.  Plaintiff states he was "deprived of an impartial and fair ADR process." *See* Plaintiff Response at pg. 1. As stated in EEOC's Motion to Dismiss, filed on September 6, 2007, in the event that a complainant is dissatisfied with the EEOC's handling of his or her Title VII charge, the express remedy provided by the statute is to file a de novo action against the employer in federal district court. 42 U.S.C. § 2000e-5(f)(1). Nowhere in Title VII are complainants who are dissatisfied with the EEOC's processing and investigation procedures expressly authorized to file suit against the

1

EEOC. In addition, Plaintiff cannot show that an implied remedy under Title VII is available. The central question in determining whether a federal statute implicitly authorizes a cause of action is whether the statutory scheme is consistent with the inference that Congress intended to create the remedy that the plaintiff seeks to invoke (here, a suit against the EEOC in its role as the enforcement agency). *Northwest Airlines, Inc. v. Transp. Workers Union of Am.*, 451 U.S. 77, 91 (1981); *Transamerica Mortgage Advisors, Inc. v. Lewis*, 444 U.S. 11, 15-17 (1979). Far from being consistent with such an inference, the statutory scheme and legislative history show that it clearly would be inconsistent with legislative intent to imply remedies against defendant EEOC under Title VII because Congress created an explicit remedy: a de novo cause of action against the alleged discriminating employer. *See* EEOC's Motion to Dismiss, pg. 6-10.

      2.     Plaintiff asserts that he suffered monetary loss and that the EEOC is subject to all "law and rules" as "other Companies, Persons, and Organizations." *See* Plaintiff Response at pg. 1-2. Insofar as Plaintiff is seeking monetary damages from the EEOC, his claim is barred by sovereign immunity. The EEOC is a federal agency and therefore protected against civil suit by sovereign immunity. It is well established that the United States cannot be sued unless sovereign immunity has been waived by statute. *United States v. Mitchell*, 445 U.S. 535, 538 (1980); *United States v. Sherwood*, 312 U.S. 584, 586 (1941). A federal court is without jurisdiction to entertain a suit against the United States or a federal agency for monetary damages unless there has been a waiver of sovereign immunity. *United States v. Testan*, 424 U.S. 392 (1976). There has been no waiver here. Plaintiff has not cited any statute which allows an individual to sue EEOC

2

for damages in connection with its enforcement of the anti-discrimination laws and EEOC is unaware of any such statute.

   3.  Plaintiff cites to *Alexander v. Gardner-Denver*, 415 U.S. 36 (1974) to support his claim that a "Title VII dispute can go to court." *See* Plaintiff Response at pg. 2. However, Plaintiff misconstrues the holding in this case. *Alexander v. Gardner-Denver* stands for the proposition that a charging party does not lose his right under Title VII to a de novo review of his discrimination claim in federal district court against his employer simply by engaging in arbitration as governed by a collective bargaining agreement between the Plaintiff and his employer. The case does *not* state that a Plaintiff, who is not an applicant or employee of the EEOC, can sue the EEOC under Title VII for alleged faulty processing of a charge, as Plaintiff implies.

   4.  Plaintiff asserts that the EEOC allegedly removed guidelines and procedures "to take against a bad ADR mediator" previously available on its website. Plaintiff claims these guidelines and procedures were removed by the EEOC "in defiance and with retaliatory actions." It is unclear what guidelines Plaintiff is referring to or if such guidelines ever existed, since the EEOC is not aware of such guidelines and has never asserted that a charging party can sue the EEOC if unsatisfied with the processing of a charge. It is therefore highly illogical that the EEOC would post such guidelines on its website.

   5.  The Plaintiff states that "arbitration can be subject to judicial review under Section 10(b) [2] of title 9." This is a citation to the U.S. Arbitration Act, which provides for judicial facilitation of private dispute resolution through arbitration and has no application to this case.

6. Plaintiff attaches an excerpt from an unknown source entitled, "Sec. 7.10 Responsibilities of the Director of EEO", subpart (h) and (i) to support his claim that the "EEOC director and Rules Committee did not follow Proper Procedures when they receive a Complaint that an employee had committed a violation." The excerpt appears to be from a federal agency's equal employment opportunity policies and procedures and describes the agency's EEO Director's responsibility in processing EEO complaints. It does not, as the Plaintiff asserts, establish the responsibilities of an EEOC Director in dealing with an employee's alleged mismanagement of a case and therefore has no bearing on the current case. Even if the excerpt did address the issue Plaintiff asserts, his sole remedy, as previously stated, is to file a de novo action against his employer in federal district court. See paragraph 1, *supra*, and EEOC's Motion to Dismiss at pg. 6-10.

7. Even if the mediators whom mediated Plaintiff's discrimination charge violated EEOC's rules with regards to mediation procedure, the case remains that there is no jurisdictional basis to sue the EEOC on this basis and Plaintiff has failed to state a claim upon which relief can be granted.

## CONCLUSION

For all of the foregoing reasons, as well as those set forth in its motion to dismiss and supporting brief, Plaintiff's complaint should be dismissed as to the EEOC pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

Respectfully submitted,

PEGGY MASTROIANNI

5

Associate Legal Counsel

THOMAS J. SCHLAGETER
Assistant Legal Counsel

/s/_Danielle Hayot_____
DANIELLE J. HAYOT
Attorney for Defendant
U.S. EQUAL
EMPLOYMENT
OPPORTUNITY
COMMISSION
Office of Legal Counsel
1801 L STREET, NW
WASHINGTON, DC 20507
TELEPHONE: 202/663-4695
FACSIMILE: 202/663-4639
danielle.hayot@eeoc.gov