IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

RECEIVED
2007 OCT -3 A 10: 26
DEBRA P. HACKETT,
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | | |
|---|---|---|
| ROGER REEVES, | ) | |
| Plaintiff, | ) | |
| v. | ) | CIVIL ACTION NO. 1:07CV616-MHT |
| | ) | (WO) |
| DSI, et al., | ) | |
| Defendants. | ) | |

Plantiff Roger Reeves
Reply to DSI Motion For Summary
Judgement (i.e. Response)

RECEIVED
2007 OCT -3 A 10: 26
DEBRA P. HACKETT, C.
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

Plaintiff Roger Reeves

Reply to DSI Motion For Summary Judgement (i.e. Response)

Discriminatory action against a member of the protected class shows discriminatory intent. During EEOC negociation I was discriminated against and my Civil Rights were violated. I was deprived of a fair an impartial negociation which EEOC rules and regulation requires. Chapter 3 requires mediators to be fair and impartial. TITLE 9 says arbitration decisions can be adjudicated. I have not seen or heard of any white having to suffer through this type of hostile environment. Hostile environment toward a member of the protected class shows discrimination.

Evidence of Fraudulent Intent

20.13.4 Pattern of Repetition....

20.13.2 Failure to perform...

20.18.3 Mental Suffering...

And Others

## Chapter 21

## BAD FAITH

21.2 Intention Refusal to Pay

21.3 Absent of Debatable Reason

21.5 DAMAGES

There was a handbook giving stating the reason I could be fired so I am not an at will employee.

I discuss with EEOC the Covenant and Good Faith Doctrine as shown in Documentation sent. EEOC never asked me all forms of discrimination that might have occurred.

I was told four years before what DSI would do at the end of three years. Most other employees did not have one year of employment so they would not have known or would have expected any other treatment. DSI knew because I had ask for Sundays and other day off to go to Church and once they told me they would change my schedule.

I have not gone through the discovery process but I find it hard to believe that an employee would not ask for a raise having work three to 4 years and had never receive one working a very small salary. The white person would want a raise a well as the black unless some other factors existed. They have told one lie about my religion.

I believe that during negoiciation and during my tenure it does not show normal activity between and employee and an employer. This action show discrimination.

1. Saying you're negoiciation when you're not
2. Leaving the room with medictors
3. No raise in more than four years
4. <u>Less</u> <u>Pay</u> <u>Than</u> <u>Most</u> <u>Other</u> <u>Post</u>
5. Preference in assigning hours

The one white person that had work for a long time was no longer working during this EEOC process. When he came back it was obvious that they would not give him a greater salary while they had a case pending.

I signed a Contract handout with DSI and they have book of rules and regulation and I am a member of the Protected

Class so I am not an at will Employee.

I am asserted that an adverse employment action was taken when he during retaliatory and discriminatory action assign hour to a white person and a mother of five children. I suffered tangible loss. The mother working was done in retaliation after EEOC case filed.

DSI was used as a Pretext to get rid of two former employee (black) and one religious. When DSI was given the Contract the employees were making more than $7.00, had vacation, Company benefits, Pension Plan. After DSI took over they had less pay, no vacation, no holidays, and virtually no benefits, and no pension. They were literally forced out if they were not rehired. They Company (DSI) took over in a Discriminatory atmosphere. I state in my original complaint disparate.

Again Chapter 20 and 21 of Alabama Tort Laws shows FRAUD AND BAD FAITH:
20.3  Misrepresentation of Fact
20.21 Falsity of facts Represented
26.11 Injury to Plantiff

Summary Judgement should be granted In Default!!!

Also see documents.

## Certificate of Service

I hereby certify on Oct. 2, 2007 I filed with the Court and a Copy of this Document was mailed postage paid to:

Jackson Lewis LLP
Park Place Towers Suite 650
2001 Park Place North
Birmingham, AL. 35203

Untitled
TITLE 9 > CHAPTER 1 > § 10Prev | Next § 10. Same; vacation; grounds; rehearing

a) In any of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration—
(1) where the award was procured by corruption, fraud, or undue means;
(2) where there was evident partiality or corruption in the arbitrators, or either of them;
(3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
(4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

Untitled

(a) Notwithstanding any other provision of law, any person adversely affected or aggrieved by an award made in an arbitration proceeding conducted under this subchapter may bring an action for review of such award only pursuant to the provisions of sections 9 through 13 of title 9.
(b) A decision by an agency to use or not to use a dispute resolution proceeding under this subchapter shall be committed to the discretion of the agency and shall not be subject to judicial review, except that arbitration shall be subject to judicial review under section 10 (b) [2] of title 9.


(b) A party to a dispute resolution proceeding shall not voluntarily disclose or through discovery or compulsory process be required to disclose any dispute resolution communication, unless—
(1) the communication was prepared by the party seeking disclosure;
(2) all parties to the dispute resolution proceeding consent in writing;
(3) the dispute resolution communication has already been made public;
(4) the dispute resolution communication is required by statute to be made public;
(5) a court determines that such testimony or disclosure is necessary to—
(A) prevent a manifest injustice;
(B) help establish a violation of law; or
(C) prevent harm to the public health and safety,


i) Subsections (a) and (b) shall not prevent use of a dispute resolution communication to resolve a dispute between the neutral in a dispute resolution proceeding and a party to or participant in such proceeding, so long as such dispute resolution communication is disclosed only to the extent necessary to resolve such dispute.