IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| ROGER REEVES,<br><br>Plaintiff,<br><br>V.<br><br>DSI SECURITY SERVICES et. al.,<br><br>Defendants. | CIVIL ACTION NO: 1:07-CV-616-MHT |

## MOTION FOR A PROTECTIVE ORDER STAYING DISCOVERY

Defendant United States Equal Employment Opportunity Commission (EEOC) respectfully moves this Court to issue a protective order pursuant to Fed. R. Civ. P. 26(c) staying discovery against it in the above-captioned matter pending the Court's ruling on the EEOC's Motion to Dismiss, filed with the Court on September 6, 2007. A memorandum in support of this motion is attached.

Respectfully submitted,

/s/Danielle Hayot
DANIELLE J. HAYOT
Attorney for Defendant
U.S. EQUAL EMPLOYMENT

OPPORTUNITY COMMISSION
Office of Legal Counsel
1801 L STREET, NW
WASHINGTON, DC 20507
TELEPHONE:  202/663-4695
FACSIMILE:    202/663-4639
danielle.hayot@eeoc.gov

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

ROGER REEVES,

    Plaintiff,

V.                           CIVIL ACTION NO: 1:07-CV-616-MHT

DSI SECURITY SERVICES et. al.,

    Defendants.

**MEMORANDUM IN SUPPORT OF DEFENDANT EEOC'S MOTION FOR A PROTECTIVE ORDER STAYING DISCOVERY**

On September 5, 2007, Defendant United States Equal Employment Opportunity Commission ("EEOC") served on Plaintiff a Motion to Dismiss this action pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). On November 20, 2007, Defendant received from Plaintiff "Discoveries" pursuant to Rule 26(a)(5) seeking the following information: (1) "Names, addresses, and telephone numbers of all persons that will be questioned at trial and all persons likely to have information about said acts of discrimination;" (2) "a transcript of pertinent portions of deposition testimony;" (3) "documents that will be presented;" (4) "summaries of other evidence that will be presented;" (5) "all information relating to Complaint with none

1

redacted under the Freedom of Information Act." Defendant EEOC respectfully requests that this Court issue a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, staying discovery against EEOC in this action pending a ruling on Defendant's dispositive Motion to Dismiss.

A district court has broad discretion in its handling of discovery, and its decision to allow or deny discovery is reviewable only for abuse of discretion. *See, e.g. Leigh v. Warner Bros., Inc.*, 212 F.3d 1210, 1214 (11th Cir. 2000); *Arabian Am. Oil Co. v. Scarfone*, 939 F.2d 1472, 1477-78 (11th Cir. 1991); *Amey, Inc. v. Gulf Abstract & Title, Inc.*, 758 F.2d 1486, 1505 (11th Cir. 1985). It is within the district court's discretion to stay discovery until a dispositive motion has been decided. *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987); *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1560 (11th Cir. 1985); *Scroggins v. Air Cargo, Inc.*, 534 F.2d 1124, 1133, *reh'g denied*; 540 F.2d 1085 (5th Cir. 1976); *Hovermale v. School Bd. of Hillsborough County*, 128 F.R.D. 287, 289 (M.D. Fla. 1989) (citing *Panola*).

Rule 26(c) of the Federal Rules of Civil Procedure authorizes courts to issue protective orders limiting or denying discovery for "good cause." FED. R. CIV. P. 26(b). The Eleventh Circuit courts have routinely limited or stayed discovery pending ruling on a dispositive motion as long as the non-moving party is not denied necessary discovery to contest the motion. *See Scroggins v. Air Cargo, Inc.*, 534 F.2d 1124, 1133, *reh'g denied*; 540 F.2d 1085 (5th Cir. 1976); *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689 (M.D. Fla. 2003); *Feldman v. Flood*, 176 F.R.D. 651 (M.D. Fla. 1997) (citing *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1560 (11th Cir. 1985)). *See also Ingram Corp. v. J. Ray McDermott & Co., Inc.*, 698 F.2d 1295, 1304 n. 13 (5th Cir. 1983). Plaintiff alleges that the EEOC "used discriminatory practices by prejudging and prejudicing the negotiating process" during attempted mediation of his

employment discrimination charge. *See* Amended Compl. pg. 1 of Attachment. Even assuming the Plaintiff's allegations regarding the EEOC's alleged errors in processing his employment discrimination charge are true, and that he is able to prove them through discoverable material, the fact remains that Plaintiff has no legal remedy against the EEOC in its capacity as an enforcement agency both because the Court lacks subject-matter jurisdiction and because he fails to state a claim upon which relief may be granted. *See* EEOC's Motion to Dismiss. The facts gathered through discovery will therefore not be relevant to the Plaintiff's opposition to the motion. *See Leigh v. Warner Bros., Inc.*, 212 F.3d 1210, 1219 (11th Cir. 2000) (limiting discovery to those issues relevant to the motion for summary judgment); *Petrus* at 583 ("Nothing that [Plaintiff] could have learned through discovery could have affected the resolution of the defendants' 12(b)(6) motion"); *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1560 (11th Cir. 1985). *See also* FED. R. CIV. P. 26(b) (stating that the court may limit discovery taking into consideration various factors, including the "importance of the proposed discovery in resolving the issues"). The only discovery request which could yield information useful to the Plaintiff in proving his case, specifically, his request for a copy of his charge file, relates to his claim against his employers, and not the EEOC. If Plaintiff wishes to obtain a copy of his charge file, he has the options of submitting a FOIA request to the EEOC district office which processed his charge or a request under section 83 of the EEOC Compliance Manual.[1]

Furthermore, if the Court were to take a "preliminary peek" at the EEOC's Motion to Dismiss, the EEOC is confident it would conclude that the Motion is "meritorious and "truly case dispositive." *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003)

---

[1] Assuming the EEOC is dismissed from the pending action, Plaintiff also has the option of issuing a subpoena to the EEOC pursuant to Fed. R. Civ. P. 45 to obtain information he believes is relevant to his complaint against the remaining defendants.

(citing *Feldman*, 176 F.R.D. at 652) (noting that the likelihood that the pending motion will be granted counters any potential harm to the Plaintiff in delaying discovery). *See also Holroyd v. Dep't. of Veteran Affairs*, 2007 WL 1585846 (D. Kan. June 1, 2007) at *1 (noting that moving party must "prove that they are *likely* to prevail on the dispositive motion"). EEOC's Motion to Dismiss presents to the Court Defendant's arguments that Plaintiff failed to state a claim upon which relief can be granted against EEOC, and that this Court lacks subject-matter jurisdiction over Plaintiff's suit against EEOC. Plaintiff's Response to the EEOC's Motion that the EEOC is subject to all "laws and rules" as "other Companies, Persons, and Organizations" is without merit. *See* Plaintiff Response at pg. 1-2. Plaintiff failed to raise any sound legal arguments that would undermine the long line of cases upholding the EEOC's position in this matter. *See* EEOC's Reply Brief to Plaintiff's Response to EEOC's Motion to Dismss. The extensive caselaw supporting the EEOC's Motion on these grounds indicates that it is more than likely to prevail on the Motion, and that therefore, a stay of discovery will not result in any harm to the Plaintiff. The Court's grant of the EEOC's pending Motion will therefore entirely dispose of the case and requiring the EEOC to proceed with discovery would pose an "undue burden and expense." FED. R. CIV. P. 26(b).

      For the foregoing reasons, Defendant EEOC respectfully requests that this Court grant its Motion for a Protective Order staying discovery against EEOC until its pending Motion to Dismiss is ruled upon. Further, if EEOC's Motion to Dismiss is granted, we respectfully request that no discovery be had against EEOC; if it is not, we request that EEOC have 30 days from the date of the ruling to respond to discovery already served.

      This 5th day of December 2007.

Respectfully submitted,


REED L. RUSSELL
Legal Counsel

THOMAS J. SCHLAGETER
Assistant Legal Counsel

/s/Danielle Hayot_____
DANIELLE J. HAYOT
Attorney for Defendant
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Office of Legal Counsel
1801 L STREET, NW
WASHINGTON, DC 20507
TELEPHONE:  202/663-4695
FACSIMILE:   202/663-4639
danielle.hayot@eeoc.gov

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| ROGER REEVES,<br><br>Plaintiff,<br><br>V.<br><br>DSI SECURITY SERVICES et. al.,<br><br>Defendants. | CIVIL ACTION NO: 1:07-CV-616-MHT |

### ORDER

Upon consideration of Defendant United States Equal Employment Opportunity Commission's (EEOC's) Motion for a Protective Order Staying Discovery, any opposition thereto, and the entire record herein, it is hereby ORDERED

1) that the Motion is granted and discovery shall be stayed against EEOC while its Motion to Dismiss is pending;

2) that if EEOC's Motion to Dismiss is granted, no discovery shall be had against EEOC;

3) that if EEOC's Motion to Dismiss is denied, EEOC shall have 30 days from the date of the ruling to respond to discovery already served.

DATED _____, 2007.

2

_____
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE

**CERTIFICATE OF SERVICE**

I hereby certify that on December 5, 2007 I electronically filed the foregoing documents comprised of the EEOC's Motion for a protective order staying discovery, Memorandum in support thereof, and Proposed Order, with the Clerk of the Court for the U.S. District Court, Middle District of Alabama, using the CM/ECF system which will send notification of such filing to the attorneys of record.

This document was further served via first-class mail, postage pre-paid, to the following individual on December 5, 2007:

                Roger Reeves
           B-12 Chattahoochee Court
              Eufaula, AL 36027

                Respectfully submitted,

                /s/ Danielle Hayot
                DANIELLE J. HAYOT
                Attorney for Defendant
                U.S. EQUAL EMPLOYMENT
                OPPORTUNITY COMMISSION
                Office of Legal Counsel
                1801 L Street, NW
                Washington, DC 20507
                Telephone:  202/663-4695
                Facsimile:   202/663-4639
                danielle.hayot@eeoc.gov