**UNITED STATES DISTRICT COURT**

MIDDLE DISTRICT OF ALABAMA
OFFICE OF THE CLERK
POST OFFICE BOX 711
MONTGOMERY, ALABAMA 36101-0711

DEBRA P. HACKETT, CLERK

TELEPHONE (334) 954-3600

December 11, 2007

# NOTICE OF CORRECTION

From:   Clerk's Office

Case Style: Roger Reeves vs. DSI Security Services, et al
Case Number: 1:07cv616-MHT

**Pleading : #26 First Motion to Dismiss
         #40Reply to Response Motion for Summary Judgment**

**Notice of Correction is being filed this date to advise that the un-redacted version of the referenced pleading e-filed on 9/6/07 (Doc. 26) and 10/3/07 (Doc. 40) are being replace with the redacted version of the pleadings.**

 The redacted version of the documents are attached to this notice.

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| ROGER REEVES, | |
| Plaintiff, | |
| V. | CIVIL ACTION NO:  1:07-CV-616-MHT |
| DSI SECURITY SERVICES et. al., | |
| Defendants. | |

**MOTION TO DISMISS OF DEFENDANT EEOC**

Defendant United States Equal Employment Opportunity Commission (EEOC) respectfully moves this Court to dismiss the above-captioned matter against it under Fed. R. Civ. P. 12(b)(1) and 12(b)(6), for lack of jurisdiction over the subject matter, and for failure to state a claim upon which relief can be granted.  A memorandum in support of this motion is attached.

2

Dated: September 5, 2007

        Respectfully submitted,

        PEGGY MASTROIANNI
        Associate Legal Counsel

        THOMAS J. SCHLAGETER
        Assistant Legal Counsel


        /s/ Danielle Hayot_____
        DANIELLE J. HAYOT
        Attorney for Defendant
        U.S. EQUAL EMPLOYMENT
        OPPORTUNITY COMMISSION
        Office of Legal Counsel
        1801 L Street, NW
        Washington, DC 20507
        Telephone: 202/663-4695
        Facsimile: 202/663-4639
        danielle.hayot@eeoc.gov
        S.S. #: [redacted]

Case 1:07-cv-00666-MHT-SRW Document 52 Filed 09/06/2007 Page 2 of 13

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

ROGER REEVES,

    Plaintiff,

V.                      CIVIL ACTION NO: 1:07-CV-616-MHT

DSI SECURITY SERVICES et al.,

    Defendants.

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS BY DEFENDANT EEOC

Defendant EEOC gives the following reasons in support of its motion to dismiss:

(1) This Court lacks subject matter jurisdiction over Plaintiff's claims against it. *See* Fed. R. Civ. P. 12(b)(1).

(2) The Complaint fails to state a claim against it upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6).

## STATEMENT OF THE CASE

Plaintiff filed a charge with the EEOC's Birmingham District Office against his employer, DSI Security Services, on September 22, 2006 alleging race and religious

discrimination (see EEOC Charge of Discrimination attached to original Complaint[1]). Mediation was attempted twice, once by EEOC employee Mr. James Lee and once by EEOC employee Ms. Debra Leo (see Amended Compl. at ¶ 9). The Plaintiff alleges that the EEOC did not aggressively pursue his case "from start to finish." On April 4, 2007, the Plaintiff received a Notice of Right to Sue letter from the EEOC (see Amended Compl. at ¶ 11).

Plaintiff does not cite any statute as a jurisdictional basis for his claims. However, his EEO charge against DSI Security Services was brought under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e et seq. See Amended Compl. ¶ 6.

As demonstrated below, Plaintiff's complaint fails to cite any basis for subject matter jurisdiction over his allegations against the EEOC and fails to state a claim upon which relief can be granted. Therefore, Plaintiff's action against the EEOC should be dismissed pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

## ARGUMENT

### I. This Court Lacks Subject Matter Jurisdiction.

Even assuming the Plaintiff has identified a particular action by the EEOC which allegedly caused him harm, the complaint against the EEOC should be dismissed under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. Federal courts have limited jurisdiction, possessing only that power granted by the Constitution or authorized by Congress. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A district court may hear a case only if it is authorized to do so by a congressional grant of subject matter jurisdiction. *See*

---

[1] The EEOC Charge of Discrimination was attached to the original complaint, but not to the copy of the amended complaint served on EEOC. It is possible that Plaintiff purposefully failed to attach the Charge to the amended complaint, however there is no reason to believe this is the case; the amended complaint is almost an exact replica of the original, the only significant difference being the relief sought by Plaintiff.

4

*Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701-02 (1982). "The requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998) (citation omitted).

### A. The Anti-Discrimination Laws Do Not Confer Jurisdiction

Plaintiff alleges that the EEOC discriminated against him and acted incompetently during mediation with his employer. However, Title VII does not confer jurisdiction over EEOC in its capacity as an enforcement agency. *See Brown v. Pena*, 441 F. Supp. 1382 (D.C. Fla. 1977) (dismissing suit against EEOC for lack of subject matter jurisdiction).

Title VII contains three grants of jurisdiction: Section 706(f)(3), 42 U.S.C. § 2000e-5(f)(3); Section 707(b), 42 U.S.C. § 2000e-6(b); and Section 717(c), 42 U.S.C. § 2000e-16(c). None of these sections authorizes individuals alleging discrimination by a third party to file suit against EEOC as the enforcement agency. Section 706(f)(3), 42 U.S.C. § 2000e-5(f)(3), authorizes federal courts to hear enforcement actions brought against allegedly discriminating employers by private parties, the Attorney General or the Commission; Section 707(b), 42 U.S.C. § 2000e-6(b), grants the court jurisdiction over actions brought by the Commission against persons engaged in a pattern or practice of resistance to the goals of Title VII; and Section 717(c), 42 U.S.C. § 2000e-16(c), authorizes federal courts to adjudicate claims of employment discrimination brought by federal employees or applicants for federal employment against their federal employer. Although Title VII grants courts jurisdiction to entertain suits against respondent employers, none of the above provisions confers jurisdiction over a suit against EEOC for actions it takes in carrying out its enforcement responsibilities. Therefore,

although Title VII grants federal courts jurisdiction to entertain suits against employers, it does not grant jurisdiction in the present matter.

B.   **Sovereign Immunity**

Insofar as Plaintiff is seeking monetary damages from the EEOC, his claim is barred by sovereign immunity. It is well established that the United States cannot be sued unless sovereign immunity has been waived by statute. *United States v. Mitchell*, 445 U.S. 535, 538 (1980); *United States v. Sherwood*, 312 U.S. 584, 586 (1941). This doctrine applies as well to suits in which a federal agency or its officials are the named defendants. *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994); *Dugan v. Rank*, 372 U.S. 609, 620 (1963). A waiver of sovereign immunity cannot be implied; it must be unequivocally expressed. *Mitchell*, 445 U.S. at 538; *United States v. King*, 395 U.S. 1 (1969). A federal court is without jurisdiction to entertain a suit against the United States or a federal agency for monetary damages unless there has been a waiver of sovereign immunity. *United States v. Testan*, 424 U.S. 392 (1976). There has been no waiver here. Plaintiff has not cited any statute which allows an individual to sue EEOC for damages in connection with its enforcement of the anti-discrimination laws and EEOC is unaware of any such statute. The EEOC submits that this Court lacks jurisdiction over Plaintiff's claim against it for monetary damages.

II.   **Plaintiff Has Failed To State a Claim Upon Which Relief Can Be Granted.**

Assuming, *arguendo,* that this Court has jurisdiction over Plaintiff's claims against the EEOC, Plaintiff has failed to state a claim upon which relief can be granted. In order for Plaintiff to prevail against EEOC, he must demonstrate that Congress granted a right of action

against EEOC "either expressly or by implication." *See Transamerica Mortgage Advisors, Inc. v. Lewis,* 444 U.S. 11, 15 (1979). Plaintiff can neither assert an explicit right to a remedy, nor show that an implied remedy exists. Plaintiff has failed, therefore, to state a claim upon which relief can be granted.

### A. Title VII

Title VII does not create an express right of action against the EEOC for the actions it takes during the investigation of a charge. In the event that a complainant is dissatisfied with the EEOC's handling of his or her Title VII charge, the express remedy provided by the statute is to file a de novo action against the employer in federal district court. See Section 706 of the Civil Rights Act of 1964, providing the explicit remedy for individuals in the private sector bringing claims of discrimination. 42 U.S.C. § 2000e-5(f)(1). Nowhere in Title VII are complainants who are dissatisfied with the EEOC's processing and investigation procedures expressly authorized to file suit against the EEOC.

In addition, Plaintiff cannot show that an implied remedy under Title VII is available. The central question in determining whether a federal statute implicitly authorizes a cause of action is whether the statutory scheme is consistent with the inference that Congress intended to create the remedy that the plaintiff seeks to invoke (here, a suit against the EEOC in its role as the enforcement agency). *Northwest Airlines, Inc. v. Transp. Workers Union of Am.*, 451 U.S. 77, 91 (1981); *Transamerica Mortgage Advisors, Inc. v. Lewis*, 444 U.S. 11, 15-17 (1979). Far from being consistent with such an inference, the statutory scheme and legislative history show that it clearly would be inconsistent with legislative intent to imply remedies against defendant EEOC under Title VII because Congress created an explicit remedy: a de novo cause of action against the alleged discriminating employer.

Case 1:07-cv-00066-MHT-SRW   Document 52   Filed 02/12/2007   Page 7 of 13

The statutory scheme of Title does not support the implication of such a remedy. Title VII provides that an individual who seeks redress for employment discrimination must first file a charge of discrimination with the EEOC. 42 U.S.C. 2000e-5. The EEOC then investigates the charge and determines whether there is reasonable cause to believe that the charge is true. *Id.* If the EEOC dismisses a charge or otherwise terminates its processing of a charge, the charging party may bring suit against the employer named in the charge within 90 days of receipt of a notice of right to sue from the EEOC. 42 U.S.C. 2000e-5(f).

If the EEOC has not filed suit or entered into a conciliation agreement within 180 days after the charge is filed, the charging party may request a notice of right to sue and file suit against the employer named in the charge within 90 days of receipt. *Id.* All court actions brought against respondent employers under Title VII are de novo proceedings. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Suit is not barred by a finding of "no reasonable cause" by the EEOC, nor are such findings binding upon the court. *McDonnell Douglas* at 798-99; *Alexander v. Gardner-Denver Co.*, 415 U.S. 36 (1974). As is apparent from the statutory scheme of Title VII, an independent, de novo right to sue the alleged discriminating employer in federal court is the full and adequate statutory remedy for a charging party who is dissatisfied with EEOC's processing or disposition of a charge.

The legislative history of Title VII also indicates that Congress did not intend that the EEOC be subject to suit by a person such as the plaintiff who is dissatisfied with EEOC's determination. In *Occidental Life Ins. Co. v. E.E.O.C.*, 432 U.S. 355 (1977) the Court reviewed the private sector judicial relief provision of Title VII, section 706(f)(1), 42 U.S.C. § 2000e-5(f)(1), and concluded on the basis of the provision's legislative history that Congress intended

the individual's right to bring a de novo lawsuit against respondent employer to be the individual's sole judicial remedy. This was considered to be a complete and sufficient remedy.[2]

Neither EEOC enforcement activities nor administrative findings prejudice the rights of the parties, see *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 796-98 (1973), as enforcement of Title VII is through de novo federal district court action. *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 44-45 (1974); *Storey v. Rubin*, 976 F. Supp. 1478, 1484 (N.D. Ga. 1997) ("[I]t is well settled that charging parties do not have an implied remedy against the EEOC or any other agency arising from the handling of a charge or a decision"). Nothing in the legislative history indicates that Congress intended the Commission to be subject to a suit by a charging party or respondent dissatisfied with the Commission's actions. *Newsome v. E.E.O.C.*, 301 F.3d 227 (5th Cir. 2002) (alleged faulty processing); *Smith v. Casellas*, 119 F.3d 33, 34 (D.C. Cir. 1997) (alleged faulty processing); *Baba v. Japan Travel Bureau Int'l, Inc.*, 111 F.3d 2, 6 (2d Cir. 1997) (per curiam) (alleged procedural defects); *Scheerer v. Rose State Coll.*, 950 F.2d 661, 663 (10th Cir. 1991) (alleged faulty processing); *McCottrell v. E.E.O.C.*, 726 F.2d 350, 351 (7th Cir. 1984) (adverse decision); *Ward v. E.E.O.C.*, 719 F.2d 311, 313 (9th Cir. 1983) (alleged negligent processing); *Georator Corp. v. E.E.O.C.*, 592 F.2d 765, 768-69 (4th Cir. 1979) (adverse decision); *Stewart v. E.E.O.C.*, 611 F.2d 679, 682 (7th Cir. 1979) (alleged faulty processing); *Gibson v. Missouri Pac. R.R.*, 579 F.2d 890, 891 (5th Cir. 1978) (per curiam) (adverse decision). All of these cases rely on the complainant's right to obtain a de novo determination of his or her rights in a proceeding against the alleged discriminating employer as the rationale for precluding suits against the EEOC.

---

[2] "The retention of the private right of action . . . allow[s] the person aggrieved to elect to pursue his or her own remedy under this title in the courts where there is agency inaction, dalliance, or dismissal of the charge, or unsatisfactory resolution." *Occidental Life*, 432 U.S. 355, 365-66 (quoting 118 Cong. Rec. 7168 (1972)) (emphasis added).

Therefore, the only remedy for a person who is dissatisfied with EEOC's actions in enforcing the employment discrimination statutes is to bring a de novo action in the applicable U.S. District Court against his or her employer. In such a lawsuit, the court can give the plaintiff any relief to which he or she is entitled under the employment discrimination laws. For these reasons it is clear that the Plaintiff in this case has failed to state a claim against the EEOC under Title VII.

### B.     The Administrative Procedure Act

Although the Plaintiff does not specifically plead the Administrative Procedure Act ("APA"), a liberal construction of Plaintiff's allegation suggests he may have intended to plead an APA violation. Under the APA, "[a]gency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review." 5 U.S.C. § 704. Since no statute expressly grants the courts jurisdiction to review EEOC actions, a plaintiff alleging an APA violation against the EEOC must establish that there was final agency action *and* no other adequate judicial remedy. *Hall v. EEOC*, 456 F. Supp. 695, 700 (N.D. Cal. 1978). The requirement that no other adequate remedy to a final agency action exist before the APA can be invoked is not met in this case. In the event that a charging party is dissatisfied with the EEOC's handling of his or her Title VII charge, the express remedy provided by statute is to file a de novo action against the employer in federal district court. 42 U.S.C.§ 2000e-5(f)(1). In *Storey v. Rubin*, the court dismissed an APA claim against the EEOC where plaintiff was challenging EEOC practices in processing and investigating the plaintiff's charge against his employer, because plaintiff's right to de novo review in court constituted an adequate judicial remedy. *Storey v. Rubin*, 976 F. Supp. 1478, 1482-3 (N.D. Ga. 1997) ("The EEOC's negligence or inaction in the internal processing of a complaint has no determinate

consequences because such actions are merely preparatory to a lawsuit by either the EEOC or the charging party in federal district court; only the district court may fix liability." (quoting *Ward v. EEOC,* 719 F.2d 311, 313-314 (9th Cir.1983))). All courts confronted with the issue of EEOC's amenability to suit under the APA have similarly held that aggrieved individuals have no claim against the EEOC under the APA because the *de novo* right to sue an employer was intended to be the remedy for dissatisfaction with EEOC processing or resolution of a party's charge of discrimination, and that this right constituted an adequate judicial remedy. *See Newsome v. EEOC*, 301 F.3d 227 (5th Cir. 2002); *Forbes v. Reno*, 893 F. Supp. 476 (W.D. Pa. 1995), aff'd, 91 F.3d 123 (3d Cir. 1996); *Stewart v. EEOC*, 611 F.2d 679 (7th Cir. 1979); *Georator v. EEOC*, 592 F.2d 765 (4th Cir. 1979). The Plaintiff in this case could and did remedy the EEOC's alleged failure to properly mediate his charge of discrimination by directly suing his employer in federal district court, thereby affording him an adequate remedy at law.

Because Plaintiff cannot state a claim against EEOC upon which relief can be granted under the APA, Plaintiff's claims against should be dismissed.

**CONCLUSION**

For all of the foregoing reasons, Plaintiff's complaint should be dismissed as to the EEOC pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

    Respectfully submitted,

    PEGGY MASTROIANNI
    Associate Legal Counsel

    THOMAS J. SCHLAGETER
    Assistant Legal Counsel

/s/ Danielle Hayot
DANIELLE J. HAYOT
Attorney for Defendant
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Office of Legal Counsel
1801 L STREET, NW
WASHINGTON, DC 20507
TELEPHONE:  202/663-4695
FACSIMILE:   202/663-4639
danielle.hayot@eeoc.gov
S.S. #: ▓▓▓▓▓▓

Case 1:07-cv-00666-MHT-SRW  Document 52  Filed 09/12/2007  Page 12 of 13

# CERTIFICATE OF SERVICE

I hereby certify that on September 5, 2007 I electronically filed the foregoing document with the Clerk of the Court for the U.S. District Court, Middle District of Alabama, using the CM/ECF system which will send notification of such filing to the attorneys of record.

This document was further served via first-class mail, postage pre-paid, to the following individual on September 5, 2007:

>Roger Reeves
>B-12 Chattahoochee Court
>Eufaula, AL 36027

>Respectfully submitted,
>
>/s/ Danielle Hayot_____
>DANIELLE J. HAYOT
>Attorney for Defendant
>U.S. EQUAL EMPLOYMENT
>OPPORTUNITY COMMISSION
>Office of Legal Counsel
>1801 L Street, NW
>Washington, DC 20507
>Telephone:  202/663-4695
>Facsimile:   202/663-4639
>danielle.hayot@eeoc.gov

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| ROGER REEVES,<br><br>Plaintiff,<br><br>V.<br><br>DSI SECURITY SERVICES et. al.,<br><br>Defendants. | CIVIL ACTION NO: 1:07-CV-616-MHT |

**DEFENDANT EEOC'S REPLY TO PLAINTIFF'S RESPONSE TO EEOC MOTION TO DISMISS**

Defendant EEOC replies to plaintiff's response to EEOC's motion to dismiss as follows:

1. Plaintiff states he was "deprived of an impartial and fair ADR process." *See* Plaintiff Response at pg. 1. As stated in EEOC's Motion to Dismiss, filed on September 6, 2007, in the event that a complainant is dissatisfied with the EEOC's handling of his or her Title VII charge, the express remedy provided by the statute is to file a de novo action against the employer in federal district court. 42 U.S.C. § 2000e-5(f)(1). Nowhere in Title VII are complainants who are dissatisfied with the EEOC's processing and investigation procedures expressly authorized to file suit against the

1

EEOC.  In addition, Plaintiff cannot show that an implied remedy under Title VII is available.  The central question in determining whether a federal statute implicitly authorizes a cause of action is whether the statutory scheme is consistent with the inference that Congress intended to create the remedy that the plaintiff seeks to invoke (here, a suit against the EEOC in its role as the enforcement agency).  *Northwest Airlines, Inc. v. Transp. Workers Union of Am.*, 451 U.S. 77, 91 (1981); *Transamerica Mortgage Advisors, Inc. v. Lewis*, 444 U.S. 11, 15-17 (1979).  Far from being consistent with such an inference, the statutory scheme and legislative history show that it clearly would be inconsistent with legislative intent to imply remedies against defendant EEOC under Title VII because Congress created an explicit remedy:  a de novo cause of action against the alleged discriminating employer.  *See* EEOC's Motion to Dismiss, pg. 6-10.

       2.     Plaintiff asserts that he suffered monetary loss and that the EEOC is subject to all "law and rules" as "other Companies, Persons, and Organizations."  *See* Plaintiff Response at pg. 1-2.  Insofar as Plaintiff is seeking monetary damages from the EEOC, his claim is barred by sovereign immunity.  The EEOC is a federal agency and therefore protected against civil suit by sovereign immunity.  It is well established that the United States cannot be sued unless sovereign immunity has been waived by statute.  *United States v. Mitchell*, 445 U.S. 535, 538 (1980); *United States v. Sherwood*, 312 U.S. 584, 586 (1941).  A federal court is without jurisdiction to entertain a suit against the United States or a federal agency for monetary damages unless there has been a waiver of sovereign immunity.  *United States v. Testan*, 424 U.S. 392 (1976).  There has been no waiver here.  Plaintiff has not cited any statute which allows an individual to sue EEOC

2

for damages in connection with its enforcement of the anti-discrimination laws and EEOC is unaware of any such statute.

      3.      Plaintiff cites to *Alexander v. Gardner-Denver*, 415 U.S. 36 (1974) to support his claim that a "Title VII dispute can go to court." *See* Plaintiff Response at pg. 2. However, Plaintiff misconstrues the holding in this case. *Alexander v. Gardner-Denver* stands for the proposition that a charging party does not lose his right under Title VII to a de novo review of his discrimination claim in federal district court against his employer simply by engaging in arbitration as governed by a collective bargaining agreement between the Plaintiff and his employer. The case does *not* state that a Plaintiff, who is not an applicant or employee of the EEOC, can sue the EEOC under Title VII for alleged faulty processing of a charge, as Plaintiff implies.

      4.      Plaintiff asserts that the EEOC allegedly removed guidelines and procedures "to take against a bad ADR mediator" previously available on its website. Plaintiff claims these guidelines and procedures were removed by the EEOC "in defiance and with retaliatory actions." It is unclear what guidelines Plaintiff is referring to or if such guidelines ever existed, since the EEOC is not aware of such guidelines and has never asserted that a charging party can sue the EEOC if unsatisfied with the processing of a charge. It is therefore highly illogical that the EEOC would post such guidelines on its website.

      5.      The Plaintiff states that "arbitration can be subject to judicial review under Section 10(b) [2] of title 9." This is a citation to the U.S. Arbitration Act, which provides for judicial facilitation of private dispute resolution through arbitration and has no application to this case.

6.      Plaintiff attaches an excerpt from an unknown source entitled, "Sec. 7.10 Responsibilities of the Director of EEO", subpart (h) and (i) to support his claim that the "EEOC director and Rules Committee did not follow Proper Procedures when they receive a Complaint that an employee had committed a violation." The excerpt appears to be from a federal agency's equal employment opportunity policies and procedures and describes the agency's EEO Director's responsibility in processing EEO complaints. It does not, as the Plaintiff asserts, establish the responsibilities of an EEOC Director in dealing with an employee's alleged mismanagement of a case and therefore has no bearing on the current case. Even if the excerpt did address the issue Plaintiff asserts, his sole remedy, as previously stated, is to file a de novo action against his employer in federal district court. See paragraph 1, *supra*, and EEOC's Motion to Dismiss at pg. 6-10.

7.      Even if the mediators whom mediated Plaintiff's discrimination charge violated EEOC's rules with regards to mediation procedure, the case remains that there is no jurisdictional basis to sue the EEOC on this basis and Plaintiff has failed to state a claim upon which relief can be granted.

## CONCLUSION

For all of the foregoing reasons, as well as those set forth in its motion to dismiss and supporting brief, Plaintiff's complaint should be dismissed as to the EEOC pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

Respectfully submitted,

PEGGY MASTROIANNI

4

5

       Associate Legal Counsel

       THOMAS J. SCHLAGETER
       Assistant Legal Counsel

       /s/_Danielle Hayot_____
       DANIELLE J. HAYOT
       Attorney for Defendant
       U.S. EQUAL
       EMPLOYMENT
       OPPORTUNITY
       COMMISSION
       Office of Legal Counsel
       1801 L STREET, NW
       WASHINGTON, DC 20507
       TELEPHONE: 202/663-4695
       FACSIMILE: 202/663-4639
       danielle.hayot@eeoc.gov