IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| ROGER REEVES,<br><br>Plaintiff,<br><br>V.<br><br>DSI SECURITY SERVICES et. al.,<br><br>Defendants. | CIVIL ACTION NO: 1:07-CV-616-MHT |

**NOTICE OF DEFENDANT EEOC'S RESPONSE AND OBJECTIONS TO PRODUCTION OF PLAINTIFF'S CHARGE FILE PURSUANT TO COURT'S ORDER**

On December 5, 2007, this Court directed the EEOC to provide Plaintiff a certified copy of his charge file by December 21, 2007 and file objections with regards to release of any portion of the file with the Court.

Pursuant to this Court's order, the EEOC has reviewed the charge file of Plaintiff and asserts the deliberative process privilege for the following portions of the file:

1.  Charge Processing category and related comment (1 line) redacted in Charge Assessment Form, undated;

2. Charge processing category redacted in two places on the September 26, 2006 Charge Detail Inquiry;

3. Charge processing category redacted in three places on the October 11, 2006 Charge Detail Inquiry;

4. Charge processing category redacted in three places on the February 12, 2007 Charge Detail Inquiry;

5. One line of the Pre-Determination Interview dated March 21, 2007 redacted, consisting of Investigator's recommendation for disposition of the charge;

6. One line of the Case Log dated September 26, 2006 indicating charge processing category;

7. Three lines of the Investigator's Intake Notes dated September 18, 2006, consisting of Investigator's analysis of the evidence;

8. Recommendation for Closure from Investigator to Supervisor dated March 30, 2007 withheld in its entirety (1 page, 10 lines), consisting of analysis of evidence and recommendation for disposition.

The deliberative thought process privilege protects "the decision making processes of governmental agencies." *NLRB v. Sears, Roebuck & Co.,* 421 U.S. 132, 150 (1975) (internal quotations omitted). In order to be covered by the deliberative thought process privilege, information must be: (1) pre-decisional, that is, pertaining to the time period prior to the adoption of an agency decision; and (2) deliberative in nature, containing opinions, recommendations or advice regarding agency processes or decisions. *See Skelton v. United States Postal Service,* 678 F.2d 35, 38 (5th Cir. 1982).

The privilege protects staff recommendations or suggestions which reflect the staff member's personal opinions, rather than a statement or announcement of agency policy. *Florida House of Representatives v. United States Dep't of Commerce,* 961 F.2d 941, 945 (11th Cir.1992). A predecisional document is part of the deliberative process if "the disclosure of [the] materials would expose an agency's decision making process in such a way as to discourage candid discussion within the agency and thereby undermine the agency's ability to perform its functions." *Formaldehyde Institute v. Dept. of Health & Human Servs.,* 889 F.2d 1118, 1122 (1989).

As the court explained in *Scott v. PPG Industries, Inc.*, 142 F.R.D. 291, 294 (N.D.W.Va. 1992):

> If the EEOC's investigators, attorneys and other employees knew that their personal notes and observations, and internal communications and critiques would be subject to disclosure in virtually every employment discrimination case, then frank and open communication within the agency would clearly be hindered. This would defeat the very purpose of an agency such as the EEOC.

The redactions for which the EEOC asserts the deliberative process privilege fall squarely within these parameters.

Respectfully submitted,

/s/ Danielle Hayot
DANIELLE J. HAYOT
Attorney for Defendant
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Office of Legal Counsel
1801 L STREET, NW
WASHINGTON, DC 20507
TELEPHONE: 202/663-4695
FACSIMILE: 202/663-4639
danielle.hayot@eeoc.gov

## CERTIFICATE OF SERVICE

I hereby certify that on December 20, 2007 I electronically filed the foregoing document with the Clerk of the Court for the U.S. District Court, Middle District of Alabama, using the CM/ECF system which will send notification of such filing to the attorneys of record.

This document was further served via first-class mail, postage pre-paid, to the following individual on December 20, 2007:

>Roger Reeves
>B-12 Chattahoochee Court
>Eufaula, AL 36027

>Respectfully submitted,

>/s/ Danielle Hayot
>DANIELLE J. HAYOT
>Attorney for Defendant
>U.S. EQUAL
>EMPLOYMENT
>OPPORTUNITY
>COMMISSION
>Office of Legal Counsel
>1801 L Street, NW
>Washington, DC 20507
>Telephone: 202/663-4695
>Facsimile: 202/663-4639
>danielle.hayot@eeoc.gov