IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| ROGER REEVES, | |
| Plaintiff, | |
| V. | CIVIL ACTION NO: 1:07-CV-616-MHT |
| DSI SECURITY SERVICES et. al., | |
| Defendants. | |

### DEFENDANT EEOC'S OPPOSITION TO PLAINTIFF'S MOTION TO RECONISDER COURT'S ORDER STAYING DISCOVERY

Defendant Equal Employment Opportunity Commission (EEOC) hereby opposes the Plaintiff's "Motion to Reconsider Order Staying Discovery," filed on December 21, 2007, such Order having been filed by the Court on December 5, 2007. Plaintiff's Motion should be denied because he has not raised any arguments that would warrant reconsideration of the Order, nor explained why such arguments were not raised in opposition to the motion *before* the Court ruled to grant it.

In support of his Motion, Plaintiff states that the "EEOC is subject to sanctions and attorney fees per Document enclosed. This more than states a claim which relief can be granted." *See* Plaintiff's Memorandum in Support of Motion at 1. Plaintiff appears to be

1

responding to EEOC's assertion that Plaintiff has failed to state a claim upon which relief can be granted.  *See* EEOC Memorandum in Support of Motion to Dismiss and EEOC Memorandum in Support of Motion to Stay Discovery.  In support of his statement, Plaintiff attaches a page from the EEOC Regional Attorney's Manual entitled "Notification Regarding Sanctions or Fees Against EEOC."  The one page document counsels EEOC attorneys on what procedures to follow in the event opposing counsel moves for contempt, or to seek sanctions, expenses or attorney's fees against the Commission or its attorneys.  It does *not* establish an express or implied right of action against the EEOC for the actions it takes during the investigation of a charge.

Plaintiff next asserts that "EEOC employees are subject to standards of Ethical Conduct for Employees" (see Plaintiff's Memorandum in Support of Motion at 2) and attaches an excerpt from 5 C.F.R. 2635, Standards of Ethical Conduct for Employees of the Executive Branch" in support thereof.  Again, Plaintiff has misconstrued the application of said regulations to the case at hand.  The Standards counsel federal employees on how to avoid potential financial conflicts of interest to "ensure that every citizen can have complete confidence in the integrity of the Federal Government."  *See* Executive Order 12674, April 12, 1989, as modified by E.O. 12731.  Although EEOC employees are subject to standards of ethical conduct, it does not follow that this Court therefore has jurisdiction over the claim or that Plaintiff has stated a claim upon which relief can be granted.  Furthermore, even assuming the misconduct of EEOC employees alleged by the Plaintiff violated the Standards, nowhere do the Standards of Ethical Conduct create a right of action for a member of the public against a federal employee for failure to abide by the standards.

Plaintiff cites to Rule 26(b)(5) of the Federal Rules of Civil Procedure which requires that parties withholding otherwise discoverable information "shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection." This provision of the Rule, however, only applies when a party is responding to discovery and seeks to withhold specific information. The EEOC made a Rule 26(c) Motion to stay or postpone discovery. The Court's Order suspended EEOC's obligation to respond to the discovery. Therefore, Rule 26(b)(5) will not apply until and unless the Court denies the EEOC's dispostive motion.

Lastly, the Plaintiff attaches an article describing sanctions imposed by the Eleventh Circuit on the EEOC in a case brought by the EEOC against an employer for alleged discrimination. Again, a court's jurisdiction to impose sanctions against a party has no bearing on whether this Court has jurisdiction to hear this case or whether the EEO laws create a right of action against the EEOC for the actions it takes during the investigation of a charge.

The Plaintiff has failed to raise any arguments that would warrant reconsideration of the Court's Order Staying Discovery. The EEOC has otherwise complied with that portion of the Order requiring the EEOC to provide the Plaintiff a copy of his charge file. *See* Notice to the Court of EEOC's Compliance with Discovery Order, filed December 20, 2007. For all of the foregoing reasons, the EEOC respectfully requests that the Court deny the Plaintiff's Motion to Reconsider.

        Respectfully submitted,

        /s/ Danielle Hayot
        DANIELLE J. HAYOT
        Attorney for Defendant

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Office of Legal Counsel
1801 L STREET, NW
WASHINGTON, DC 20507
TELEPHONE: 202/663-4695
FACSIMILE: 202/663-4639
danielle.hayot@eeoc.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on December 27, 2007 I electronically filed the foregoing document with the Clerk of the Court for the U.S. District Court, Middle District of Alabama, using the CM/ECF system which will send notification of such filing to the attorneys of record.

This document was further served via first-class mail, postage pre-paid, to the following individual on December 27, 2007:

>Roger Reeves
>B-12 Chattahoochee Court
>Eufaula, AL 36027

>Respectfully submitted,

>/s/ Danielle Hayot
>DANIELLE J. HAYOT
>Attorney for Defendant
>U.S. EQUAL
>EMPLOYMENT
>OPPORTUNITY
>COMMISSION
>Office of Legal Counsel
>1801 L Street, NW
>Washington, DC 20507
>Telephone: 202/663-4695
>Facsimile: 202/663-4639
>danielle.hayot@eeoc.gov