MOTIONS

1:07-CV-00616 MHT-SRW REEVES V DSI Security Services et al

2008 JAN -3 A 9:28

U.S. DISTRICT
MIDDLE DISTRICT AL

## MOTION FOR ORDER Compelling PART TO ANSWER Interrogatories

Plaintiff moves the Court for an order compelling Defendant DSI to Answer Interrogatories Nos. 1, 2, 3, 4, and 5 heretofore served on defendant by Plaintiff which defendant has failed to answer. A copy of the interrogatories propounded and of defendant's answers and failures to answer them is attached as Exhibit A. Answers should be Xerox copies

# Questions

(1.) What was the Term of the Contract with American Buildings Company from 2001-2007? Was it renewable yearly. Please provide Copies of Contracts

(2.) What was the Salary and other Compensation Paid to Delmar Jones for the period 2001-2007. Was his Compensation the Same from start to finish for this time period.

(3.) A List showing Contract Amounts paid to DSI per Hour per post within the State of Alabama (2001-2007) or 250 mile radius.

(4) Amount paid to Employee per post by race within period 2001-2007.

Pro Se

Roger Reeves
Attorney for Plaintiff
B-12 Chatt. Court
Eufaula, ALA. 36027

(5) Names, addresses, telephone numbers of all person that will be questioned at trial and all persons likely to have information about said acts of discriminations; a transcript of pertinent portion of deposition testimony; documents that will be presented. Summeries of other evidence that will be presented.

Roger Reeves                12/31/07
B-12 Chatt. Court
Eufaula, ALA. 36027

## Certificate of Service

I hereby certify on DEC. 29, 2007 I filed with the Clerk of the Court and a copy of this Document was mailed postage paid to:

Jackson Lewis LLP
Park Place Towers Suite 650
2001 Park Place North
Birmingham, ALABAMA 35203

Nelson Mullins Riley
& Scarbrough LLP
Atlantic Station 201 17th Street,
N.W. Suite 1700
ATLANTA, GA 30363-1017

Danielle J. Hayot
U.S. Equal Employment Opportunity Commission
Office of Legal Counsel
1801 L Street N.W
Washington, D.C. 20507

Roger Reeves
12/31/2007

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

ROGER REEVES,            )
                         )
    Plaintiff,           )
                         )    Civil Action No.
                         )    1:07CV616-MHT
                         )
v.                       )
                         )
DSI SECURITY SERVICES et al.,  )
                         )
    Defendants.          )
_____)

**DEFENDANT DSI SECURITY, INC.'S RESPONSES TO PLAINTIFF'S
FIRST DISCOVERY REQUESTS**

Defendant DSI Security, Inc. ("DSI") will submit responses to plaintiffs' discovery but will do so without waiving the following objections:

General Objections

A.      Defendant will respond to the plaintiff's discovery requests subject to objections. To the extent defendant will not respond as requested by plaintiff, the defendant objects to those questions/requests on the grounds that they are overly broad, unduly burdensome, vague and ambiguous, harassing, immaterial, irrelevant, invade the privacy of other employees, and/or not reasonably calculated to lead to the discovery of admissible evidence.

B.      Further, defendant objects to the discovery requests to the extent they seek attorney work product and/or information protected by the attorney work



product or the attorney-client privilege. Defendant reserves the right to assert any and all privileges available under the Rules of Civil Procedure.

C. Defendant objects to producing any document within the scope of plaintiff's discovery request to the extent that any such document does not exist or is not within the custody or control of the defendant.

D. Documents produced in response to a request for production, to the extent not reasonably capable of reproduction, will be made available for inspection at a date and time mutually agreeable to counsel at the offices of DSI's counsel in Birmingham, Alabama.

## Interrogatories and Requests for Production

1. What was the term of the Contract with American Buildings Company from 2001 to 2007? Was it renewable yearly? Please provide copies of contracts.

**Response**: Defendant objects to this request as seeking irrelevant information not related to any claim or defense in this action. Plaintiff's claim is that he was not paid less than similarly-situated white employees, *i.e.* employees assigned to American Buildings during the relevant time period. By law, the only relevant period for plaintiff's claim is the 180 days preceding the filing of his EEOC charge. Thus, the terms of DSI's contract with American Buildings outside of this time period is irrelevant. Moreover, the "renewability" of said contracts is not relevant to whether plaintiff was being paid disparately based on his race.

2

Subject to and notwithstanding these or any other objections, see Exhibit 1 to the Declaration of Eddies Sorrells, attached to defendant's motion for summary judgment.

2.  What was the salary and other compensation paid to Delmar Jones for the period 2001-2007. Was his compensation the same from start to finish for this time period?

**Response**: See Response to Request No. 1.

3.  A list showing contract amounts paid to DSI per hour per post within the State of Alabama (2001-2007) or 250 miles radius.

**Response**: See Response to Request No. 1.

4.  Amount paid to Employee per post by race within period 2001-2007.

**Response**: See Response to Request No. 1.

5.  Names, address, telephone numbers of all persons that will be questioned at trial and all persons likely to have information about said acts of discriminations; a transcript of pertinent portions of deposition testimony;

3

documents that will be presented. Summaries of other evidence that will be presented.

**Response**: As discovery has just begun in this case, defendant has not determined what witnesses or documents it intends to use at trial. Moreover, as no depositions have been taken, defendant cannot identify what, if any deposition excerpts it intends to use at trial.

*/s/ David T. Wiley*
David T. Wiley, ASB-4051-Y54D
WileyD@jacksonlewis.com
Direct Dial: 205-332-3104
**JACKSON LEWIS LLP**
First Commercial Bank Building
800 Shades Creek Parkway, Ste. 870
Birmingham, Alabama 35209
Facsimile: 205-332-3131

**Attorney for Defendant**