Motions

1:07-CV-00616-MHT-SRW Reeves V. DSI Security Services et al

## Motion For Order Compelling Part To Answer Interrogatories

Plaintiff moves the Court for an order Compelling Defendant American Building Company to answer Interrogatories NOS. 1, 2, 3, 4, and 5 heretofore served on defendant by Plaintiff 4 of which defendant has failed to Answer. The 5 question is a New one. A Copy of the interrogatories Propounded and of defendant answers and failure to answer them is attached AS Exhibit A. Some question has been slightly modified or gramatically corrected (1,2).

Answers should be Xerox Copies

# Questions

(1) Plant worker salaries for period 2001-2007 listed by race.

(2) Contract amount paid to BSI for period 2001-2007. Contract Period of each contract.

(3) Raises given to plant employees and amount for period 2001-2007.

(4) Names, addresses, telephone numbers of all person that will be questioned at trial and all persons likely to have information about said acts of discriminations; a transcript of pertinent portion of deposition testimony; documents that will be presented. Summaries of other evidence that will be presented.

(5) Was there any compensation, salary, or other payment made to Delmar Jones other than amount paid by contract to DSI? What was the compensation and amount?

Roger Reeves                                    12/31/07
B-12 Chatt. Court
Eufaula, ALA. 36027

## Certificate of Service

I hereby certify on DEC. 29, 2007 I filed with the Clerk of the Court and a Copy of this Document was mailed postage paid to:

Jackson Lewis LLP
Park Place Towers Suite 650
2001 Park Place North
Birmingham, ALABAMA 35203

Nelson Mullins Riley
& Scarbrough LLP
Atlantic Station 201 17th Street,
N.W. Suite 1700
ATLANTA, GA 30363-1017

Danielle J. Hayot
U.S. Equal Employment Opportunity Commission
Office of Legal Counsel
1801 L Street N.W
Washington, D.C. 20507

Roger Reeves

Roger Reeves
12/31/07

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| ROGER REEVES, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DSI SECURITY SERVICES, )<br>AMERICAN BUILDINGS, INC., and )<br>EEOC, )<br>)<br>Defendants. ) | CIVIL ACTION FILE<br>NO. 1:07-CV-616-MHT-SRW |

### DEFENDANT AMERICAN BUILDINGS COMPANY'S REPLIES AND OBJECTIONS TO PLAINTIFF'S INTERROGATORIES

Defendant American Buildings Company ("American Buildings"), misnamed as American Buildings, Inc. in the Complaint, hereby replies and objects to Plaintiff's Interrogatories, as follows:

Interrogatory No. 1: Plant worker salies (sic) (hourly) for period 2001-2007 listed by race.

Response: American Buildings objects to this interrogatory on the grounds that it is vague, overbroad in temporal scope, and unduly burdensome, and that it is not reasonably calculated to lead to the discovery of admissible evidence.

Interrogatory No. 2: Contract amounts paid to DSI for period 2001-2007.

Response:    American Buildings objects to this interrogatory on the grounds that it is vague, overbroad in temporal scope, and unduly burdensome, and that it is not reasonably calculated to lead to the discovery of admissible evidence.

Interrogatory No. 3:    Raises given to plant employees and amount for period 2001-2007.

Response:    American Buildings objects to this interrogatory on the grounds that it is vague, overbroad in temporal scope, and unduly burdensome, and that it is not reasonably calculated to lead to the discovery of admissible evidence.

Interrogatory No. 4:    Names, address, telephone numbers of all persons that will be questioned at trial and all person likely to have information about said acts of discriminations; a transcript of pertinent portions of deposition testimony; documents that will be presented. Summaries of other evidence that will be presented.

Response:    American Buildings objects to this interrogatory on the grounds that it is vague in several respects, and unduly burdensome, and that it is not reasonably calculated to lead to the discovery of admissible evidence. American Buildings further objects that it is unaware of any "said acts of discrimination" against Plaintiff.

Without waiving its objections, American Buildings replies that no depositions have been taken in this case, and that in the event any depositions are

taken Plaintiff will have to pay the court reporter for copies of those transcripts, just as any other party would have to do. American Buildings further replies that it does not know at this time what evidence it will present at trial, in the event a trial takes place.

    Served this 21st day of December, 2007.

                                                              Christopher S. Enloe
                                                              (ENL001)
                                                              Attorneys for American Buildings Company

NELSON MULLINS RILEY & SCARBOROUGH LLP
999 Peachtree Street, NE / 14th Floor
Atlanta, GA  30309-3964
(404) 817-6000 Telephone
(404) 817-6050 Facsimile