NO: 1:07-CV-616-MHT-SRW

Roger Reeves (Plaintiff) Vs. DSI Security Services, American Buildings, EEOC etc.

FILED
FEB 7 2008
U.S. DISTRICT COURT
MIDDLE DIST. OF ALA/N.C.

Motion for Order Compelling Party To Answer Interrogatories and For Production of Documents Requested

Plaintiff moves the Court for an order Compelling Defendant American Buildings to answer Interrogatories and produce Documents. A copy of the Interrogatories propounded and of Defendant's answer and failure to answer is attached.

Interrogatory No. 1   What was Plant worker salaries for period 2001-2007 listed by race? This would show that American Building had a salary problem with black worker. I was under the same Personell Manager and system that the plant worker were under. The relevant period is time that I worked here. I am similiary situated as all plant worker under a Personell Manager.

Interrogatory NO 2   What was the Contract amount Paid to DSI for period 2001-2007? This would verify show the time period of the Contract and amount Paid to DSI.

Interrogatory NO. 3.   What was raises given to plant employees and amounts for period 2001-2007? This information was listed on the Bullentin Board so it would not cause any undo burden. This information is necessary to show that plant worker recieve three on time raises but Security Guard under Same Management and system recieve none until EEOC Case

Lawyer for American requested questions and reason why these questions were necessary. Objectionally I complied and sent them answers and they after being contacted said they have recieve my answers and would respond. They have been deceptive and responded to my first set of questions and very uncooperative. I think they should be sanctioned for wanting to waste Plaintiff and Courts time. I am asking that Court Grant Motion with Due speed.

2/6/08   Roger Reeves

## Certificate of Service

I hereby certify on FEB. 6, 2008 I filed with the Clerk of the Court and a Copy of this Document was mailed postage paid to:

Jackson Lewis LLP
FIRST Commerical Bank Bldg.
800 Shades Creek Parkway
Suite 870
Birmingham, ALA. 35209

Nelson Mullis Riley &
SCARBOROUGH LLP
999 Peachtree Street NE
14th FLOOR
ATLANTA, GA.

Danielle J. HAYOT
U.S. Equal Employment Opportunity Commission
Office of Legal Counsel
1801 L Street N.W.
Washington, D.C. 20507



Untitled

Because the incidents that make up a hostile work environment claim "collectively constitute one 'unlawful employment practice,'" (189) the entire claim is actionable, as long as at least one incident that is part of the claim occurred within the filing period.(190) This includes incidents that occurred outside the filing period that the charging party knew or should have known were actionable at the time of their occurrence.(191)

189. Morgan, 501 U.S. at 117 (quoting 42 U.S.C. § 2000e-5(e)(1)); see also id. at 115 ("[The] very nature of [hostile work environment claims] involves repeated conduct. . . . The 'unlawful employment practice' therefore cannot be said to occur on any particular day. It occurs over a series of days or perhaps years and, in direct contrast to discrete acts, a single act of harassment may not be actionable on its own. . . . Such claims are based on the cumulative effect of individual acts.") (citations omitted).

http://eeoc.gov/policy/docs/threshold.html#2-III-A

# Nelson Mullins

**Nelson Mullins Riley & Scarborough LLP**
Attorneys and Counselors at Law
Atlantic Station / 201 17th Street, NW / Suite 1700 / Atlanta, GA 30363
Tel: 404.322.6000  Fax: 404.322.6050
www.nelsonmullins.com

Christopher S. Enloe
Tel: 404.322.6470
chris.enloe@nelsonmullins.com

January 30, 2008

Mr. Roger Reeves
B-12 Chattahoochee Court
Eufaula, AL 36027

    RE:   *Roger Reeves v. DSI Security Services, American Buildings, Inc. and EEOC*
           United States District Court Civil Action No. 1:07-CV-616-MHT-SRW

Dear Mr. Reeves,

    I have reviewed your January 16, 2007 letter concerning your first interrogatories to American Buildings. This letter will be the company's reply to your letter.

    Initially, Federal Rule of Civil Procedure 26 describes the kinds of information that may legitimately be sought in the discovery process, and it provides as follows: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense — including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter."

    With that in mind, American Buildings does not believe the interrogatories seek discoverable information, for the following reasons.

    <u>Interrogatory No. 1:</u> Plant worker salaries (hourly) for period 2001-2007 listed by race.

    This interrogatory asks for information concerning all hourly plant employees at American Buildings, covering a six year period. This is overbroad for two reasons.

    First, you are not similarly situated to all hourly plant employees. You work as a security guard through defendant DSI, and thus as a practical and legal matter are not in the same position as American Building employees who are not guards.

    Second, the six year period is much too long. As a general rule, federal courts limit discovery in single plaintiff Title VII cases to a two year period. *Rowlin v. Ala. Dep't of*

Mr. Roger Reeves
January 30, 2008
Page 2

*Public Safety*, 200 F.R.D. 459, 461 (M.D. Ala. 2001) (DeMent, J.) (limiting discovery in single plaintiff discrimination case to two year time frame from date of complaint).

Interrogatory No. 2: Contract amounts paid to DSI for period 2001-2007.

This interrogatory is not relevant, because any answer to it would not make any of your claims more or less likely. Further, as with the first interrogatory, the six year time span is overbroad. For these reasons, American Buildings does not believe this interrogatory is proper.

Interrogatory No. 3: Raises given to plant employees and amount for period 2001-2007.

As discussed above, you are not in the same position as American Buildings employees, and so their compensation cannot be relevant to your claims. In addition, as stated above, the six year period is too long. For these reasons, American Buildings does not believe this interrogatory is proper.

Interrogatory No. 4: Names, address, telephone numbers of all persons that will be questioned at trial and all person likely to have information about said acts of discriminations; a transcript of pertinent portions of deposition testimony; documents that will be presented. Summaries of other evidence that will be presented.

American Buildings has answered this interrogatory. Again, the company does not know at this time who it may call at trial. Similarly, the company does not know of anyone who to its knowledge is aware of any discrimination against you. Of course, the company will serve a list of witnesses on you as required by the Court's rules if this case progresses to that stage.

Finally, American Buildings cannot send you copies of deposition transcripts. You must pay the court reporting agency for your own copy. But no depositions have been

Mr. Roger Reeves
January 30, 2008
Page 3

taken yet. Likewise, the company does not know at this time what documents it may introduce if a trial were to occur.

Sincerely,

*[signature]*

Christopher S. Enloe

CSE/ebrown
Cc:   Mr. David Wiley
      Mr. Danielle Hayot

B-12 Chatt. Court
Eufaula, ALA
1/16/08

Plaintiff Roger Reeves Request for Discovery Information from American Bldgs. Lawyers and as per Request Why Information is Necessary.

(1) What was Plant worker Salaries for period 2001-2007 listed by race?

This Information could show a patter of racial inequality in Salaries.

(2) What was Contract amounts paid to DSI for Period 2001-2007? This information would DSI information and show disparity in Contract amount paid to DSI guards.

(3) What was raises given to plant employees and amount for period 2001-2007? This information would show that American Building gave raise but not to DSI guards.

(4) What was amount paid to Employees per post by race within period (2002-2007). This information could show disparity.

(5) What are the Names, addresses, telephone Number of all person that will be questioned at trial and all person likely to have information about said acts of discriminations; a transcript of pertinent portions of deposition testimony Documents that will be presented; Summaries of other evidence that wille be presented.

1/17/2008        Roger Reeves