NO: 1:07-CV-616-MHT-SRW

Roger Reeves (Plaintiff) V. DSI Security Services
American Buildings, INC.
EEOC etc.

RECEIVED
2008 FEB -7 A 9: 25
DEBRA P. HACKETT, CL
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

Motion FOR ORDER Compelling Party TO Answer Interrogatories and FOR Production of Documents Requested

Plaintiff moves the Court for an order Compelling defendant DSI to answer Interrogatories and produce Documents. A Copy of the Interrogatories propounded and of the Defendants answer and failure to answer is attached.

Request NO.1: What was the term of the Contract with American Buildings Company from 2001 to 2007? Was it renewable yearly? Please provide copies of Contract. Although the time frame is two years for damage recovery the time frame for discovery is whatever is relevant to the matter. Client DSI told me that it was was a three year Contract but during ADR Processing their lawyer said it was a one year Contract. This shows that they were dishonest, deceptive, and not dealing in good faith. The time frame in question is from the beginning of my employment. The time frame include all actionable incident as Doc(A) shows.

Request 2  What was the salary and other compensation paid to Delmart Jones for the period 2001-2007? Was his compensation the same from start to finish? The relevant time frame is from start of employment to finish. Mr Jones was hired and fired and brough back on board. I believe he was brough back at a higher salary or was paid other compensations during his initial first month of employment. I believe he was paid at a higher rate for a long period of time

He then took some time off and came back. Their paperwork shows that when he came back his pay was the same as other guards. An answer to this question is quite relevant.

Request No. 3   A list showing contract amount paid to DSI per hour per post within the State of Alabama (2001-2007) or 250 mile radius. The guards at American was being paid less than surrounding post and could not get other near post worker to come up here to work. I think DSI paid less because they had a problem with the plaintiff (Roger Reeves).

Request No. 4   What was amount paid to Employee per post within period 2001-2007?
The same answer as previous question and would show disparity

A Zerox copies showing that Court has allowed discovery to be to the extent relevant (Plaintiff-Appellant v. Pemco Aeroplex, Inc). This show that relevant information back to 2001? 2002? is important in this case.

Lawyer for DSI requested questions and reason why these questions were necessary. Objectionaly I complied and sent them answers and they after being contacted said they have recieve my answers and would respond. They have been deceptive and responded to my first set of questions and very uncooperative. I think they should be sanctioned for wanting to waste Plaintiff and Courts time. I am asking that Court Grant Motion with due speed.

2/6/08   Roger Reeves

## Certificate of Service

I hereby certify on FEB. 6, 2008 I filed with the Clerk of the Court and a copy of this Document was mailed postage paid to:

Jackson Lewis LLP
FIRST Commerical Bank Bldg.
800 Shades Creek Parkway
Suite 870
Birmingham, ALA. 35209

Nelson Mullis Rile &
SCARBOROUGH LLP
999 Peachtree Street NE
14th FLOOR
ATLANTA, GA.

Danielle J. HAYOT
U.S. Equal Employment Opportunity Commission
Office of Legal Counsel
1801 L Street N.W.
Washington, D.C. 20507



Untitled

Because the incidents that make up a hostile work environment claim "collectively constitute one 'unlawful employment practice,'" (189) the entire claim is actionable, as long as at least one incident that is part of the claim occurred within the filing period.(190) This includes incidents that occurred outside the filing period that the charging party knew or should have known were actionable at the time of their occurrence.(191)

189. Morgan, 501 U.S. at 117 (quoting 42 U.S.C. § 2000e-5(e)(1)); see also id. at 115 ("[The] very nature of [hostile work environment claims] involves repeated conduct. . . . The 'unlawful employment practice' therefore cannot be said to occur on any particular day. It occurs over a series of days or perhaps years and, in direct contrast to discrete acts, a single act of harassment may not be actionable on its own. . . . Such claims are based on the cumulative effect of individual acts.") (citations omitted).

http://eeoc.gov/policy/docs/threshold.html#2-III-A

Untitled

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

Plaintiff-Appellant,
v.

PEMCO AEROPLEX, INC.,

Defendant-Appellee.

The district court granted the EEOC's motion "to the extent that discovery undertaken in either case shall be, to the extent relevant,

B-12 Chatb. Court
Eufaula, ALA
January 17, 2008

Dear Sir:

Plaintiff Roger Reeves Request for Discovery Information from DSI Lawyer as per Request

Why Information is Necessary

(1) What was the term of the Contract with American Buildings Company 2001(2002) to 2007? Was it renewable yearly? Please provide copies of contract. This information is necessary to certify information already given.

(2) What was the Salary and other compensation paid to Delmar Jones for the period 2001-2007 (2002-2007)? Was his compensation the same from start to finish for this period? This information could show a disparity in pay.

(3) What was the Contract amount paid to DSI per hour per post within the State of Alabama (2001-2007) (2002-2007) or 250 mile radius. This information could show disparity in pay.

(4) What are the names, addresses, telephone numbers of all persons that will be questioned at trial and all persons likely to have information about said acts of discriminations; a transcript of pertinent portions of deposition testimony; document that will be presented. Summeries of other evidence that will be presented.

This information will show racial discrimination and help prepare case.

None of the above question will put and undue burden on the Defendant because it could be very easily attainable.

Another Question not asked is:

(5) Was there any other compensation paid to Delmer Jones by American other than the DSI Contract amount?

This would also show racial disparity.

A prompt reply to these questions would be greatly appreciated

1/16/08        Roger Reeves



Representing Management Exclusively in Workplace Law and Related Litigation

| | Jackson Lewis LLP | ATLANTA, GA | LONG ISLAND, NY | PORTLAND, OR |
| | First Commercial Bank Building | BIRMINGHAM, AL | LOS ANGELES, CA | PROVIDENCE, RI |
| | 800 Shades Creek Parkway | BOSTON, MA | MIAMI, FL | RALEIGH-DURHAM, NC |
| | Suite 870 | CHICAGO, IL | MINNEAPOLIS, MN | RICHMOND, VA |
| | Birmingham, Alabama 35209 | CLEVELAND, OH | MORRISTOWN, NJ | SACRAMENTO, CA |
| | Tel 205 332-3100 | DALLAS, TX | NEW YORK, NY | SAN FRANCISCO, CA |
| wileyd@jacksonlewis.com | Fax 205 332-3131 | DENVER, CO | ORANGE COUNTY, CA | SEATTLE, WA |
| DD: 205-332-3104 | www.jacksonlewis.com | GREENVILLE, SC | ORLANDO, FL | STAMFORD, CT |
| | | HARTFORD, CT | PHILADELPHIA, PA | WASHINGTON, DC REGION |
| | | HOUSTON, TX | PITTSBURGH, PA | WHITE PLAINS, NY |

January 29, 2008

Mr. Roger Reeves
B-12 Chattahoochee Court
Eufala, Alabama 36027

RE: *Roger Reeves v. DSI Security Services, et al.*
Case Number: 1:07-CV-616-MHT

Dear Mr. Reeves:

I am in receipt of your letter concerning your discovery requests and your asserted reasons for each of those requests. I will address them in turn.

**Request No. 1**: What was the term of the Contract with American Buildings Company from 2001 to 2007? Was it renewable yearly? Please provide copies of contracts.

**Response**: As stated in DSI's discovery responses, your only claim in this lawsuit is that you were paid less than similarly-situated white employees. The only employees similarly situated to you would be security guards assigned to American Buildings during the relevant time period. As I explained during our telephone conversation, under Title VII the relevant period for your claim is the 180 days preceding the filing of your EEOC charge. Therefore, the terms of DSI's contract with American Buildings outside of this 180-day time period are irrelevant to your claim. Moreover, the "renewability" of those contracts also is not relevant to whether you were being paid disparately (less) because of your race. As to the relevant period, DSI already has produced records (as attachments to its summary judgment motion) demonstrating that you were paid the same as other security guards at American Buildings. Thus, DSI maintains its objections beyond the documents already produced.

**Request No. 2**: What was the salary and other compensation paid to Delmar Jones for the period 2001-2007? Was his compensation the same from start to finish for this time period?

**Response**: As explained above, the only relevant time period for a pay claim involving Mr. Jones is the 180 days preceding the filing of your EEOC charge. DSI has produced documentation showing that you and Mr. Jones were paid the same during this time period. Accordingly, DSI maintains its objections to the six-year scope of your request.

**Request No. 3**: A list showing contract amounts paid to DSI per hour per post within the State of Alabama (2001-2007) or 250 miles radius.

**Response**: For the same reasons discussed above, your request concerning records regarding what others were paid at other locations serviced by DSI, or for periods beyond the 180 days preceding your EEOC charge, are irrelevant to the pay claim you have asserted in your lawsuit. Therefore, DSI maintains its objections to this request.

**Request No. 4**: Amount paid to Employee per post by race within period 2001-2007.

**Response**: Again, this request seeks information irrelevant to your pay claim, as it seeks information concerning individuals who are not similarly situated to you under the law. Accordingly, DSI maintains its objections to this request.

**Request No. 5**: Names, address, telephone numbers of all persons that will be questioned at trial and all persons likely to have information about said acts of discriminations; a transcript of pertinent portions of deposition testimony; documents that will be presented. Summaries of other evidence that will be presented.

**Response**: As you are aware, discovery is ongoing in this case. At this point, no one has been deposed. DSI has identified, in its initial disclosures, the individuals whom at this time it believes have information relevant to your pay claim. The Court has entered a scheduling order that sets forth deadlines for the parties to provide trial witness and exhibits lists and DSI certainly will comply with that order. At this point, however, we have not reached those deadlines.