**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| ROGER REEVES, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. |
| | ) | 1:07CV616-MHT |
| | ) | |
| v. | ) | |
| | ) | |
| DSI SECURITY SERVICES *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| ______________________________ | ) | |

**DEFENDANT DSI SECURITY, INC.'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL**

Defendant DSI Security Services, Inc. ("DSI") responds to plaintiff's Motion for Order Compelling Party to Answer Interrogatories and for Production of Documents Requested as follows:

1. On January 16, 2008, plaintiff telephoned the undersigned counsel and reiterated his desire for the information set forth in his interrogatories and requests for production. Counsel for defendant briefly discussed with plaintiff the fact that his only claim against DSI in this lawsuit is that he was paid less than similarly-situated white employees and that under Title VII, the relevant time period for such claims is 180 days prior to the date on which he filed his EEOC charge. Therefore, counsel explained, his request for information related to pay or other matters outside of this time frame is irrelevant. Counsel then informed

plaintiff that, so there would be no confusion as to what each party's position was, it would be best for plaintiff to send a letter to defense counsel setting forth in detail why he believed he was entitled to the information and documents he was seeking (that had not already been produced as part of DSI's motion for summary judgment, as referenced in DSI's responses to plaintiff's discovery).

2. On January 25, 2008, plaintiff faxed a letter to defense counsel, reiterating the discovery requests themselves but otherwise providing little explanation as to why the information and documents should be produced. See Exhibit A.

3. On January 29, 2008, counsel for defendant responded to plaintiff's letter, reiterating the fact that his discovery requests were overbroad and sought information both beyond the relevant time frame and, in some cases, irrelevant to his disparate pay claim. See Exhibit B.

4. On February 7, 2008, plaintiff filed his second motion to compel related to these discovery requests (the first having been denied by the Court on January 10, 2008).

5. As clearly set forth in both defendant's discovery responses and in the letter from defense counsel to plaintiff, his lone claim against DSI, as delimited by his underlying EEOC charge, is that DSI paid him less than white employees. The only employees similarly situated to plaintiff are other security guards assigned to

the American Buildings facility where plaintiff is assigned. The records produced by DSI in support of its motion for summary judgment plainly demonstrate that plaintiff is paid, and has been paid throughout the relevant time period, the same as all other security guards on that assignment. Therefore, records related to the pay of co-workers outside of the statutory time period, or to the pay of other DSI security guards who are assigned elsewhere, simply are not relevant to either his claim or DSI's defenses to that claim.

Accordingly, DSI asserts that plaintiff's motion to compel is due to be denied.

Respectfully submitted,

*s/ David T. Wiley*

David T. Wiley, ASB-4051-Y54D
WileyD@jacksonlewis.com
Direct Dial: 205-332-3104
**JACKSON LEWIS LLP**
First Commercial Bank Building
800 Shades Creek Parkway, Ste. 870
Birmingham, Alabama 35209
Facsimile: 205-332-3131
**Attorney for Defendant**

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 11th day of February, 2008, a copy of the foregoing was served upon the following counsel or parties of via the CM/ECF System:

Daniel M. Shea
daniel.shea@nelsonmullins.com
Christopher S. Enloe
chris.enloe@nelsonmullins.com
**NELSON MULLINS RILEY & SCARBOROUGH, LLP**
999 Peachtree Street, NE/14th Floor
Atlanta, Georgia 30309-3964

Danielle J. Hayot
Equal Employment Opportunity Commission
1801 L Street, NW
Washington, D.C. 20507
danielle.hayot@eeoc.gov

I further hereby certify that on this the 11th day of February, 2008, a copy of the foregoing was served upon the following counsel or parties of via First Class United States Mail:

Roger Reeves
B-12 Chattahoochee Court
Eufala, Alabama 36027

*s/ David T. Wiley*
Counsel of Record



EUFAULA CARNEGIE LIBRARY
217 NORTH EUFAULA AVENUE • EUFAULA, ALABAMA 36027
PHONE 334-687-2337 • FAX 334-687-8143

FAX COVER SHEET

DATE: 1/25/08

TO: DAVID T. WILEY

FAX #: 205 332-3131

FROM: ROGER REEVES

NO. OF PAGES, INCLUDING THIS SHEET: 3

SUBJECT: DISCOVERY

MESSAGE:

IF PAGES ARE MISSING FROM THIS FAX, PLEASE CALL ME AT (334)- 687-7336.

B-12 Chatt. Court
Eufaula, ALA
January 17, 2008

Dear Sir:

Plaintiff Roger Reeves Request for Discovery

Information from DSI Lawyer as per Request

Why Information is Necessary

(1) What was the term of the Contract with American Buildings Company 2001(2002) to 2007? Was it renewable yearly? Please provide copies of contract. This information is necessary to certify information already given.

(2) What was the salary and other compensation paid to Delmar Jave for the period 2001-2007 (2002-2007)? Was his compensation the same from start to finish for this period? This information could show a disparity in pay.

(3) What was the Contract amount paid to DSI per hour per post within the State of Alabama (2001-2007) (2002-2007) or 250 mile radius. This information could show disparity in pay.

(4) What was amount paid to Employees per post by race within period (2002-2007). This information could show disparity.

(5) What are the Names, addresses, telephone Number of all person that will be questioned at trial and all person likely to have information about said acts of discriminations; a transcript of pertinent portions of deposition testimony Documents that will be presented; Summaries of other evidence that wille be presented.

1/17/2008 Roger Reeves



Representing Management Exclus[illegible] in Workplace Law and Related Litigation

Jackson Lewis LLP
First Commercial Bank Building
800 Shades Creek Parkway
Suite 870
Birmingham, Alabama 35209
Tel 205 332-3100
Fax 205 332-3131
www.jacksonlewis.com

ATLANTA, GA · BIRMINGHAM, AL · BOSTON, MA · CHICAGO, IL · CLEVELAND, OH · DALLAS, TX · DENVER, CO · GREENVILLE, SC · HARTFORD, CT · HOUSTON, TX · LONG ISLAND, NY · LOS ANGELES, CA · MIAMI, FL · MINNEAPOLIS, MN · MORRISTOWN, NJ · NEW YORK, NY · ORANGE COUNTY, CA · ORLANDO, FL · PHILADELPHIA, PA · PITTSBURGH, PA · PORTLAND, OR · PROVIDENCE, RI · RALEIGH-DURHAM, NC · RICHMOND, VA · SACRAMENTO, CA · SAN FRANCISCO, CA · SEATTLE, WA · STAMFORD, CT · WASHINGTON, DC REGION · WHITE PLAINS, NY

wileyd@jacksonlewis.com
DD: 205-332-3104

January 29, 2008

Mr. Roger Reeves
B-12 Chattahoochee Court
Eufala, Alabama 36027

**RE: *Roger Reeves v. DSI Security Services, et al.***
**Case Number: 1:07-CV-616-MHT**

Dear Mr. Reeves:

I am in receipt of your letter concerning your discovery requests and your asserted reasons for each of those requests. I will address them in turn.

**Request No. 1**: What was the term of the Contract with American Buildings Company from 2001 to 2007? Was it renewable yearly? Please provide copies of contracts.

**Response**: As stated in DSI's discovery responses, your only claim in this lawsuit is that you were paid less than similarly-situated white employees. The only employees similarly situated to you would be security guards assigned to American Buildings during the relevant time period. As I explained during our telephone conversation, under Title VII the relevant period for your claim is the 180 days preceding the filing of your EEOC charge. Therefore, the terms of DSI's contract with American Buildings outside of this 180-day time period are irrelevant to your claim. Moreover, the "renewability" of those contracts also is not relevant to whether you were being paid disparately (less) because of your race. As to the relevant period, DSI already has produced records (as attachments to its summary judgment motion) demonstrating that you were paid the same as other security guards at American Buildings. Thus, DSI maintains its objections beyond the documents already produced.

**Request No. 2**: What was the salary and other compensation paid to Delmar Jones for the period 2001-2007? Was his compensation the same from start to finish for this time period?

**Response**: As explained above, the only relevant time period for a pay claim involving Mr. Jones is the 180 days preceding the filing of your EEOC charge. DSI has produced documentation showing that you and Mr. Jones were paid the same during this time period. Accordingly, DSI maintains its objections to the six-year scope of your request.

**Request No. 3**: A list showing contract amounts paid to DSI per hour per post within the State of Alabama (2001-2007) or 250 miles radius.

**Response**: For the same reasons discussed above, your request concerning records regarding what others were paid at other locations serviced by DSI, or for periods beyond the 180 days preceding your EEOC charge, are irrelevant to the pay claim you have asserted in your lawsuit. Therefore, DSI maintains its objections to this request.

**Request No. 4**: Amount paid to Employee per post by race within period 2001-2007.

**Response**: Again, this request seeks information irrelevant to your pay claim, as it seeks information concerning individuals who are not similarly situated to you under the law. Accordingly, DSI maintains its objections to this request.

**Request No. 5**: Names, address, telephone numbers of all persons that will be questioned at trial and all persons likely to have information about said acts of discriminations; a transcript of pertinent portions of deposition testimony; documents that will be presented. Summaries of other evidence that will be presented.

**Response**: As you are aware, discovery is ongoing in this case. At this point, no one has been deposed. DSI has identified, in its initial disclosures, the individuals whom at this time it believes have information relevant to your pay claim. The Court has entered a scheduling order that sets forth deadlines for the parties to provide trial witness and exhibits lists and DSI certainly will comply with that order. At this point, however, we have not reached those deadlines.

In this respect, Mr. Reeves, I bring to your attention the fact that you have not provided DSI with *your* initial disclosures, as required by Federal Rule of Civil Procedure 26. The deadline for providing those disclosures has passed, so I ask that you provide those disclosures immediately. In addition, **DSI intends to take your deposition next month; I have enclosed a deposition notice for that purpose. Please contact me as soon as possible to identify a mutually convenient time and place in February to conduct this deposition.**

However, before DSI undertakes the expense of this deposition or further litigates this case, I ask you to strongly reconsider your further pursuit of the case. The evidence is undisputed that you were paid the same as other security guards assigned to American Buildings. Should the Court grant DSI's motion for summary judgment, DSI has the right to pursue reimbursement of the costs of defending itself in this lawsuit, including the cost of taking your deposition. Please consider this possibility in deciding your further course of action. If you would like to discuss resolution of the lawsuit, I would be glad to do so. I look forward to hearing from you.

JACKSON LEWIS LLP

David T. Wiley

David T. Wiley

/dtw

Enclosure

cc: Mr. Eddie Sorrells (w/o encl.)
Christopher S. Enloe, Esq. (w/encl.)
Danielle M. Hayot, Esq. (w/encl.)