IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

RECEIVED
2008 FEB 15 P 12: 03

| | |
|---|---|
| ROGER REEVES, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DSI SECURITY SERVICES, )<br>AMERICAN BUILDINGS, INC., and )<br>EEOC, )<br>Defendants. ) | CIVIL ACTION FILE<br>NO. 1:07-CV-616-MHT-SRW |

## DEFENDANT AMERICAN BUILDING COMPANY'S
## RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL

COMES NOW Defendant American Buildings Company ("American Buildings"), misnamed as American Buildings, Inc. in the Complaint, and files this Response in Opposition to Plaintiff's Motion to Compel answers to three interrogatories he sent in November 2007.[1]

For convenience's sake, American Buildings will reproduce each interrogatory below along with its responses and objections, followed by an

---

[1] According to his Complaint and the EEOC Charge of Discrimination attached thereto, Plaintiff, proceeding *pro se*, is employed by Defendant DSI Security Services ("DSI") as a security guard, and has worked through DSI as a guard at the Eufaula, Alabama facility of Defendant American Buildings.

explanation of why its responses and objections are warranted; for clarity's sake, the interrogatories and responses will be italicized.[2]

*Interrogatory No. 1:* *Plant worker salaries (hourly) for period 2001-2007 listed by race.*

*Response:* *American Buildings objects to this interrogatory on the grounds that it is vague, overbroad in temporal scope, and unduly burdensome, and that it is not reasonably calculated to lead to the discovery of admissible evidence.*

Plaintiff's interrogatory no. 1 is unclear among other things with respect to which workers it refers to – whether it is focused on workers at co-defendant DSI (his actual employer), workers at American Buildings, or both. In addition, even if the interrogatory were limited to one company, it is not limited to employees similarly situated to Plaintiff, and is overbroad in that respect. For that matter, employees of American Buildings cannot be similarly situated to Plaintiff, who is a DSI employee.

Further, a six year time span is overbroad. *See, e.g. Rowlin v. Ala. Dep't of Public Safety*, 200 F.R.D. 459, 461 (M.D. Ala. 2001) (DeMent, J.) (limiting

---

[2] Plaintiff previously filed a Motion to Compel that the Court denied on various grounds, including Plaintiff's failure to first meet and confer with opposing counsel. *See* docket entry 66 (January 10 order). Plaintiff has met this requirement this time, and his letter to undersigned counsel along with counsel's reply is attached hereto as Exhibit A.

discovery in single plaintiff discrimination case to two year time frame from date of complaint).

Finally, salaries alone would not shed any light on raises – the purported focus of Plaintiff's Complaint.

*Interrogatory No. 2:* *Contract amounts paid to DSI for period 2001-2007.*

*Response:* *American Buildings objects to this interrogatory on the grounds that it is vague, overbroad in temporal scope, and unduly burdensome, and that it is not reasonably calculated to lead to the discovery of admissible evidence.*

This interrogatory is not relevant because any answer to it would not make any of Plaintiff's discrimination claims more or less likely. Further, as with the first interrogatory, the six year time span is overbroad.

*Interrogatory No. 3:* *Raises given to plant employees and amount for period 2001-2007.*

*Response:* *American Buildings objects to this interrogatory on the grounds that it is vague, overbroad in temporal scope, and unduly burdensome, and that it is not reasonably calculated to lead to the discovery of admissible evidence.*

Here again, six years is too long, and Plaintiff does not limit his request to similarly situated employees.

For the stated reasons, American Buildings asks that the Court deny Plaintiff's Motion to Compel.[3]

Respectfully submitted this 14th day of February 2008.

_____
Christopher S. Enloe
(ENL001)
Attorneys for American Buildings Company

NELSON MULLINS RILEY & SCARBOROUGH LLP
999 Peachtree Street, NE / 14th Floor
Atlanta, GA 30309-3964
(404) 817-6000 Telephone
(404) 817-6050 Facsimile

---

[3] Plaintiff's present Motion only addresses his first three interrogatories, and does not appear to seek an order on his fourth interrogatory. For this reason, American Buildings does not address that interrogatory here. If Plaintiff later contends he also seeks to compel an answer to his fourth interrogatory, however, American Buildings would maintain that the interrogatory is improper for the reasons noted in its January 30 letter to Plaintiff, attached hereto as part of Exhibit A.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| ROGER REEVES, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DSI SECURITY SERVICES, )<br>AMERICAN BUILDINGS, INC., and )<br>EEOC, )<br>Defendants. ) | CIVIL ACTION FILE<br>NO. 1:07-CV-616-MHT-SRW |

## CERTIFICATE OF SERVICE

I hereby certify that on this day I served a copy of the foregoing **RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL** upon the following via First Class U.S. Mail, postage prepaid:

Mr. David T. Wiley
Jackson Lewis, LLP
First Commercial Bank Building,
800 Shades Creek Parkway, Suite 870
Birmingham, Alabama 35209
wileyd@jacksonlewis.com

Danielle J. Hayot
Equal Employment Opportunity
Commission
1801 L St., NW
Washington, D.C. 20507
danielle.hayot@eeoc.gov

Mr. Roger Reeves
B-12 Chattahoochee Court
Eufaula, AL 36027

This 14th day of February, 2008.

_____
Chris Enloe

**EXHIBIT A**

B-12 Chatt. Court
Eufaula, ALA
1/16/08

Plaintiff Roger Reeves Request for Discovery Information from American Bldgs. Lawyers and as per Request Why Information is Necessary.

(1) What was Plant worker Salaries for period 2001-2007 listed by race?

This information could show a patter of racial inequality in salaries.

(2) What was Contract amounts paid to DSI for Period 2001-2007? This information would DSI information and show disparity in Contract amount paid to DSI guards.

(3) What was raises given to plant employees and amount for period 2001-2007? This information would show that American Building gave raise but not to DSI guards.

(4). What are the names, addresses, telephone numbers of all persons that will be questioned at trial and all persons likely to have information about said acts of discriminations; a transcript of pertinent portions of deposition testimony; document that will be presented. Summaries of other evidence that will be presented.

This information will show racial discrimination and help prepare case.

None of the above question will put and undue burden on the Defendant because it could be very easily attainable.

Another Question not asked is:

(5) Was there any other compensation paid to Delmer Jones by American other than the DSI Contract amount.²

This would also show racial disparity.

A prompt reply to these questions would be greatly appreciated

1/16/08         Roger Reeves

# Nelson
# Mullins

**Nelson Mullins Riley & Scarborough LLP**
Attorneys and Counselors at Law
Atlantic Station / 201 17th Street, NW / Suite 1700 / Atlanta, GA 30363
Tel: 404.322.6000  Fax: 404.322.6050
www.nelsonmullins.com

Christopher S. Enloe
Tel: 404.322.6470
chris.enloe@nelsonmullins.com

January 30, 2008

Mr. Roger Reeves
B-12 Chattahoochee Court
Eufaula, AL 36027

    RE: *Roger Reeves v. DSI Security Services, American Buildings, Inc. and EEOC*
          United States District Court Civil Action No. 1:07-CV-616-MHT-SRW

Dear Mr. Reeves,

    I have reviewed your January 16, 2007 letter concerning your first interrogatories to American Buildings. This letter will be the company's reply to your letter.

    Initially, Federal Rule of Civil Procedure 26 describes the kinds of information that may legitimately be sought in the discovery process, and it provides as follows: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense — including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter."

    With that in mind, American Buildings does not believe the interrogatories seek discoverable information, for the following reasons.

    <u>Interrogatory No. 1</u>: Plant worker salaries (hourly) for period 2001-2007 listed by race.

    This interrogatory asks for information concerning all hourly plant employees at American Buildings, covering a six year period. This is overbroad for two reasons.

    First, you are not similarly situated to all hourly plant employees. You work as a security guard through defendant DSI, and thus as a practical and legal matter are not in the same position as American Building employees who are not guards.

    Second, the six year period is much too long. As a general rule, federal courts limit discovery in single plaintiff Title VII cases to a two year period. *Rowlin v. Ala. Dep't of*

Mr. Roger Reeves
January 30, 2008
Page 2

*Public Safety*, 200 F.R.D. 459, 461 (M.D. Ala. 2001) (DeMent, J.) (limiting discovery in single plaintiff discrimination case to two year time frame from date of complaint).

 Interrogatory No. 2: Contract amounts paid to DSI for period 2001-2007.

 This interrogatory is not relevant, because any answer to it would not make any of your claims more or less likely. Further, as with the first interrogatory, the six year time span is overbroad. For these reasons, American Buildings does not believe this interrogatory is proper.

 Interrogatory No. 3: Raises given to plant employees and amount for period 2001-2007.

 As discussed above, you are not in the same position as American Buildings employees, and so their compensation cannot be relevant to your claims. In addition, as stated above, the six year period is too long. For these reasons, American Buildings does not believe this interrogatory is proper.

 Interrogatory No. 4: Names, address, telephone numbers of all persons that will be questioned at trial and all person likely to have information about said acts of discriminations; a transcript of pertinent portions of deposition testimony; documents that will be presented. Summaries of other evidence that will be presented.

 American Buildings has answered this interrogatory. Again, the company does not know at this time who it may call at trial. Similarly, the company does not know of anyone who to its knowledge is aware of any discrimination against you. Of course, the company will serve a list of witnesses on you as required by the Court's rules if this case progresses to that stage.

 Finally, American Buildings cannot send you copies of deposition transcripts. You must pay the court reporting agency for your own copy. But no depositions have been

Mr. Roger Reeves
January 30, 2008
Page 3

taken yet. Likewise, the company does not know at this time what documents it may introduce if a trial were to occur.

Sincerely,

Christopher S. Enloe

CSE/ebrown
Cc:   Mr. David Wiley
      Mr. Danielle Hayot