**UNITED STATES DISTRICT COURT**

MIDDLE DISTRICT OF ALABAMA
OFFICE OF THE CLERK
POST OFFICE BOX 711
MONTGOMERY, ALABAMA 36101-0711

DEBRA P. HACKETT, CLERK

TELEPHONE (334) 954-3600

February 19, 2008

# NOTICE OF CORRECTION

**From:   Clerk's Office**

**Case Style: Roger Reeves vs. DSI Security, et al**
**Case Number: 1:07cv616-MHT**

**Pleading : #75 - Response in Opposition re Motion for Order Compelling Party to Answer**

**Notice of Correction is being filed this date to advise that the referenced pleading was docketed on 2/15/08 without Exhibit A attached.**

**Exhibit A is attached to this notice.**

**EXHIBIT A**

B-12 Chatt. Court
Eufaula, ALA
1/16/08

Plaintiff Roger Reeves Request for Discovery Information from American Bldgs. Lawyers and as per Request Why Information is Necessary.

(1) What was Plant worker Salaries for period 2001-2007 listed by race?

This information could show a patter of racial inequality in salaries.

(2) What was Contract amounts paid to DSI for Period 2001-2007? This information would DSI information and show disparity in Contract amount paid to DSI guards.

(3) What was raises given to plant employees and amount for period 2001-2007? This information would show that American Building gave raise but not to DSI guards.

(4). What are the names, addresses, telephone numbers of all persons that will be questioned at trial and all persons likely to have information about said acts of discriminations; a transcript of pertinent portions of deposition testimony; document that will be presented. Summaries of other evidence that will be presented.

This information will show racial discrimination and help prepare case.

None of the above question will put and undue burden on the Defendant because it could be very easily attainable.

Another Question not asked is:

(5) Was there any other compensation paid to Delmer Jones by American other than the DSI Contract amount.²

This would also show racial disparity.

A prompt reply to these questions would be greatly appreciated

1/16/08     Roger Reeves

# Nelson
# Mullins

**Nelson Mullins Riley & Scarborough LLP**
Attorneys and Counselors at Law
Atlantic Station / 201 17th Street, NW / Suite 1700 / Atlanta, GA 30363
Tel: 404.322.6000  Fax: 404.322.6050
www.nelsonmullins.com

Christopher S. Enloe
Tel: 404.322.6470
chris.enloe@nelsonmullins.com

January 30, 2008

Mr. Roger Reeves
B-12 Chattahoochee Court
Eufaula, AL 36027

    RE:   *Roger Reeves v. DSI Security Services, American Buildings, Inc. and EEOC*
           United States District Court Civil Action No. 1:07-CV-616-MHT-SRW

Dear Mr. Reeves,

    I have reviewed your January 16, 2007 letter concerning your first interrogatories to American Buildings. This letter will be the company's reply to your letter.

    Initially, Federal Rule of Civil Procedure 26 describes the kinds of information that may legitimately be sought in the discovery process, and it provides as follows: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense — including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter."

    With that in mind, American Buildings does not believe the interrogatories seek discoverable information, for the following reasons.

    <u>Interrogatory No. 1:</u>  Plant worker salaries (hourly) for period 2001-2007 listed by race.

    This interrogatory asks for information concerning all hourly plant employees at American Buildings, covering a six year period. This is overbroad for two reasons.

    First, you are not similarly situated to all hourly plant employees. You work as a security guard through defendant DSI, and thus as a practical and legal matter are not in the same position as American Building employees who are not guards.

    Second, the six year period is much too long. As a general rule, federal courts limit discovery in single plaintiff Title VII cases to a two year period. *Rowlin v. Ala. Dep't of*

Mr. Roger Reeves
January 30, 2008
Page 2

*Public Safety*, 200 F.R.D. 459, 461 (M.D. Ala. 2001) (DeMent, J.) (limiting discovery in single plaintiff discrimination case to two year time frame from date of complaint).

Interrogatory No. 2: Contract amounts paid to DSI for period 2001-2007.

This interrogatory is not relevant, because any answer to it would not make any of your claims more or less likely. Further, as with the first interrogatory, the six year time span is overbroad. For these reasons, American Buildings does not believe this interrogatory is proper.

Interrogatory No. 3: Raises given to plant employees and amount for period 2001-2007.

As discussed above, you are not in the same position as American Buildings employees, and so their compensation cannot be relevant to your claims. In addition, as stated above, the six year period is too long. For these reasons, American Buildings does not believe this interrogatory is proper.

Interrogatory No. 4: Names, address, telephone numbers of all persons that will be questioned at trial and all person likely to have information about said acts of discriminations; a transcript of pertinent portions of deposition testimony; documents that will be presented. Summaries of other evidence that will be presented.

American Buildings has answered this interrogatory. Again, the company does not know at this time who it may call at trial. Similarly, the company does not know of anyone who to its knowledge is aware of any discrimination against you. Of course, the company will serve a list of witnesses on you as required by the Court's rules if this case progresses to that stage.

Finally, American Buildings cannot send you copies of deposition transcripts. You must pay the court reporting agency for your own copy. But no depositions have been

Mr. Roger Reeves
January 30, 2008
Page 3

taken yet. Likewise, the company does not know at this time what documents it may introduce if a trial were to occur.

Sincerely,

Christopher S. Enloe

CSE/ebrown
Cc:  Mr. David Wiley
     Mr. Danielle Hayot