IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ROGER REEVES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 1:07cv616-MHT |
| | ) |
| DSI SECURITY SERVICES, et al., | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff Roger Reeves, proceeding *pro se*, brings this Title VII action against three defendants: American Buildings, DSI, and the Equal Employment Opportunity Commission. (Complaint, ¶ 2). This action is presently before the court on the motion filed by defendant American Buildings seeking dismissal of plaintiff's claims against it pursuant to Fed. R. Civ. P. 12(b)(6).

Rule 12(b)(6) Standard

In reviewing a Rule 12(b)(6) motion to dismiss, the court is required to construe the pleadings broadly and view the allegations of the complaint in the light most favorable to the plaintiff. Watts v. Florida International University, 495 F.3d 1289, 1295 (11th Cir. 2007)(citations omitted). While "'a formulaic recitation of the elements of a cause of action will not do,'" and the "'factual allegations must be enough to raise a right to relief above the speculative level," Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because "'it strikes a savvy judge that actual proof of those facts is improbable[.]'"

Id. (quoting Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007)). Additionally, it is "well-established that *pro se* complainants are held to pleading standards less stringent than those applicable to lawyers[.]" U.S. v. Roberts, 308 F.3d 1147, 1153 (11th Cir. 2002)(citing Haines v. Kerner, 404 U.S. 519, 420 (1972)).

## Discussion

American Buildings argues that plaintiff's claim is due to be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because plaintiff did not identify American Buildings as his employer in his EEOC charge and does not contend in his charge or complaint that American Buildings and DSI are identical or related. Plaintiff responds that he included American Buildings in his first complaint to the EEOC, but that the EEOC dropped American Buildings from the charge. In Virgo v. Riviera Beach Associates, Ltd., 30 F.3d 1350 (11th Cir. 1994), the Eleventh Circuit set out the proper inquiry for the court in a case such as this:

> Ordinarily, a party not named in the EEOC charge cannot be sued in a subsequent civil action. This naming requirement serves to notify the charged party of the allegations and allows the party an opportunity to participate in conciliation and voluntarily comply with the requirements of Title VII. However, courts liberally construe this requirement. Where the purposes of the Act are fulfilled, a party unnamed in the EEOC charge may be subjected to the jurisdiction of federal courts.
>
> In order to determine whether the purposes of Title VII are met, courts do not apply a rigid test but instead look to several factors including: (1) the similarity of interest between the named party and the unnamed party; (2) whether the plaintiff could have ascertained the identity of the unnamed party at the time the EEOC charge was filed; (3) whether the unnamed parties received adequate notice of the charges; (4) whether the unnamed parties had an adequate opportunity to participate in the reconciliation process; and (5) whether the unnamed party actually was prejudiced by its exclusion from the EEOC proceedings. Other factors may be relevant depending on the specific facts of the case.

Virgo, 30 F.3d at 1358 -1359 (citations omitted).

In plaintiff's EEOC charge, attached to the complaint,[1] plaintiff names only DSI Security Services as his employer. In the complaint before this court, plaintiff names American Buildings as a defendant. (Complaint, ¶ 2). Using a form complaint, he has checked a block to indicate that he is "[p]resently employed by the defendant," (Complaint, ¶ 5). American Buildings argues that the allegations of the complaint demonstrate that the five factors listed in Virgo, *supra*, weigh in favor of a finding that plaintiff's failure to name American Buildings in the charge fails to satisfy the purposes of the Civil Rights Act and, thus, precludes his claims in the present case.

However, American Buildings' reading of the complaint is apparently colored by its knowledge of facts outside the pleadings, which the court may not consider on the present motion. For instance, American Buildings argues, "Plaintiff . . . is employed by Defendant DSI Security Services ("DSI") as a security guard, and has worked through DSI as a guard at the Eufaula, Alabama facility of Defendant American Buildings." (Defendant's brief, pp. 1-2). Citing paragraph 9 of the complaint, defendant further argues that plaintiff's "frequent reference to negotiations between DSI and American Buildings over the terms of DSI's contract with American Buildings make clear that the two companies have the normal arms' length relationship expected of separate entities." Id., p. 5. Construed broadly, the complaint alleges that both American Buildings and DSI presently employ the plaintiff. Although it is reasonable to infer from the allegations of the complaint that plaintiff works at the

---

[1] Attachments to the complaint "are considered part of the pleadings for all purposes, including a Rule 12(b)(6) motion." Solis-Ramirez v. U.S. Dept. of Justice, 758 F.2d 1426 (11th Cir. 1985).

3

"American Building location," (Complaint, ¶ 10), the allegations do not go so far as to indicate that plaintiff works "through DSI as a guard at the Eufaula, Alabama facility of Defendant American Buildings." Additionally, while plaintiff does make reference to contract negotiations, he does not indicate that those negotiations were between DSI and American Buildings but, rather, alleges that they were between DSI and John Howard.[2]

American Buildings further argues that plaintiff's allegations in the complaint regarding the addresses and number of employees of the defendants, and the fact that DSI and American Buildings were served separately and at different addresses, demonstrate that the two companies are separate and, thus, that the Virgo factors weigh against allowing plaintiff's suit to proceed against American Buildings. However, interrelated corporations may have different addresses and may also have differing numbers of employees.

The allegations of the complaint and the attached EEOC charge provide an insufficient basis for a finding, under the analysis set forth in Virgo, that the purposes of Title VII have not been met as to defendant American Buildings. Thus, the court is unable to conclude – at this stage of the proceedings – that plaintiff's failure to name American Buildings in the charge bars his Title VII claims against this defendant.[3]

---

[2] Howard is likely employed by defendant American Buildings. However, this relationship is not alleged in the complaint or in the charge of discrimination.

[3] American Buildings seeks dismissal of plaintiff's claims, with prejudice, pursuant to Fed. R. Civ. P. 12(b)(6). In a concluding footnote in its brief, it offers to submit affidavits and other evidentiary support "if the Court would prefer to hear this Motion as one for summary judgment under Rule 56." (Doc. # 19, p. 6 n. 4). The court has no preference and, because defendant did not present matters outside the pleadings, the court had no occasion to treat the motion as one for summary judgment in accordance with Fed. R. Civ. P. 12(d). Additionally, in a parenthetical in the "statement of facts" portion of its brief, American

Plaintiff's Motion for Summary Judgment

On October 1, 2007, the deadline established by the court for plaintiff's response to the present motion to dismiss, plaintiff filed a pleading styled, "Motion to Not Dismiss Plaintiff['s] Claim and Give Summary Judgment." (Doc. # 37). In this document, plaintiff responds to American Buildings' motion to dismiss and sets forth a list of incidents which he contends created a hostile work environment. To this response, plaintiff has attached: (1) a one-page printout regarding employment contracts from an unknown source; (2) a partial summary of the Supreme Court's decision in Meritor Savings Bank, FSB v. Vinson, printed from a website; (3) a portion of the table of contents from the Roberts and Cusimano Alabama Tort Law treatise; and (4) a single page printout from the "DIGEST of Equal Employment Opportunity Law, Volume XIII, No. 3." At the conclusion of his response, plaintiff argues, "Because of these facts I am asking the Court to Grant me Summary Judgment in the American Building Matter and not [Dismiss] my Compl[ai]nt." (Doc. # 37, p. 4). To prevail on a motion for summary judgment where, as here, the moving party will bear the burden of proof at trial,

> that party must show affirmatively the absence of a genuine issue of material fact: it must support its motion with credible evidence . . . that would entitle

---

Buildings states "Plaintiff's Complaint also alludes to alleged harassment, but his Charge did not make that allegation." However, until after plaintiff responded to the motion to dismiss with a brief referencing specific instances of harassment, defendant made no argument that the hostile environment claim was due to be dismissed due to plaintiff's failure to include it in his EEOC charge. Rather, defendant's argument in its initial brief was devoted entirely to the issue of plaintiff's failure to name American Buildings in his EEOC charge. Because plaintiff had no opportunity to respond to the new argument directed to the hostile environment claim, the court has not considered it. Defendant may, of course, also raise this issue in any Rule 56 motion it chooses to file.

5

> it to summary judgment unless the non-moving party, in response, come[s] forward with significant, probative evidence demonstrating the existence of a triable issue of fact.

Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115 (11th Cir. 1993)(quoting United States v. Four Parcels of Real Property, 941 F.2d 1428, 1438 (11th Cir. 1991)(*en banc*)). The documents attached to plaintiff's motion – even if they were admissible on summary judgment – do not affirmatively establish plaintiff's entitlement to judgment on his claims. Accordingly, to the extent plaintiff has moved for summary judgment,[4] the motion is due to be denied.

## Conclusion

For the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge that defendant American Buildings' motion to dismiss (Doc. # 18) and plaintiff's motion for summary judgment (included within his response to the motion to dismiss, Doc. # 37) be DENIED.

The Clerk of the Court is ORDERED to file the Recommendation of the Magistrate Judge and to serve a copy on the parties to this action. The parties are DIRECTED to file any objections to this Recommendation on or before March 12, 2008. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District

---

[4] Defendant American Buildings, understandably, treated Doc. # 37 only as a response to its motion to dismiss.

Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  <u>Resolution Trust Co. v. Hallmark Builders, Inc.</u>, 996 F.2d 1144, 1149 (11th Cir. 1993); <u>Henley v. Johnson</u>, 885 F.2d 790, 794 (11th Cir. 1989).

    DONE, this 28th day of February, 2008.

                                      <u>/s/ Susan Russ Walker</u>
                                      SUSAN RUSS WALKER
                                      UNITED STATES MAGISTRATE JUDGE