IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ROGER REEVES, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 1:07cv616-MHT |
| | )                 (WO) |
| DSI SECURITY SERVICES, et al., | ) |
| | ) |
|     Defendants. | ) |

## ORDER

This action is presently before the court on plaintiff's motions to compel (Docs. # 69, 71). In his complaint, plaintiff alleges that defendants American Buildings and DSI Security Services discriminated against him on the basis of his race and religion by, *inter alia*, failing to give him a pay raise. DSI provides contract security services to a variety of businesses, including American Buildings, which operates a plant in Eufaula. Plaintiff was hired by DSI as a security officer and is assigned to the American Buildings plant.[1]

In a motion to compel filed against defendant American Buildings, plaintiff – a security guard – moves to compel further responses to interrogatories seeking information for a six year period regarding the salaries and pay raises of plant workers employed by American Buildings and the contract amount paid by American Buildings to DSI during the same six year period. (Doc. # 69). Defendant argues that the requested information regarding salaries and raises is not relevant because American Buildings plant employees are

---

[1] See Sorrells declaration attached to Doc. # 15.

not similarly situated to plaintiff, a security guard employed by DSI. American Buildings further argues that the time span of the interrogatories is overbroad. Additionally, defendant argues that the contract amount it paid to DSI is not relevant to plaintiff's claims. Plaintiff maintains that he is similarly situated to the plant workers because he was "under the same Personell [sic] Manager and system that the plant worker were under," that the relevant time period is the entire period of time that plaintiff has worked at American Buildings, and that the information regarding plant worker raises is "necessary to show that plant worker recieve [sic] three on time raises but Security Guard under same Management and system recieve [sic] none." (Doc. # 69, p. 2). Plaintiff does not suggest the reason he believes the contract amount to be relevant, but argues only that information regarding the amount paid to DSI "would verify . . . the time period of the Contract and amount paid to DSI." (Id.).

Assuming that plaintiff is under the same personnel manager and "system" as the plant workers, as he argues, this is insufficient to demonstrate that plaintiff and the plant workers are even arguably similarly situated. Additionally, although plaintiff apparently seeks evidence to show that plant workers were treated more favorably than security guards with regard to raises, this evidence is irrelevant to plaintiff's claims of discrimination on the basis of race and religion. Thus, plaintiff has not demonstrated that information about the plant workers' salaries and history of pay raises is relevant to the claims or defenses presented in this action. See Fed. R. Civ. P. 26(b)(1). Likewise, the contract amount paid by American Buildings to DSI is irrelevant to plaintiff's claim that he was denied pay increases because of his race and religion. Accordingly, plaintiff's motion to compel responses to interrogatories from defendant American Buildings (Doc. # 69) is due to be denied.

Plaintiff also moves to compel further responses from defendant DSI to interrogatories seeking information regarding the term of its contract with American Buildings, the contract amount paid to DSI per hour per post within the State of Alabama or within a 250-mile radius (presumably from the American Buildings plant), the amount paid to Delmar Jones for the period from 2001 to 2007, and the amount paid to employees per post by race within the period from 2002-2007.  (See Motion, Doc. # 71, and defendant's January 29, 2008 letter to plaintiff, attached to plaintiff's motion and to defendant's response to the present motion, Doc. # 74).  The contract amount paid by American Buildings to DSI is, as discussed above, not relevant to plaintiff's claim of discrimination on the basis of race and religion.  With regard to the interrogatories concerning the pay of Delmar Jones and other employees, Defendant DSI objects to providing any pay information beyond the 180-day period preceding the filing of plaintiff's EEOC charge and contends that it has already produced the pay information to plaintiff as a summary judgment exhibit.

Defendant points to the declaration of Eddie Sorrells, filed with its motion for summary judgment.  Sorrells testifies that DSI paid all security officers assigned to the American Buildings plant $6.00 per hour until December 2006, when it negotiated a new rate with American Buildings and raised the hourly rate for all DSI security officers to $6.50 per hour.  Exhibit 1 to Sorrells' declaration consists of payroll summaries for the weeks of November 23, 2006 and December 14, 2006.  (Sorrells declaration, attached to Doc. # 15).

Plaintiff has requested specific pay information about Delmar Jones and other employees "per post by race."  Plaintiff is entitled to more than defendants have provided

3

him, which consists of Sorrells' general statement that all security guards were paid the same amount and the payroll summaries for a two-week period. Plaintiff's EEOC charge was filed on September 22, 2006. The motion to compel is due to be granted as to plaintiff's interrogatories requesting the amount paid (salary and other compensation) to each of DSI's employees, by race, assigned to work at the American Buildings plant for the period from March 28, 2006 (180 days before he filed his EEOC charge) through December 31, 2007.

Plaintiff seeks to compel production of documents from DSI. Plaintiff requested copies of DSI's contract with American Buildings Company for the period from 2001 to 2007. (Request No. 1). The only records produced by DSI to the plaintiff are the pay records attached to its motion for summary judgment. (See DSI's January 29, 2008 letter to plaintiff). While the contract price, standing alone, is not relevant to plaintiff's claims of discrimination, other terms of the contract may be relevant on the issue of whether American Buildings is a joint employer of the plaintiff. See Virgo v. Riviera Beach Associates, Ltd., 30 F.3d 1350, 1360 (11th Cir. 1994). Thus, the motion is due to be granted as to plaintiff's request for production of the contracts in force during the period from March 28, 2006 to December 31, 2007. In all other respects, the motion is due to be denied.

Accordingly, it is

ORDERED that plaintiff's motion to compel further discovery responses from defendant American Buildings (Doc. # 69) is DENIED.

It is further ORDERED that plaintiff's motion to compel further discovery responses from defendant DSI (Doc. # 71) is GRANTED to the extent that DSI is DIRECTED to

provide to plaintiff, on or before March 10, 2008: (1) the amount paid during the period from March 28, 2006 to December 31, 2007 to each of DSI's security officers (identified by name and race) who were employed at the American Buildings plant location and (2) copies of the contracts in effect during the same period between DSI and American Buildings for security services.  In all other respects, the motion is DENIED.

DONE, this 28th day of February, 2008.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE