IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ROGER REEVES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:07cv616-MHT |
| | ) | |
| DSI SECURITY SERVICES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff Roger Reeves, proceeding *pro se*, brings this Title VII action against three defendants: American Buildings, DSI, and the Equal Employment Opportunity Commission. (Complaint, ¶ 2). This action is presently before the court on the motion filed by defendant EEOC seeking dismissal of plaintiff's claims against it pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

## Motion to Dismiss Standard

Defendant EEOC mounts a facial attack on the subject matter jurisdiction of this court to entertain plaintiff's claims against it. Such a motion "'require[s] the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in [plaintiff's] complaint are taken as true for the purposes of the motion.'" Scarfo v. Ginsberg, 175 F.3d 957 (11th Cir. 1999)(quoting Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990)).

In reviewing a Rule 12(b)(6) motion to dismiss, the court is required to construe the

pleadings broadly and view the allegations of the complaint in the light most favorable to the plaintiff. <u>Watts v. Florida International University</u>, 495 F.3d 1289, 1295 (11th Cir. 2007)(citations omitted). While "'a formulaic recitation of the elements of a cause of action will not do,'" and the "'factual allegations must be enough to raise a right to relief above the speculative level," Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because "'it strikes a savvy judge that actual proof of those facts is improbable[.]'" <u>Id</u>. (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 127 S.Ct. 1955, 1965 (2007)). Additionally, it is "well-established that *pro se* complainants are held to pleading standards less stringent than those applicable to lawyers[.]" <u>U.S. v. Roberts</u>, 308 F.3d 1147, 1153 (11th Cir. 2002)(citing <u>Haines v. Kerner</u>, 404 U.S. 519, 420 (1972)).

<u>Discussion</u>

In his amended complaint, plaintiff alleges "incompeten[ce] on EEOC part" and "discrimination all parties[.]" (Amended Complaint, ¶ 4). He further alleges that James Lee, EEOC negotiator, "used discriminatory practices by stating 'This cat does not know what he is doing' and left the room with DSI in the first part of the nego[t]iating process before any offer was made. His prejudicial action made it impossible to receive any fair and impartial offer during nego[t]iation and resolution of my case in a positive manner with the EEOC." (Amended Complaint, p. 4). Plaintiff also asserts that Debra Leo, an EEOC ADR coordinator, "used discriminatory practices by prejudging and prejudicing the nego[t]iating process. The nego[t]iator is not allowed as stated in their 'Question and Answers About Mediation Document' to decide who is right or wrong. She stated that I did not have a case.

2

I immediately ask[ed] for another mediator.  She said she would send someone from her Montgomery office.  She came and did not proper[l]y introduce herself and proceeded to do the mediation.  She had been called Lee, Leo, Lea and other names so I did not reco[g]nize[] that she was the same person.  There was no bona fide offer made during nego[t]iation." (Amended Complaint, ¶¶ 7, 9 and p. 4).

Defendant EEOC argues that this court lacks jurisdiction over plaintiff's claims and, in the alternative, that plaintiff fails to state a claim under Title VII for which relief may be granted. The nature of the relief plaintiff seeks as to the EEOC is not clear from the complaint.  However, in his response to the EEOC's motion, plaintiff repeatedly asserts that he seeks redress from the EEOC for monetary loss.  (Doc. # 38, pp. 1, 3, 4).  Plaintiff's claim for monetary damages is barred by the sovereign immunity of the United States.  It is well settled that, "the United States, as sovereign, 'is immune from suit, save as it consents to be sued ... and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" United States v. Testan, 424 U.S. 392, 399, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976)(quoting United States v. Sherwood, 312 U.S. 584, 586, 61 S.Ct. 767, 769, 85 L.Ed. 1058 (1941)).  Plaintiff cites no Congressional waiver of sovereign immunity which would allow this court to entertain his present suit against the EEOC for monetary damages, and the court is aware of none.  In the absence of such a waiver, this court lacks jurisdiction over plaintiff's claims for monetary damages against the EEOC.  Testan, supra.  The injunctive relief that plaintiff expressly seeks – back pay and reinstatement to his former job – would be granted, if at all, against plaintiff's employer.  (See Amended Complaint, ¶ 12).

3

It is not apparent from the complaint that plaintiff seeks any injunctive relief against the EEOC at all, and he does not argue in response to the present motion that he does so. Any claims for injunctive relief against the EEOC are likewise due to be dismissed.

Plaintiff – using a form complaint – alleges that he brings this action pursuant to Title VII of the Civil Rights Act of 1964 and that jurisdiction is conferred on this court by 42 U.S.C. § 2000e-5. (Amended Complaint, ¶ 3). Section 2000e-5 is the enforcement provision of Title VII and confers jurisdiction on the district courts over actions brought under Title VII. However, Title VII does not provide a right of action for a charging party against the EEOC as the enforcement agency. Thus, this court is without jurisdiction over plaintiff's claims against the EEOC. See Newsome v. Equal Employment Opportunity Commission, 301 F.3d 227, 232 (5th Cir. 2002)("Newsome alleges that the EEOC deprived her of her rights under Title VII. To the extent that Newsome is attempting to invoke Title VII as a jurisdictional basis for suing the EEOC, she cannot do so. We have held that Title VII does not confer on a charging party a right of action against the EEOC.")(citing Gibson v. Missouri Pac. R.R., 579 F.2d 890, 891 (5th Cir. 1978)).[1]

Additionally, as the defendant argues, even if plaintiff's complaint is construed to

_____

[1] The court concludes, in the alternative, that any claim plaintiff brings pursuant to Title VII against the EEOC as the enforcement agency fails to state a claim upon which relief may be granted. See Hill v. Brownlee, 180 Fed. Appx. 891 (11th Cir. May 17, 2006)(unpublished opinion)(affirming summary judgment in favor of plaintiff's employing federal agency on plaintiff's claims that the agency failed to complete an investigation of his EEO claim because "Title VII confers no right of action against the enforcement agency.")(citing Gibson, *supra*).

4

bring his claim against the EEOC under the Administrative Procedures Act, it is due to be dismissed pursuant to Fed. R. Civ. P. 12(b)(1). Under the Administrative Procedures Act, "[a]gency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review." 5 U.S.C. § 704. As noted above, the EEOC's action has not been made reviewable by statute. Additionally, the EEOC's action in investigating and mediating plaintiff's charge of discrimination – even if incompetent, collusive, fraudulent and discriminatory as alleged by the plaintiff – is not a final agency action because it "did not determine [plaintiff's] rights or have legal consequences." Newsome, supra, 301 F.3d at 232; see also Ward v. EEOC, 719 F.2d 311, 313-14 (9th Cir. 1983)("The EEOC's negligence or inaction in the internal processing of a complaint has no determinate consequences because such actions are merely preparatory to a lawsuit by either the EEOC or the charging party in federal district court; only the district court may fix liability."); Storey v. Rubin, 976 F. Supp. 1478, 1482-83 (N.D. Ga. 1997), affirmed 144 F.3d 56 (11th Cir. 1998)(finding that the court had no jurisdiction over plaintiff's claim regarding the processes used by his employing federal agency in investigating his claim because plaintiff's right to de novo review of his claims against his employer in federal district court was an "adequate remedy in a court" for purposes of the ADA).

Plaintiff styles his response to the EEOC's motion as a "Motion to Oppose Dismission of Plainitff Case and Ask For Summary Judgment." (Doc. # 38). To the extent that plaintiff intends this pleading to include a motion for summary judgment in his favor, he is not

entitled to such relief for the reasons set forth above.

Conclusion

For the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge that defendant's motion to dismiss (Doc. # 26) be GRANTED, that plaintiff's motion for summary judgment (included within Doc. # 38) be DENIED, and that plaintiff's claims against the EEOC be DISMISSED with prejudice.

The Clerk of the Court is ORDERED to file the Recommendation of the Magistrate Judge and to serve a copy on the parties to this action.  The parties are DIRECTED to file any objections to this Recommendation on or before March 13, 2008.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to.  Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  Resolution Trust Co. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993); Henley v. Johnson, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 28th day of February, 2008.


/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE