IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ROGER REEVES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 1:07cv616-MHT |
| | ) |
| DSI SECURITY SERVICES, et al., | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff Roger Reeves, proceeding *pro se*, brings this Title VII action against three defendants: American Buildings, DSI, and the Equal Employment Opportunity Commission. (Complaint, ¶ 2). This action is presently before the court on the motion for summary judgment filed by defendant DSI. Upon consideration of the motion, the court concludes that it is due to be granted to the extent that defendant seeks summary judgment on plaintiff's Title VII pay raise claim and his claim that defendant discriminated against him by leaving the room with the EEOC investigator during the EEOC mediation.

**THE SUMMARY JUDGMENT STANDARD**

A party seeking summary judgment bears the initial burden of demonstrating to the court the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions that it believes show an absence of any genuine issue of material fact. Hairston v. Gainesville Publishing Co., 9 F.3d 913 (11th Cir. 1993).

For summary judgment purposes, an issue of fact is "material" if it is a legal element

of the claim, as identified by the substantive law governing the case, such that its presence or absence might affect the outcome of the suit. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). An issue of fact is "genuine" if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party. Matsushita Electrical Industrial Company v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). The court must view the evidence, and all factual inferences properly drawn from the evidence, in the light most favorable to the nonmoving party. Welch v. Celotex Corp., 951 F.2d 1235, 1237 (11th Cir. 1992); Rollins v. TechSouth, Inc., 833 F.2d 1525, 1528 (11th Cir. 1987). It is improper for this court to weigh conflicting evidence or make credibility determinations; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson, 477 U.S. at 255. Where a reasonable fact finder may "draw more than one inference from the facts, and that inference creates a genuine issue of material fact, then the court should refuse to grant summary judgment." Barfield v. Brierton, 883 F.2d 923, 933-34 (11th Cir. 1989) (citation omitted).

> Where the moving party will bear the burden of proof at trial,
>
> that party must show affirmatively the absence of a genuine issue of material fact: it must support its motion with credible evidence . . . that would entitle it to summary judgment unless the non-moving party, in response, come[s] forward with significant, probative evidence demonstrating the existence of a triable issue of fact.

Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115 (11th Cir. 1993)(quoting United States v. Four Parcels of Real Property, 941 F.2d 1428, 1438 (11th Cir. 1991)(*en banc*)).

# BACKGROUND[1]

Defendant DSI provides contract security services to a variety of industries and businesses. DSI hired plaintiff in 2002 as a security officer. One of DSI's clients is defendant American Buildings, which operates a metal building fabrication plant in Eufaula, Alabama; plaintiff is assigned to the American Buildings plant. In accordance with DSI's initial contract with American Buildings, all security officers assigned to the Eufaula plant were paid $6.00 per hour. In December 2006, DSI negotiated a new rate with American Buildings and increased the hourly rate for all DSI security officers assigned to the plant to $6.50 per hour. (Sorrells' declaration).

Plaintiff alleges that the defendants discriminated against him in violation of Title VII of the Civil Rights Act of 1964 by their failure to provide him a "decent wage promised," and by subjecting him to a hostile work environment.[2] Plaintiff alleges that DSI deceived him about the length of a contract and about the status of contract negotiations affecting his

---

[1] As it is required to do, the court has viewed the evidence presented on the motion for summary judgment in the light most favorable to the defendant. Welch v. Celotex Corp., 951 F.2d 1235, 1237 (11th Cir. 1992). The court considers any objections not made to the use or admissibility of the evidence to be waived for purposes of this motion. Davis v. Howard, 561 F.2d 565, 570 (5th Cir. 1977).

[2] DSI contends that the hostile environment claim is brought only against defendant American Buildings. DSI has, accordingly, not moved for summary judgment on this claim. Construing the allegations of this *pro se* complaint broadly (see Haines v. Kerner, 404 U.S. 519, 420 (1972)), the court concludes that plaintiff also brings a hostile environment claim against DSI. Although DSI argues in its reply brief that failure to exhaust a Title VII claim administratively requires its dismissal, this argument was not raised in its initial brief, and the court has not considered it. DSI may raise this issue in a subsequent motion for summary judgment, if it so chooses.

wages, lied to the EEOC, and "used collusive and discriminatory action" in leaving the room with the EEOC investigator, James Lee, after Lee announced, "This cat does not know what he is doing. Let's get out of here."[3]

Plaintiff argues that he did not allege "that DSI failed to negotiate a contractual increase with American Building," but rather, that "they were not tru[th]ful and were [fraudulent] and used deceptive schemes to keep from giving [him] a raise when they said [they] were negotiating and were not." (Plaintiff's response to summary judgment, styled "Motion to Set Aside Summary Judgement," Doc. # 35).[4]

Plaintiff testifies by declaration that DSI: assigned more overtime hours to a white employee and did not rotate hours; assigned a mother of five to work a double shift on Thanksgiving day; knew that plaintiff had a "special religion" from the first day of his employment, because plaintiff told them that he wanted Sundays and Wednesdays off and was exchanging days with another employee with their knowledge; stated, as to an employee of the same religion as plaintiff, that they were trying to get rid of him; gave plaintiff fewer hours than a foreigner, despite the fact that plaintiff was more qualified and more educated; has assigned hours to a white person, while telling plaintiff that they would

---

[3] These allegations were included in plaintiff's original complaint. However, the page including these allegations was omitted from plaintiff's amended complaint. In view of plaintiff's *pro se* status and the likelihood that the omission was inadvertent, the court has considered plaintiff's allegations in both complaints.

[4] Plaintiff combines his argument with assertions of fact, and has signed the response under penalty of perjury. Thus, the court treats the response as a declaration pursuant to 28 U.S.C. § 1746.

get back to him and let him know the schedule. Plaintiff further states that Alan Wood and his secretary misrepresented the length of the contract, stating that it was a three year contract, but that DSI's attorney admitted during the ADR process that it was a one-year contract. (Doc. # 35, pp. 1-3).

## DISCUSSION

### Analytical Framework for Disparate Treatment Claims

Plaintiff has not argued that his claims of race and religious discrimination are supported by direct evidence of discriminatory intent, nor has he filed any such direct evidence. The McDonnell Douglas/Burdine[5] framework was established by the Supreme Court for evaluating a Title VII plaintiff's claims of discrimination against an employer where, as here, there is no direct evidence of discrimination. See Combs v. Plantation Patterns, 106 F.3d 1519, 1527-28 (11th Cir. 1997). The plaintiff must first make out a *prima facie* case of discrimination. Burdine, 450 U.S. at 252-53; Walker v. Mortham, 158 F.3d 1177, 1183 (11th Cir.1998); Combs, 106 F.3d at 1527-28. "Establishment of the *prima facie* case in effect creates a presumption that the employer unlawfully discriminated against the employee. If the trier of fact believes the plaintiff's evidence, and if the employer is silent in the face of the presumption, the court must enter judgment for the plaintiff because no issue of fact remains in the case." Id. (quoting Burdine, 450 U.S. at 254); Walker, *supra*.

If the plaintiff establishes a *prima facie* case, the employer has the burden of

---

[5] McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973); Texas Department of Community Affairs v. Burdine, 450 U.S. 248 (1981).

producing "legitimate, non-discriminatory reasons for the challenged employment action." Combs, 106 F.3d at 1528 (citing McDonnell Douglas, 411 U.S. at 802). "To satisfy this intermediate burden, the employer need only produce admissible evidence which would allow the trier of fact rationally to conclude that the employment decision had not been motivated by discriminatory animus." Combs, 106 F.3d at 1528 (quoting Burdine, 450 U.S. at 257). If the employer articulates a legitimate, nondiscriminatory reason for its decision, the mandatory inference of discrimination arising from the *prima facie* case is destroyed. Walker, 158 F.3d at 1184. The plaintiff must then produce evidence "including the previously produced evidence establishing the *prima facie* case, sufficient to permit a reasonable factfinder to conclude that the reasons given by the employer were not the real reasons for the adverse employment decision." Combs, 106 F.3d at 1528.

Defendant argues that it is entitled to summary judgment on plaintiff's disparate treatment claims because plaintiff has not established a *prima facie* case of discrimination. "A plaintiff establishes a *prima facie* case of disparate treatment by showing that [he] was a qualified member of a protected class and was subjected to an adverse employment action in contrast with similarly situated employees outside the protected class. The methods of presenting a *prima facie* case are not fixed; they are flexible and depend to a large degree upon the employment situation." Wilson v. B/E Aerospace, Inc., 376 F.3d 1079, 1087 (11th Cir. 2004).

Defendant contends that plaintiff cannot establish that he was treated less favorably with respect to his wage increase because of his race or religion. DSI has introduced

6

evidence that all of its security officers at the American Buildings plant were paid the same amount under its initial contract with American Buildings and that, when DSI negotiated a rate increase in December 2006, every security officer at the plant received the same increase. (Sorrells' dec., ¶¶ 5-6). Taking all of the facts set forth in plaintiff's response as true, none of them would permit a reasonable inference that DSI failed to give plaintiff a pay increase because of his race or his religion. He has not produced evidence that any similarly situated comparator of a different race or religion was treated more favorably with regard to pay increases, and has produced no other evidence sufficient to permit an inference of discrimination. Accordingly, defendant is entitled to summary judgment on plaintiff's pay raise claim even if, as alleged by plaintiff, defendant acted in bad faith in failing to give him a raise. See Newman v. Career Consultants, Inc., 470 F. Supp. 2d 1333, 1348 (M.D. Ala. 2007).

DSI argues that its conduct in the EEOC process do not constitute an actionable adverse employment action. "An adverse employment action must effect 'a serious and material change in the terms, conditions, or privileges of employment.' Further, regardless of the employee's subjective view, 'the employment action must be materially adverse as viewed by a reasonable person in the circumstances.'" Osahar v. Postmaster General of U.S. Postal Service, 2008 WL 123959, * 7 (11th Cir. Jan. 15, 2008)(unpublished opinion)(quoting Davis v. Town of Lake Park, Fla., 245 F.3d 1232, 1239 (11th Cir. 2001))(footnote omitted). DSI's conduct in allegedly lying to the EEOC and leaving the mediation with the investigator – even if collusive as alleged by plaintiff – did not affect the

terms, conditions or privileges of plaintiff's employment *at all*, let alone in any serious or material way. Because the conduct of which plaintiff complains does not constitute an adverse employment action, he has not established a *prima facie* case of racial or religious discrimination, and DSI is entitled to summary judgment on this claim.

In his response to DSI's motion for summary judgment, plaintiff moves for summary judgment in his favor. (Doc. # 35, p. 4). The competent evidence of record does not affirmatively establish plaintiff's entitlement to judgment on his claims. Accordingly, plaintiff's motion is due to be denied.

## CONCLUSION

For the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge that:

(1) defendant DSI's motion for summary judgment (Doc. # 15) be GRANTED as to plaintiff's claims pursuant to Title VII that DSI discriminated against him on the basis of his race and religion by: (a) failing to give him a pay increase; and (b) by lying to the EEOC and leaving the EEOC mediation with the EEOC investigator;

(2) plaintiff's motion for summary judgment on his claims against defendant DSI (included within Doc. # 35) be DENIED; and

(3) that plaintiff's remaining claims be referred back to the undersigned Magistrate Judge for any further pretrial proceedings.

The Clerk of the Court is ORDERED to file the Recommendation of the Magistrate Judge and to serve a copy on the parties to this action. The parties are DIRECTED to file

any objections to this Recommendation on or before March 13, 2008 . Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. Resolution Trust Co. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993); Henley v. Johnson, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 29th day of February, 2008.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE