CASE: 1:07 CV-00616-MHT-SRW

RECEIVED
MAR 11 2008
CLERK
U.S. DISTRICT COURT
MIDDLE DIST. OF ALA.

RECEIVED
2008 MAR 11 A 9:37
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

# Motion To Reconsider Order Compelling Discovery

In Document 80-1 Court compel Defendant American Building to answer interrogatories in Part. Plaintiff seeks to have interrogatories to be answered in totality. The DSI Amount paid to DSI by American Building could be used with Salaries and Contract Amount to show that DSI paid less to American Guards and the reason being was that they had a problem with the Security Guard(Black) + Penecoastal.

The Security Guards were under the same system as the plant employees

before they were Contracted Out. They have the same Personnel Manager, he supervise and has oversight of Guard, Provide stationary, and instruct Guards on things that must be done. They are similary situated.

The Salaries amount from American would show American has shown prejudice toward salaries with Blacks.

Before DSI took Control of Security the place a worker would start work would be guard and then move into the Plant. They were similiarly situated.

Showing the Contract amount given to DSI would show that they received Amounts necessary to give raises but did not. They (cost) in EEOC Court Document has shown a slanted view toward not giving a decent wage by saying they were only obligate to give minimum wage. Because I was Black they also felt that they did not have to give one at all. They have never answered the question why they did not give the promise wage. I find it hard to believe that they could not negoiate a wage increase in four years and still maintain the Contract (SEE DOC 3).

I also don't think that that would be the answer to why A Promise Wage was not given.

I think again my Race and religion was the reason they did not give the promise raise.

Again they Promise A Wage, said Wage was put in (American BLDG), said they wer going to sign paper on memorial Day (DSI) but their answer was they could not negoiate a wage increase. Sombody is lying. I think Summary Judgement should be awarded to Plaintiff and not to Defendant and Discoveries on both parties should be allowed in totality. (SEE Doc.69, Doc 71) My Case was filed with EEOC on July 17, 2006. EEOC did not because of their "Foot Draging", and incompetant did not address my case until Sept. The date allow by the Judge (Magistrate) should be back 3 month at least. It seem unconceivable that the relevant time should only be 6 month before filing. I plan to ask on Discovery for records showing time work on certain Days to show I was not allowed to work on Wednesday and that I was given less hour than a white employee. By allowing

me limited discovery that information would be unavailable to me. The relevant time period is the time I worked here not six months before my case.

For the above stated reasons I am asking the Judge to Reconsider and Change the limits of Discovery.

Certificate of Service

I hereby certify that on this day the foregoing Plaintiff Roger Reeves served on the following the above Documents Via U.S. Mail, first class postage attached to ensure delivery:

Danielle J. Hayot
Equal Employment Opportunity Commission
1801 L ST. N.W
Washington, D.C. 20507

Nelson Mullins
& Riley Scarbrough LLP
Attorneys and Counselors
AT LAW
Atlantic Station
201 17th Street NW
Suite 1700, Atlant, GA.
30363

David T. Wiley
Jackson Lewis LLP
Park Place Tower Suite 650
2001 Park Place North
B'HAM, AL. 35203

*Roger Reeves*

2/6/08

DOCUMENT (3)

The DIGEST Of Equal Employment Opportunity Law
Volume XIII, No. 3
eeoc

Office of Federal Operations

Summer Quarter 2002

Discrimination Found. Complainant was discriminated against, based on national origin (Arab/Egyptian), and religion (Muslim), when he was not selected for two agency positions. The Commission also awarded complainant $75,000 in non-pecuniary damages and reimbursement for proven medical expense. Ghazzawi v. United States Postal Service EEOC Appeal No. 01A15327 (April 23, 2002).

Pretext
Pretext Found. The Commission found that the agency's reason for not promoting complainant during his detail as a Garbage Truck Driver (a delay in paperwork and a lack of agency funds), was unworthy of belief. The agency official in charge of processing the paperwork averred that he was processing the necessary paperwork and that complainant could be paid at the higher rate. However, the agency was unable to prove that it even began processing the paperwork. Further, complainant's immediate supervisors obstructed his being paid at the higher rate. The Commission found, accordingly, that the agency discriminated against complainant based on race, color, and retaliation. Ford v. Department of the Army, EEOC Request No. 05980506 (December

. When the Commission orders an award of Back Pay, what does it mean?

Back Pay is an equitable remedy that includes monetary benefits and all forms of compensation, reflecting fluctuations in working time, overtime, rates, penalty overtime, Sunday premium and night work, changing rates of pay, transfers, promotions, and privileges of employment. See Cass v. Department of Veterans Affairs, EEOC Petition No. 04A10014 (March 14, 2002).

2. What is meant by an equitable remedy?

An equitable remedy is "make whole relief" designed to restore the complainant as much as possible to the position he/she would have been in absent discrimination. See Finlay v. United States Postal Service, EEOC Appeal No. 01942985 (April 29, 1997) (citing Albemarle Paper Co. v. Moody, 422 U.S. 405 (1975)). The burden of limiting the remedy rests on the agency. Finlay supra.

3. Where does the Commission get its authority to award back pay?

EEOC's authority to award back pay is derived from the remedial provisions of Title VII of the Civil Rights Act of 1964, as amended, and, by analogy, the Rehabilitation Act of 1973, as amended. See Ferguson v. United States Postal Service, EEOC Request No. 05880848 (May 8, 1990).

6. What are liquidated damages?

Page 1