# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| ROGER REEVES, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. |
| ) | 1:07CV616-MHT |
| v. ) | |
| ) | |
| DSI SECURITY SERVICES *et al.*, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## DEFENDANT DSI SECURITY SERVICES, INC.'S
## MOTION FOR SUMMARY JUDGMENT AND SUPPORTING BRIEF

Defendant DSI Security Services, Inc. ("DSI") moves the Court, pursuant to Fed. R. Civ. P. 56, for summary judgment as a matter of law on plaintiff Roger Reeves's ("plaintiff") remaining claim[1] of a race- and religion-based hostile environment. There are no material issues of undisputed fact and DSI is entitled to judgment as a matter of law. In support of its Motion, DSI submits the following:

1. Declaration of Eddie Sorrells; and

2. Supporting Brief.

---

[1] On August 3, 2007, DSI moved for summary judgment on plaintiff's pay-based disparate treatment claim and his claim that DSI discriminated against him by walking out of the room with the mediator after the mediator remarked "This cat does not know what he is doing. Let's get out of here" during EEOC mediation (Complaint ¶ 9 & Attachment; Amended Complaint ¶ 9 & Attachment). On February 29, 2008, the Magistrate entered her recommendation that summary judgment be granted in favor of DSI on these claims. However, the Magistrate further concluded that, reading the Complaint broadly, plaintiff also had asserted a hostile environment claim against DSI, to which DSI had not responded. Accordingly, DSI files the instant motion as to plaintiff's remaining hostile environment claim.

## MOTION

In his Amended Complaint, Plaintiff asserts in that, among other things, he was subjected to a hostile environment (Amended Complaint ¶ 4). Plaintiff's hostile environment claim must be dismissed as a matter of law because he failed to raise the claim in his EEOC charge and therefore failed to administratively exhaust the claim. Regardless, plaintiff has not asserted facts sufficient to establish that he was subjected to *any* race- or religion-based harassment, let alone conduct sufficiently severe and/or pervasive to rise to the level of a hostile environment.

## SUPPORTING BRIEF

**A.   Background Facts**

1.   DSI provides contract security services to a variety of industries and businesses throughout the eastern and southern United States (Sorrells Declaration ¶ 1).

2.   One of DSI's clients is American Buildings, who operate a metal building fabrication plant in Eufala, Alabama (Sorrells Declaration ¶ 2).

3.   Plaintiff was hired as a security officer by DSI in 2002 and is assigned to the American Buildings plant in Eufala (Sorrells Declaration ¶ 3).

4.   On September 22, 2006, plaintiff filed a charge of discrimination with the EEOC, alleging race and religious discrimination (EEOC Charge of Discrimination No. 420-2006-03907) (Hereinafter "EEOC Charge") (attached to Original Complaint).

    5.    The "particulars" section of plaintiff's EEOC charge states in its entirety:

> I began my employment with the employer named above as a security guard on February 2, 2002. During the year of 2005, I was promised a wage increase by Allen Wood, Supervisor. During the year of 2006, I was promised a wage increase by Mr. Wood and John Howard, Personnel Coordinator. Although I was promised a wage increase I have not been given a wage increase. I have not been given a reason as to why I have not been given a wage increase.
>
> I believe that I was discriminated against in violation of Title VII of the 1964 Civil Rights Act, as amended because of my race, Black and my religion, Pentecostal.

(EEOC Charge).

    4.    On December 13, 2006, plaintiff and DSI attended mediation through the EEOC's ADR program (Sorrells Declaration ¶ 4). Mr. James Lee conducted the mediation on behalf of the EEOC. Id. The parties were not able to resolve the matter at the mediation and so the EEOC began processing the Charge through its investigative unit. Id.

    5.    Ms. Debra Leo, ADR Coordinator for the EEOC's Birmingham District Office, subsequently contacted Mr. Eddie Sorrells, DSI's General Counsel and Chief Operating Officer, advised him that Mr. Reeves had complained of dissatisfaction with the previous mediation, and asked if DSI would participate in a second attempt at mediation (Sorrells Declaration, at ¶ 5). Mr. Sorrells agreed and a second mediation was held on February 8, 2007, at which Ms. Leo personally appeared on behalf of the EEOC. Id. The second mediation was similarly unsuccessful. Id.

6.      On or about April 5, 2007, the EEOC dismissed plaintiff's Charge, concluding that no violation of any statute could be established (Dismissal and Notice of Rights dated 4/5/07) (attached to original Complaint).

7.      On July 2, 2007, plaintiff filed his judicial Complaint, asserting claims of race and religious discrimination under Title VII of the Civil Rights Act of 1964 and naming DSI Security Services, American Buildings and the EEOC as defendants. On August 10, 2007, plaintiff filed an Amended Complaint, reasserting the same claims.

8.      In the paragraph describing the "nature of [plaintiff's] complaint," plaintiff states:

> Alan Wood and DSI used deceptive[,] collusive[,] discriminatory actions when they did not perform a contractual obligation. They said they were negotiating and going to sign a contract and they were not doing either. John Howard said he would put in the paper work for my raise but no raise ever came forth. Plant employees have receive[d] three on[-]time raises. Discriminatory action could be only concluded considering none [sic] other reasons and hostile work environment.
>
> EEOC, James Lee, Debra Leo used collusive and discriminatory action when he (James Lee) during negotiation jumped up and said, "This cat does not know what he is doing. Let's get out of here" and left the room with DSI. Mrs. Leo prejudice[d] the investigative process by stating I did not have a case. I ask for another negotiator and she said she would send some one from the Montgomery office. She use[d] guise [sic] and came herself.

(Amended Complaint ¶ 9).

9.      In a statement attached to his Amended Complaint, plaintiff added:

> <u>James Lee</u>, EEOC negotiator, used discriminatory practices by stating "This cat does not know what he is doing" and left the room with DSI in the first part of the negotiating process before any offer was made. His prejudicial action made it impossible to receive any fair and impartial offer during negotiation and resolution of my case in a positive manner with [the] EEOC.
> …
>
> John Howard reneged on [a] contractual obligation when he promised to give a raise and it never came through. I believe it was my race and religion that was at issue considering the hostile environment that was and had been in not [being accepting?] of my race and religion. Management made derogatory statement about myself and blacks and my religion to employees. EEOC did not aggressively pursue action against American Buildings when I file[d] my charge. They (American Buildings) showed a tendency to keep wages low for a group. This had a disparate effect.

(Attachment to Amended Complaint, at pp. 1-2) (emphasis in original).

10.     On August 3, 2007, defendant American Buildings moved to dismiss the claims asserted against it, contending that it had not been named as a respondent in plaintiff's EEOC charge and therefore was an improper defendant. In his opposition to the motion to dismiss, plaintiff stated:

> American Buildings has create[d] a hostile work environment since the beginning of my tenure there.
>
> (1)    Having factory worker come out to inspect the mopped floor to embrasse [sic] me.
>
> (2)    No answering CB when I called or delayed when Black[s] call on CB[.]

  (3)  Permitting worker to wear X sticker on clothes[.]

  (4)  Prejudice statement about Bible[.]

  (5)  Derrogatory [sic] comments about mixed marriage couple[.]

(Pl. Motion to Not Dismiss Plaintiff[']s] Claim and Give Summary Judgment, at p. 3).

**B.** <u>**Legal Standards**</u>

 **1.** **Summary Judgment Standard**

The legal standard for summary judgment is well settled and well-known to the court. Summary judgment is appropriate only if this Court finds that there exists no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c). <u>Anderson v. Liberty Lobby, Inc</u>., 477 U.S. 242, 249 (1986); <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986); <u>Turnes v. AmSouth Bank, N.A.</u>, 36 F.3d 1057, 1061 (11th Cir. 1994).

 **2.** **Administrative Exhaustion**

"'No action alleging a violation of Title VII may be brought unless the alleged discrimination has been made the subject of a timely-filed EEOC charge.'" <u>Jerome v. Marriott Residence Inn Barcelo Crestline/AIG</u>, 211 Fed. Appx. 844, 846 (11th Cir. 2006) (quoting <u>Alexander v. Fulton County</u>, 207 F.3d 1303, 1332 (11th Cir. 2000)). Although the court "liberally construe[s] EEOC charges that are prepared without the assistance of counsel, 'a plaintiff's judicial complaint is limited by the scope of the EEOC investigation which can be reasonably expected to grow out of the charge of

6

discrimination.'" Id. (quoting Gregory v. Georgia Dep't of Human Res., 355 F.3d 1277, 1280 (11th Cir. 2004)).

### 3. Hostile Environment

"'A hostile environment claim under Title VII is established upon proof that the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" Washington v. The Kroger Company, 218 Fed. Appx. 822, 824 (11th Cir. 2007) (quoting Miller v. Kenworth of Dothan, Inc., 277 F.3d 1269, 1275 (11th Cir. 2002)). To establish a hostile environment claim, a plaintiff must demonstrate that

> (1) he belongs to a protected group; (2) he has been subject to unwelcome harassment; (3) the harassment has been based on a protected characteristic, such as [] race; (4) the harassment is sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive work environment; and (5) the employer is responsible for such environment under a theory of vicarious liability or a theory of direct liability.

Id. at 824-25 (citing Miller, 277 F.3d at 1275). "'Innocuous statements or conduct, or boorish ones that do not relate to the [protected characteristic] of the actor or of the offended party (the plaintiff), are not counted.'" Id. at 825 (quoting Gupta v. Florida Bd. of Regents, 212 F.3d 571, 583 (11th Cir. 2000)). Moreover, "teasing, offhand comments, and isolated incidents (unless extreme) will not amount to discriminatory changes in the terms and conditions of employment. Id. (citing Mendoza v. Borden,

7

Inc., 195 F.3d 1238, 1245 (11th Cir. 1999)).

## ARGUMENT

**A.  Plaintiff Failed to Administratively Exhaust His Hostile Environment Claim.**

To the extent that plaintiff has asserted a hostile environment claim against DSI, that claim is due to be dismissed because he failed to raise it in his EEOC charge. Plaintiff's EEOC charge states in its entirety:

> I began my employment with the employer named above as a security guard on February 2, 2002. During the year of 2005, I was promised a wage increase by Allen Wood, Supervisor. During the year of 2006, I was promised a wage increase by Mr. Wood and John Howard, Personnel Coordinator. Although I was promised a wage increase I have not been given a wage increase. I have not been given a reason as to why I have not been given a wage increase.
>
> I believe that I was discriminated against in violation of Title VII of the 1964 Civil Rights Act, as amended because of my race, Black and my religion, Pentecostal.

(EEOC Charge).

There is absolutely nothing in the wording of plaintiff's charge remotely suggesting that he was subjected to a hostile environment or that he was asserting such a claim. On the contrary, the charge clearly asserts only a disparate pay claim. Thus, while a charge filed by an individual who was unrepresented should be liberally construed, there is no basis upon which plaintiff's charge can be construed as having asserted a hostile environment claim.

8

Moreover, disparate pay claims are not "like or related" to hostile environment claims such that a hostile environment claim could reasonably be considered within the scope of plaintiff's charge. See Ramon v. AT&T Broadband, 195 Fed. Appx. 860, 866 (11th Cir. 2006) ("[Plaintiff] has pointed to no allegation in her EEOC charge that reasonably points to the kind of pervasive and oppressive condition that would allow us to conclude that she intended to have the EEOC investigate the workplace for a hostile environment. . . . Because neither a retaliation nor a hostile work environment claim could have reasonably been expected to grow of the allegations made by [plaintiff] in her EEOC charge, the district court did not err by finding that she failed to exhaust those claims."); Swanson v. Civil Air Patrol, 37 F. Supp. 2d 1312, 1321-22 (M.D. Ala. 1998) (holding that unequal pay claims are not "like or related" to hostile environment claims); cf. Allen v. Potter, 115 Fed. Appx. 854, 860 (7th Cir. 2004) ("Although the denial of overtime may be an adverse employment action to support a claim of discrimination, a workplace has been considered hostile only when it is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.  We cannot tease such a situation out of these allegations."). Because plaintiff failed to administratively exhaust his hostile environment claim, it must be dismissed as a matter of law.

B. **Plaintiff Cannot Demonstrate the Severity or Pervasiveness Necessary to Establish a Hostile Environment Claim**.

Even if plaintiff had administratively exhausted his hostile environment claim, he cannot demonstrate either the severity or pervasiveness necessary to establish such a claim. In fact, plaintiff has not asserted *any* specific acts of race or religion-based harassment against anyone at DSI. On the contrary, plaintiff asserts only that one or more individuals at American Buildings, where he was assigned, engaged in harassing behavior. Specifically, plaintiff asserts that "American Buildings has create[d] a hostile work environment since the beginning of my tenure there" by "(1) Having factory worker come out to inspect the mopped floor to embrasse [sic] me[;] (2) No answering CB when I called or delayed when Black[s] call on CB[;] (3) Permitting worker to wear X sticker on clothes[;] (4) Prejudice statement about Bible[;] [and] (5) Derrogatory [sic] comments about mixed marriage couple (Pl. Motion to Not Dismiss Plaintiff['s] Claim and Give Summary Judgment, at p. 3).[2]

Regardless, plaintiff's assertions in support of his hostile environment claim do not remotely approach the level of severity or pervasiveness necessary to establish such a claim. With respect to a race-based harassment, plaintiff's only clear-cut race-based

---

[2] As plaintiff's Motion to Not Dismiss Plaintiff['s] Claim and Give Summary Judgment combines argument with assertions of fact and was signed under penalty of perjury, defendant requests that the Court treat the pleading as a declaration pursuant to 28 U.S.C. § 1746, as it did with plaintiff's response to American Building's motion for summary judgment.

allegations are that (a) when he or other black security guards called on the CB, there was no response or the response was delayed and (b) someone made derogatory comments about a mixed-marriage couple. With respect to a religion-based hostile environment, plaintiff claims only that someone made "prejudiced" statements about the Bible.[3] Taken as true, these allegations do not rise to the level of severity and/or pervasiveness necessary to establish a hostile environment claim. Accordingly, plaintiff's claim is due to be dismissed on this additional ground.

## Conclusion

For the reasons asserted herein, to the extent plaintiff has asserted a hostile environment claim against DSI, defendant is entitled to judgment as a matter of law on that claim.

Respectfully Submitted,

 /s/  *David T. Wiley*
David T. Wiley (ASB-4051-Y54D)
E-Mail:  wileyd@jacksonlewis.com
Tel:    (205) 332-3104
Fax:   (205) 332-3131

**JACKSON LEWIS LLP**
First Commercial Bank Building
800 Shades Creek Parkway, Ste. 870
Birmingham, Alabama  35209
**Attorney for Defendant
DSI Security Services, Inc.**

---

[3]  Defendant does not see any obvious race- or religion-based element to plaintiff's assertions regarding the inspection of mopped floors or the "X sticker."

11

# CERTIFICATE OF SERVICE

I hereby certify that on March 13, 2008 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system that will provide service upon the following parties of record:

>Daniel M. Shea
>daniel.shea@nelsonmullins.com
>Paul R. Beshears
>paul.beshears@nelsonmullins.com
>**NELSON MULLINS RILEY &
> SCARBOROUGH, LLP**
>999 Peachtree Street, NE/14th Floor
>Atlanta, Georgia 30309-3964

>Danielle J. Hayot
>Equal Employment Opportunity Commission
>1801 L Street, NW
>Washington, D.C. 20507
>danielle.hayot@eeoc.gov

I hereby further certify that a copy was delivered via First Class U.S. Mail, postage prepaid upon the following:

>Roger Reeves
>B-12 Chattahoochee Court
>Eufala, Alabama 36027

/s/ *David T. Wiley*
Counsel of Record

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| ROGER REEVES, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. |
| ) | 1:07CV616-MHT |
| ) | |
| v. ) | |
| ) | |
| DSI SECURITY SERVICES *et al.*, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

## **DECLARATION OF EDDIE SORRELLS**

My name is Eddie Sorrells. I am an adult male over the age of nineteen years and a United States citizen residing in Dothan, Alabama. I have been employed with DSI Security Services, Inc. ("DSI") since 1991 have been the Chief Operating Officer and General Counsel for DSI since 2004. I am under no legal disability and am competent to testify. I am aware that Roger Reeves has filed a lawsuit against DSI and have personal knowledge of the facts and matters set forth herein.

1. DSI, headquartered in Dothan, Alabama, provides contract security services to a variety of industries and businesses throughout the eastern and southern United States.

2. One of DSI's clients is American Buildings, who operate a metal building fabrication plant in Eufala, Alabama.

3. Roger Reeves was hired as a security officer by DSI in 2002 and is assigned to the American Buildings plant in Eufala.

4. On December 13, 2006, plaintiff and DSI attended mediation through the EEOC's ADR program. Mr. James Lee conducted the mediation on behalf of the EEOC. The parties were not able to resolve the matter at the mediation and so the EEOC began processing the Charge through its investigative unit.

5. Ms. Debra Leo, ADR Coordinator for the EEOC's Birmingham District Office, subsequently contacted me, advised me that Mr. Reeves had complained of dissatisfaction with the previous mediation, and asked if DSI would participate in a second attempt at mediation. I agreed and a second mediation was held on February 8, 2007, at which Ms. Leo personally appeared on behalf of the EEOC. The second mediation was similarly unsuccessful.

6. In the judicial Complaint filed by Mr. Reeves, he names Alan Wood as an individual who allegedly engaged in discriminatory conduct. During the times relevant to the claims in Mr. Reeves's lawsuit, Mr. Wood was an Operations Manager for DSI and worked at the Company's headquarters in Dothan. Mr. Reeves also identifies John Howard as an alleged discriminator. Mr. Howard is the plant manager for the American Buildings plant in Eufala.

I declare under penalty of perjury that the foregoing is accurate and complete, to the best of my knowledge.

*s/ Eddie Sorrells*
Eddie Sorrells

 March 13, 2008
Date