CASE 1:07-CV-00616-MHT-SRW

RECEIVED
2008 MAR 20 A 9:34
___ P. HACKETT, CL_
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

Roger Reeves,
  Plaintiff

V.

DSI Security Services, et al.,
  Defendants.

Response to Recommendation of The Magistrate Judge

I, Roger Reeves the Plaintiff work at the American Building Location for DSI Security Services EEOC charge file and charge file to Court states Tod Howard is personnel manager or Plant Manager. I think that information was misread by Magistrate Judge.

Since the Defendant American Building did not answer or question the validity of the Allegation and only the fact that American

Buildings was not named in the suit on which point he lost. Summary Judgement should then have been issued to Plaintiff since there were no material facts in dispute. The defendant should not be allowed to enter other or another reason for his pleading. If he does an equitable estoppel should be granted against him.

Plaintiff has set forth many instances of hostility by the Defendant. The wearing of the Confederate Flag attached to their clothing (see Document 1), have Factory Worker come out to Inspect Floor, Answering CB after three or more time when Blacks call Foreman or other Personnel, when emergency call is made by Guards to off duty Personnel only the Black person would come out. White persons would not come out. Management would not answer CB when I was sick. (DSE would not answer telephone). Management made derogatory statement about Black men married to white woman. Management showing favoritism to white person working even when white person did not want to work!! I think Summary Judgement should be warranted in these and other incidents not named. These acts of disparity would more then influence management at Raise time.

In the Case of Dixon v. Coburg Dairy Inc, (4th Cir.) a decision was adjudicate in the Plaintiff favor when a Confederate flag sticker on a tool box was not remove. In my instance Confederate flags were sewed on Plant Worker Clothes for years and nothing was done. Documents showing the Case is presented here (Document 1, 4)

American and it Attorney are Commiting Fraud on this Court and asking for Summary Judgement with prejudice. They knowingly and willfully submitted false Documents under Penalty of Perjury to me. American has submitted to Court and me false Documents knowing that the allegations are correct.

In the Document (2) it states that "In the State of Missouri v. Robert Joe Mason, 394 S.W. 2d 343, and many other similar cases, it is accepted that if a party's caught cheating, that it can be inferred that their cause is an unrighteous one and that their Conduct is evidence of their guilt. They could have been party to EEOC Conciliation if they wanted to because Documents were served on them (Per EEOC Intake Personnel).

EEOC Document shows RACE and Religion as the Charges against DSI and AmeriCAN. Plaintiff was not aware that American was not on charge until a few day before ADR Mediation.

Truck Driver stated that he overheard them say they did not like my Bible.

In Document 6 Schwapp V Town of Avon ...
("The preception that the work environment is hostile can be influenced by treatment of other persons of a plaintiff's protected class, even if that treatment is learned second-hand") ...
"offensive statement made ... outside of Plaintiff presence, may also be viewed by a factfinder as having contributed to creating a hostile environment". IN Such a Charge Environment Raises, Promises, and truth to a protected class member is Secondary.

The environment is so hostile that a white person who I planned to use to testify said that he knows that he would be fired so he said he would not answer a Judges Questions if asked.

I think Summary Judgement should have been give Plaintiff as a matter of Law. Perjury should be <u>Punishable</u> not <u>Rewarded</u>.

American Provided an environment of redicule (Person Name Roger Died and redicule and said it wasn't you was it). Management could not give a promised raise in such a charge environment.

American is a very hostile and charge environment a meet test a person with protected rights would not come forth. Judgement should be granted in Default.

Roger Reeves
3/19/08

Certificate of SERVICE

I hereby certify that on 3/19/08 a copy of the foregoing was served on the Court (Middle District) for the State of ALABAMA.

Roger Reeves
B-12 Chatt. Court
Eufaula, Alabama

3/19/08

Untitled

20.   Cf. West v. Derby Unified School Dist. No. 260, 2000 WL 294093 (10th Cir. Mar. 21) (upholding school "racial harassment policy" that defined as harassing "clothing, articles, material, publications or any item that denotes Ku Klux Klan, Aryan Nation--White Supremacy, Black Power, Confederate flags or articles, Neo-Nazi or any other 'hate' group").

55.   Schwapp v. Town of Avon, 118 F.3d 106, 111-12 (2nd Cir. 1997). See also Robinson v. Jacksonville Shipyards, Inc., 760 F. Supp. 1486, 1499 (M.D. Fla. 1486) ("The perception that the work environment is hostile can be influenced by the treatment of other persons of a plaintiff's protected class, even if that treatment is learned second-hand."); Dortz v. City of New York, 904 F. Supp. 127, 150 (S.D.N.Y. 1995) ("offensive statements made . . . outside of Plaintiff's presence, may also be viewed by a factfinder as having contributed to creating a hostile environment"); Barbetta v. Chelawn Services Corp., 669 F. Supp. 569, 572 (W.D.N.Y. 1987); Sims v. Montgomery County Comm'n, 766 F. Supp. 1052 (M.D. Ala. 1990):

*Document 2*

Untitled

overturning a judgement. The court in Sutter v. Easterly (Mo) 189 SW2d 284, articulated the general rule defining fraud on the court within the courts of Missouri:

"... Where a lawyer engages in a conspiracy to commit a fraud upon the court by the production of fabricated evidence and by such means obtains a judgement then the enforcement of the judgement becomes manifestly unconscionable' and a court of equity may devitalize the judgement." Id, at 288.

In State of Missouri, v. Robert Joe Mason, 394 S.W.2d 343, and many other similar cases, it is accepted that if a party is caught cheating, that it can be inferred that their cause is an unrighteous one and that their conduct is evidence of their guilt.

equitable estoppel
: an estoppel that prevents a person from adopting a new position that contradicts a previous position maintained by words, silence, or actions when allowing the new position to be adopted would unfairly harm another person who has relied on the previous position to his or her loss called also estoppel in pais
NOTE: Traditionally equitable estoppel required that the original position was a misrepresentation which was being denied in the new position. Some jurisdictions retain the requirement of misrepresentation.

promissory estoppel
: an estoppel that prevents a promisor from denying the existence of a promise when the promisee reasonably and foreseeably relies on the promise and to his or her loss acts or fails to act and suffers an injustice that can only be avoided by enforcement of the promise

Page 1

DOCUMENT (3)

eeoc
The DIGEST of Equal Employment Opportunity Law
Volume XIII, No. 3

Office of Federal Operations

Summer Quarter 2002

Discrimination Found. Complainant was discriminated against, based on national origin (Arab/Egyptian), and religion (Muslim), when he was not selected for two agency positions. The Commission also awarded complainant $75,000 in non-pecuniary damages and reimbursement for proven medical expense. Ghazzawi v. United States Postal Service EEOC Appeal No. 01A15327 (April 23, 2002).

Pretext
Pretext Found. The Commission found that the agency's reason for not promoting complainant during his detail as a Garbage Truck Driver (a delay in paperwork and a lack of agency funds), was unworthy of belief. The agency official in charge of processing the paperwork averred that he was processing the necessary paperwork and that complainant could be paid at the higher rate. However, the agency was unable to prove that it even began processing the paperwork. Further, complainant's immediate supervisors obstructed his being paid at the higher rate. The Commission found, accordingly, that the agency discriminated against complainant based on race, color, and retaliation. Ford v. Department of the Army, EEOC Request No. 05980506 (December

. When the Commission orders an award of Back Pay, what does it mean?

Back Pay is an equitable remedy that includes monetary benefits and all forms of compensation, reflecting fluctuations in working time, overtime, rates, penalty overtime, Sunday premium and night work, changing rates of pay, transfers, promotions, and privileges of employment. See Cass v. Department of Veterans Affairs, EEOC Petition No. 04A10014 (March 14, 2002).

2. What is meant by an equitable remedy?

An equitable remedy is "make whole relief" designed to restore the complainant as much as possible to the position he/she would have been in absent discrimination. See Finlay v. United States Postal Service, EEOC Appeal No. 01942985 (April 29, 1997) (citing Albemarle Paper Co. v. Moody, 422 U.S. 405 (1975)).The burden of limiting the remedy rests on the agency. Finlay supra.

3. Where does the Commission get its authority to award back pay?

EEOC's authority to award back pay is derived from the remedial provisions of Title VII of the Civil Rights Act of 1964, as amended, and, by analogy, the Rehabilitation Act of 1973, as amended. See Ferguson v. United States Postal Service, EEOC Request No. 05880848 (May 8, 1990).

6. What are liquidated damages?

Document 4

## Untitled

An employee who was fired in retaliation for reporting wage and benefit improprieties is entitled to recover punitive damages under the FLSA. A federal court in Pennsylvania interpreted the phrase "legal or equitable relief" under the anti-retaliatory provision of the FLSA to include punitive damages. Marrow v. Allstate Security & Investigative Services Inc. The court reasoned that deterring employers from punishing workers who exercise FLSA rights by allowing punitive damages helps effectuate the purposes of the law.

### LOSS AT ARBITRATION DOES NOT MEAN EMPLOYEE IS PRECLUDED FROM BRINGING TITLE VII CASE IN FEDERAL COURT

However, an adverse decision by a neutral is highly probative. The employee must present new evidence or challenge the neutrality of the arbitrator.

A mechanic refused to remove a Confederate flag sticker from his toolbox after an African-American co-worker complained that the sticker was offensive. The mechanic's claim of free speech was denied.

(Dixon v. Colourg Dairy Inc., 4th Cir.)

Morel V American Bldg. Co. 2nd Circuit

EEO news.com

Untitled

a) "Hostile Environment" violate s Title VII - The Court rejected the employer's contention that Title VII prohibits only discrimination that causes "economic" or "tangible" injury: "Title VII affords employees the right to work in an environment free from discriminatory intimidation, ridicule, and insult" whether based on sex, race, religion, or national origin. 106 S. Ct. at 2405. Relying on the EEOC's Guidelines' definition of harassment, 6 the Court held that a plaintiff may establish a violation of Title VII "by proving that discrimination based on sex has created a hostile or abusive work environment." Id. The Court quoted the Eleventh Circuit's decision in Henson v. City of Dundee, 682 F.2d 897, 902, 29 EPD ¦ 32,993 (11th Cir. 1982):

http://www.eeonews.com/news/race/index.html

Guard at AmericAN BldGS. for DSI
John Howard is plant manage (Personell Manager)
as stated in Charge file to Court

*Document 6*

Untitled

20.    Cf. West v. Derby Unified School Dist. No. 260, 2000 WL 294093 (10th Cir. Mar. 21) (upholding school "racial harassment policy" that defined as harassing "clothing, articles, material, publications or any item that denotes Ku Klux Klan, Aryan Nation--White Supremacy, Black Power, Confederate flags or articles, Neo-Nazi or any other 'hate' group").

55.    Schwapp v. Town of Avon, 118 F.3d 106, 111-12 (2nd Cir. 1997). See also Robinson v. Jacksonville Shipyards, Inc., 760 F. Supp. 1486, 1499 (M.D. Fla. 1486) ("The perception that the work environment is hostile can be influenced by the treatment of other persons of a plaintiff's protected class, even if that treatment is learned second-hand."); Dortz v. City of New York, 904 F. Supp. 127, 150 (S.D.N.Y. 1995) ("offensive statements made . . . outside of Plaintiff's presence, may also be viewed by a factfinder as having contributed to creating a hostile environment"); Barbetta v. Chelawn Services Corp., 669 F. Supp. 569, 572 (W.D.N.Y. 1987); Sims v. Montgomery County Comm'n, 766 F. Supp. 1052 (M.D. Ala. 1990):