CASE 1:07-CV-0616-MHT-SRW

RECEIVED
2008 MAR 20 A 9:34
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

Roger Reeves
  Plaintiff

V.

RSI Security Services, et al.
  Defendants

# REPLY TO RECommendation of The MAGISTRATE Judge

The Magistrate Judge states in her recommendation that the court is required to construe the pleadings broadly and view the allegation of the complaint in the light most favorable to the Plaintiff. If the facts were "construed" most favorable to the Plaintiff Summary Judge would have been awarded to the Plaintiff. While some courts have acknowledge failure to state a claim many courts do not touch that and only judicate the merits of the claim in EEOC matters. The judge is recommending                with prejudice which mean this case is frivolous and could not be brought again

The merit of the case is far above frivolity and well worth the public knowledge. The public at worst would need to know that there was not a remedy in court to stop the EEOC from committing, fraud, deception, prejudice, and any other action under EEOC and if they did they could have their case dismissed and not be charge for anything under a court of Law. With Prejudice is a pretext to get the case dismissed so it cannot be brought under another statue (TORT).

The Magistrate Judge states that EEOC is barred from damages by sovereign immunity. It has been proven in the case of Walker v. Department of Transportation that EEOC can be sanction and can be charged fees and costs. The District Court in his power has authority to issue rules and regulations that it deem necessary to enforce the prohibition on employment discrimination. No party has the opportunity to pick and choose which rules it wants to obey. (SEE DOC 3)

The ADR Process is at the Heart of EEOC Problem Solving. When one party decides he can break the rules he should be sanctioned. (SEE DOC 2) and appropriate relief given to the

aggrieved party. Plaintiff would have to submit himself to great financial risk because of biased EEOC actions.

EEOC and it Employees are subject to Ethics Rules and per Documents already enclosed. They according their Inspector General can be taken to District Court or any other Court and subjected to the redemy of the Court. The EEOC is subject to Standards of Ethical Conduct For Employees of the Executive Branch, 5 C.F.R. § 2635.101

I complainted up to the Inspector General of the EEOC with no sucess. Their mandate states that "the mission of EEOC's Office of Gen'l Counsel (OGC) is to conduct litigation on behalf of Commission to obtain relief for victims of employment discrimination and ensure compliance with statues that EEOC is charge with enforcing." They were suppose to investigate my complaint but would not. My only redress is now through Court system since all avenues were closed off. (SEE OIC DOC) (SEE STANDARD DOC)

EEOC up to Office of Inspector General (OIG) would not hear my case. They are breaking their own laws and statues being prejudical. Plaintiff seek from EEOC any and all relief (Injuctive and otherwise) that Court seem approiate. Court has authority to award whatever it deem necessary to carry out it mandate to enforce laws and regulations. Court can also hear other matters not relating to EEOC it a law was broken in the carrying out of EEOC functions. Document 2 states that the Director of EEOC is responsibile for providing for the prompt, fair and inpartial processing of individual complaints involving claims of discrimination within the Department subject to 29 CFR Part 1614; She is also responsible for ording Corrective measures as may be necessary, including disciplinary action warranted in circumstances where an employee has been found to engage in a discriminatory practice. The Director of the EEOC neither the Inspector General of the EEOC did any responsible action (only prejudical and under the rug sweeping, passing the buck) or any law abiding action. They totaly ignored my complaint and pass it back to a already bias proven

group of People (SEE Document 2).

Since the action was brought against EEOC the EEOC Commission has show reckless, defiance, malice, and retalitory action. In defiance and retalitory actions EEOC has remove a Web Link to information on 2 web sites. One link shows that action that should be taken for corrupt EEOC ADR member that was moved. Another link to information about EEOC on APA was also moved (Doc. D). Because of these action in the Deposition of my Case EEOC has show bad faith and retalitory actions and Summary Judgement should have been awarded Plaintiff. This was not mentioned in the Magistrate Judge Recommendations.

If this Case is decided not in Plaintiff favor I plead with the Court not to commit the injustice of allowing the Defendant to take my right to file or bring my case under another statue with the Ploy of "with Prejudice".

"Federal Employees may become personally liable for Constitutional deprivation by direct participation, failure to remedy wrongs after learning about it, creation of a policy or custom under which unConstitutional practices occur or gross negligence in managing subordinates who cause violations. (Gallegos V. Haggerty, Nothern District of New York, 689 F. Supp. 93)

EEOC was not truthful in their actions in stating (Debra Lee) that she would have someone come from her Montgomery office. There is not any Montgomery ADR Office. Judgement should be awarded in default.

EEOC does not have immunity to break Law. Sovereign Immunity has been waived for certain action such as Bivens and TORTS. This action could be brought under another Statue so with prejudice should not be granted in this meritous case.

Roger Reeves
3/19/08

Certificate of Service

I hereby certify that on 3/19/08 a copy of the foregoing was served on the Court (Middle District) for the State of ALABAMA.

Roger Reeves
B-12 Chatt. Court
Eufaula, Alabama 36027

3/19/08

*OIG DOC.*

The mission of EEOC's Office of General Counsel (OGC) is to conduct litigation on behalf of the Commission to obtain relief for victims of employment discrimination and ensure compliance with the statutes that EEOC is charged with enforcing. Under Title VII and the ADA, the Commission can sue nongovernment employers with 15 or more employees. The Commission's suit authority under the ADEA (20 or more employees) and the EPA (no employee minimum) includes state and local governmental employers as well as private employers. Title VII, the ADA, and the ADEA also cover labor organizations and employment agencies, and the EPA prohibits labor organizations from attempting to cause an employer to violate the statute. OGC also represents the Commission on administrative claims and litigation brought by its employees, and provides legal advice to the agency on employee-related matters.

Page 3

STANDARD DOC.

Untitled

Title 5: Administrative Personnel
PART 2635–STANDARDS OF ETHICAL CONDUCT FOR EMPLOYEES OF THE EXECUTIVE BRANCH
Subpart A–General Provisions

Browse Previous | Browse Next

§ 2635.106   Disciplinary and corrective action.
(a) Except as provided in §2635.107, a violation of this part or of supplemental agency regulations may be cause for appropriate corrective or disciplinary action to be taken under applicable Governmentwide regulations or agency procedures. Such action may be in addition to any action or penalty prescribed by law.

(b) It is the responsibility of the employing agency to initiate appropriate disciplinary or corrective action in individual cases. However, corrective action may be ordered or disciplinary action recommended by the Director of the Office of Government Ethics under the procedures at part 2638 of this chapter.

(c) A violation of this part or of supplemental agency regulations, as such, does not create any right or benefit, substantive or procedural, enforceable at law by any person against the United States, its agencies, its officers or employees, or any other person. Thus, for example, an individual who alleges that an employee has failed to adhere to laws and regulations that provide equal opportunity regardless of race, color, religion, sex, national origin, age, or handicap is required to follow applicable statutory and regulatory procedures, including those of the Equal Employment Opportunity Commission.

Title 5: Administrative Personnel
PART 2635–STANDARDS OF ETHICAL CONDUCT FOR EMPLOYEES OF THE EXECUTIVE BRANCH
Subpart I–Related Statutory Authorities

Browse Previous

§ 2635.902   Related statutes.
(a) The prohibition against solicitation or receipt of bribes (18 U.S.C. 201(b)).

(b) The prohibition against solicitation or receipt of illegal gratuities (18 U.S.C. 201(c)).

(c) The prohibition against seeking or receiving compensation for certain representational services before the Government (18 U.S.C. 203).

(d) The prohibition against assisting in the prosecution of claims against the Government or acting as agent or attorney before the Government (18 U.S.C. 205).

(e) The post-employment restrictions applicable to former employees (18 U.S.C. 207, with implementing regulations at parts 2637 and 2641 of this chapter).

(f) The prohibition on certain former agency officials' acceptance of compensation from a contractor (41 U.S.C. 423(d)).

(g) The prohibition against participating in matters affecting an employee's own financial interests or the financial interests of other specified persons or organizations (18 U.S.C. 208).

(h) The actions required of certain agency officials when they contact, or are contacted by, offerors or bidders regarding non-Federal employment (41 U.S.C. 423(c)).

(i) The prohibition against receiving salary or any contribution to or

Untitled

supplementation of salary as compensation for Government service from a source other than the United States (18 U.S.C. 209).

(j) The prohibition against gifts to superiors (5 U.S.C. 7351).

(k) The prohibition against solicitation or receipt of gifts from specified prohibited sources (5 U.S.C. 7353).

(l) The prohibition against fraudulent access and related activity in connection with computers (18 U.S.C. 1030).

(m) The provisions governing receipt and disposition of foreign gifts and decorations (5 U.S.C. 7342).

(n) [Reserved]

(o) The prohibitions against certain political activities (5 U.S.C. 7321 through 7326 and 18 U.S.C. 602, 603, 606 and 607).

(p) The prohibitions against disloyalty and striking (5 U.S.C. 7311 and 18 U.S.C. 1918).

(q) The general prohibition (18 U.S.C. 219) against acting as the agent of a foreign principal required to register under the Foreign Agents Registration Act (22 U.S.C. 611 through 621).

(r) The prohibition against employment of a person convicted of participating in or promoting a riot or civil disorder (5 U.S.C. 7313).

(s) The prohibition against employment of an individual who habitually uses intoxicating beverages to excess (5 U.S.C. 7352).

(t) The prohibition against misuse of a Government vehicle (31 U.S.C. 1344).

(u) The prohibition against misuse of the franking privilege (18 U.S.C. 1719).

(v) The prohibition against fraud or false statements in a Government matter (18 U.S.C. 1001).

(w) The prohibition against concealing, mutilating or destroying a public record (18 U.S.C. 2071).

(x) The prohibition against counterfeiting or forging transportation requests (18 U.S.C. 508).

(y) The restrictions on disclosure of certain sensitive Government information under the Freedom of Information Act and the Privacy Act (5 U.S.C. 552 and 552a).

(z) The prohibitions against disclosure of classified information (18 U.S.C. 798 and 50 U.S.C. 783(a)).

(aa) The prohibition against disclosure of proprietary information and certain other information of a confidential nature (18 U.S.C. 1905).

(bb) The prohibitions on disclosing and obtaining certain procurement information (41 U.S.C. 423(a) and (b)).

(cc) The prohibition against unauthorized use of documents relating to claims from or by the Government (18 U.S.C. 285).

(dd) The prohibition against certain personnel practices (5 U.S.C. 2302).

(ee) The prohibition against interference with civil service examinations (18 U.S.C.

Untitled

1917).

(ff) The restrictions on use of public funds for lobbying (18 U.S.C. 1913).

(gg) The prohibition against participation in the appointment or promotion of relatives (5 U.S.C. 3110).

(hh) The prohibition against solicitation or acceptance of anything of value to obtain public office for another (18 U.S.C. 211).

(ii) The prohibition against conspiracy to commit an offense against or to defraud the United States (18 U.S.C. 371).

(jj) The prohibition against embezzlement or conversion of Government money or property (18 U.S.C. 641).

(kk) The prohibition against failing to account for public money (18 U.S.C. 643).

(ll) The prohibition against embezzlement of the money or property of another person that is in the possession of an employee by reason of his employment (18 U.S.C. 654).

[57 FR 35042, Aug. 7, 1992, as amended at 62 FR 48748, Sept. 17, 1997; 64 FR 2422, Jan. 14, 1999; 65 FR 69657, Nov. 20, 2000]

Browse Previous

Untitled

Wednesday, September 12, 2007

EEOC Sanctions Agency With Attorney Fees

In Waller v. Department of Transportation, EEOC Appeal No. 0720030069 (May 25, 2007), the Equal Employment Opportunity Commission (EEOC) found that that an administrative judge (AJ) properly exercised her discretion, and acted consistent with commission regulations, the MD-110, and commission precedent in ordering the agency to pay attorney fees as a sanction for the agency's failure to fully respond to discovery requests. This decision reverses a long-standing prohibition on the award of attorney fees as a sanction.

In Waller, the AJ informed the parties that they could be sanctioned for not complying with her orders in her acknowledgment and order. After the AJ directed the agency to provide certified responses to complainant's interrogatories, and the Agency failed to comply, complainant filed a motion for sanctions. The AJ granted the motion, deeming uncontested complainant's relevant proposed findings of fact and ordering the agency to pay reasonable attorneys fees and costs incurred in preparation of the motion for sanctions.

The agency appealed, arguing that due to the doctrine of sovereign immunity the EEOC is barred from imposing monetary sanctions against federal agencies, as is set forth in a Department of Justice memorandum. The commission, however, concluded that it possesses "the authority to issue sanctions in the administrative hearing process because it has been granted, through statute, the power to issue such rules and regulations that it deems necessary to enforce the prohibition on employment discrimination." Matheny v. Dept. of Justice, EEOC Request No. 05A30373 (2005). The commission also held that it has specifically deemed monetary sanctions, to include attorney fees and costs, "necessary and appropriate to carry out its responsibilities." See 42 U.S.C. § 2000e-16(c). The commission stated:

". . . the commission has long utilized monetary sanctions as a tool to ensure full compliance with administrative judges' orders. . . . Indeed, awarding attorney's fees and costs as a sanction ensures the integrity and efficiency of the administrative process. No party has the opportunity to pick and choose which order by an administrative judge it deems worthy of compliance. . . .

". . . where a party refuses to comply, an administrative judge may: (1) draw an adverse inference . . . ; (2) consider the missing information to be favorable . . . ; (3) exclude other evidence offered . . . ; (4) provide a summary disposition . . . ; and (5) take other action deemed appropriate, e.g., order payment of attorney's fees and costs and expenses by the non-complying party. The commission notes that an administrative judge has the authority to impose attorney's fees and costs to ensure that parties obey discovery or other orders. MD-110, Chapter 11, Section VIII(C), citing, 29 § 1614.109(f)(3)(v)."

(Doc 3) Cont...

Untitled

The commission also referenced past cases where it upheld the use of attorneys fees as sanctions, e.g., for failure to produce records requested during discovery (even where complainant is unsuccessful on the ultimate issue of discrimination) as in Stull v. Dept. of Justice, EEOC Appeal No. 01941582 (1995); where the agency acted in bad faith in failing to appear for properly scheduled depositions as in Comer v. Federal Deposit Insurance Corp., EEOC Request No. 05940649 (May 31, 1996); for various types of egregious conduct as in Johnson v. Dept. of Navy, EEOC Appeal No. 07A20058 (2002) where the agency failed to appear for prehearing conference or submit a preheating statement in timely fashion; and for the agency's attempts to "stonewall" the investigation as in Graham v. Dept. of Transportation, EEOC Appeal No. 01986978 (August 17, 2001). Finally, the commission noted that AJs also possess the authority to order a party to pay attorney fees and costs to prevent a party's misconduct in the future, so long as the sanction is appropriately tailored. See Barbour v. United States Postal Serv., EEOC Appeal 07A30133 (2005); Harris v. United States Postal Serv., EEOC Appeal No. 07A30039 (2005).

* This information is provided by the attorneys at Passman & Kaplan, P.C., a law firm dedicated to the representation of federal employees worldwide. For more information on Passman & Kaplan, P.C., go to http://www.passmanandkaplan.com.

The attorneys at Passman & Kaplan, P.C, are the authors of The Federal Employees' Legal Survival Guide, Second Edition, a comprehensive overview of federal employees' legal rights. To order your copy, go to http://www.fedweek.com/pub/ This book has been selling for $49.95 plus s&h for over two years, but as a special offer to FEDweek readers, we've reduced the price to only $29.95 plus s&h.

New for 2005:

Page 2



*EEOC v Asplundh Tree Expert Co.* (handwritten)

## Appeals Court Sanctions EEOC for Failing to Conciliate in Good Faith Before Filing Lawsuit

February 11, 2004

Emphasizing the legal duty to attempt conciliation between complainants and employers, a federal appeals court upheld the dismissal of a lawsuit filed by the Equal Employment Opportunity Commission and the award of attorneys' fees and costs to the defendant employer. Under the circumstances of the case, the U. S. Court of Appeals for the Eleventh Circuit said the EEOC's conduct " 'smacks more of coercion than of conciliation'."

The case involved allegations of racial harassment, disparate pay, and retaliation filed by an employee of a tree service company working under contract to a Florida regional utility agency. An employee of the utility agency allegedly made racial jokes and gestures while observing and inspecting the work of the tree service employee and his crew. The company addressed the employee's complaint, and according to the employee, the harassment stopped. Subsequently, the contract work dwindled, and the entire work crew was eventually laid off as a result.

Alleging unlawful harassment, discrimination in pay, and retaliation, the employee filed a complaint with the EEOC. During the ensuing thirty-two month investigation, the EEOC focused on the disparate pay claim. The company cooperated with the investigation, however, the EEOC subsequently issued a "reasonable cause" finding on the harassment and retaliation claims but not on the pay claim.

One week after the issuing the cause finding, the EEOC sent a proposed "conciliation agreement" to the company's general counsel, requesting a response within 13 business days. The agreement included reinstatement and front pay for the employee, as well as notice to its employees nationwide of the allegations and training nationwide for all management and hourly employees within 90 days. Although the company immediately retained legal counsel in Florida to investigate the incident and the allegations, and although it responded to the proposal within five days of the stated response date, the EEOC interpreted the response as a refusal to conciliate and filed suit on behalf of the employee. The company's response had requested an explanation of the EEOC's basis for the cause finding, which was not provided, and asked for an extension of time in which to complete the internal investigation and to discuss the issues with the EEOC investigator. It had not indicated any attitude of unwillingness to conciliate.

The federal district court dismissed the EEOC's case against the employer, and as a sanction for the

commission's failure to meet its statutory duty to conciliate, awarded the employer attorney's fees and costs. On appeal, that action was upheld by the U. S. Court of Appeals for the Eleventh Circuit. The appeals court agreed the EEOC had acted in a "grossly arbitrary manner" and "engaged in unreasonable conduct in failing to fulfill its statutory requirement to conciliate the matter."

Under Title VII of the Civil Rights Act of 1964, before filing a lawsuit, the EEOC must "endeavor to eliminate any such alleged unlawful employment practices by informal methods of conference, conciliation and persuasion." To that end, the law requires the EEOC to "(1) outline to the employer the reasonable cause for its belief that Title VII has been violated; (2) offer an opportunity for voluntary compliance; and (3) respond in a reasonable and flexible manner to the reasonable attitudes of the employer." In determining whether the EEOC has complied, "the fundamental question is the reasonableness and responsiveness of the EEOC's conduct under all the circumstances," the court explained.

In support of its decision that the EEOC failed in its conciliation duty and deserved sanctions, the court noted a laundry list of actions and omissions:

1. A three-year investigation of allegations of misconduct by a non-employee, culminating in a cause finding with no explanation as to the basis upon which the employer could be liable for the misconduct;
2. The issuance of a cause finding followed one week later by a proposed conciliation agreement that would have required the employer to reinstatement the former employee with front pay to a position that no longer existed and to conduct nationwide training for all employees within a 90-day period;
3. The refusal of the EEOC investigator to acknowledge receipt of the company's request for an extended period in which to conduct its own investigation of the allegations underlying the cause finding and to discuss the issues with the commission;
4. The failure to communicate with the local attorney for the company and instead immediately to notify the general counsel that conciliation was terminated and a lawsuit imminent. In the court's words, "such an 'all or nothing approach' on the part of a government agency, one of whose most essential functions is to attempt conciliation with the private party, will not do."

Specifically, the court rejected the EEOC's contention that it had no legal duty to respond to the employer's attorney's letter. The mandated "reasonable effort" to resolve the issues between the parties "must, at a minimum, make clear to the employer the basis for the EEOC's charges against it. Otherwise, it cannot be said that the Commission has provided a meaningful conciliation opportunity." Furthermore, the court found no reasonable explanation as to why the Commission had not been willing to keep open the opportunity to negotiate with the employer or to reopen discussions after learning of the company's engagement of local counsel specifically to resolve the matter.

"Conciliation is at the heart of Title VII," noted the court. Speculating the Commission may have been motivated to file the lawsuit hastily because of its potentially lurid details (allegations of a noose as part of one of the offending jokes), which had been reported in the national press, the court said the EEOC failed to engage in the required good faith efforts "to achieve conciliation, effect voluntary compliance, and to reserve judicial action as a last resort." As such, sanctions of the kind imposed by the trial court were not an unreasonable remedy or abuse of judicial discretion.

The full decision is posted on the website for the U. S. Court of Appeals for the Eleventh Circuit.

**For More Information Contact:**

**David E. Block**
Partner
Miami Office
2 South Biscayne Blvd.
Suite 3500
Miami, FL 33131
Email: BlockD@jacksonlewis.com
Phone: (305) 577-7600
Fax: (305) 373-4466

This article is provided for informational purposes only. It is not intended as legal advice nor does it create an attorney/client relationship between Jackson Lewis LLP and any readers or recipients. Readers should consult counsel of their own choosing to discuss how these matters relate to their individual circumstances. Reproduction in whole or in part is prohibited without the express written consent of Jackson Lewis LLP. Jackson Lewis LLP represents management exclusively in workplace law and related litigation. Our attorneys are available to assist employers in their compliance efforts and to represent employers in matters before state and federal courts and administrative agencies. For more information, please contact the attorney(s) listed above or the Jackson Lewis attorney with whom you regularly work.

**Article Website Address:**
http://www.jacksonlewis.com/legalupdates/article.cfm?aid=532

Untitled

Sec. 7.3 Designations.

(a) Director of Equal Employment Opportunity. The Director of the Office of Departmental Equal Employment Opportunity (ODEEO) is designated as the Director of EEO, except for complaints naming the Director or Deputy Director of Departmental EEO, or both, as the responsible management official(s) in complaints arising in the ODEEO which present a conflict-of-interest. In such cases, the Director of EEO may:
    (1) Transfer the case to the Chief of Staff for processing; or
    (2) On behalf of the Department, enter into an agreement with one or more federal agencies for processing of the Department's conflict-of-interest cases by the designated federal official chosen to serve as the EEO Officer Pro Tem.

(b) Deputy Director of Equal Employment Opportunity. The Deputy Director of the ODEEO is designated as the Deputy Director of EEO and acts in the absence of the Director of EEO.

(c) Equal Employment Opportunity Officer. The Director of EEO shall designate the Assistant Secretary or the Assistant Secretary's comparable as EEO Officer for the Department's respective organizational units for complaints arising in the respective Assistant Secretary's or Assistant Secretary's comparable organizational unit.

(d) Equal Employment Opportunity Discrimination Complaint Manager (DCM). Each Assistant Secretary (EEO Officer) shall designate a DCM to represent the organizational unit in EEO matters and assist the EEO Officer in carrying out EEO responsibilities. The DCM shall be the Administrative Officer (AO) for the organizational unit or another designee of the EEO Officer.


Sec. 7.16 Responsibilities of employees.

All employees of the Department are responsible for:
(a) Being informed as to the Department's EEO/ADR programs;
(b) Adopting an attitude of full acceptance and respect for minorities, females, persons with disabilities, veterans and others of diverse characteristics in the workforce, and support for and participation in ADR;
(c) Providing equality of treatment and service to all persons with whom they come in contact in carrying out their job responsibilities;
(d) Providing assistance to supervisors and managers in carrying out their responsibilities in the EEO/ADR programs; and
(e) Cooperating during EEO investigations and throughout the entire EEO ADR process.

[66 FR 20564, Apr. 23, 2001, as amended at 69 FR 62174, Oct. 22, 2004]


Sec. 7.25 Pre-complaint processing.

(a) An ``aggrieved person'' must request counseling in accordance with 29 CFR 1614.105(a). The aggrieved person must initiate contact with an EEO Counselor within 45 days of the date of

[[Page 122]]

the matter alleged to be discriminatory or, in the case of a personnel action, within 45 days of the effective date of the action. EEOC's regulation at 29 CFR 1614.105 shall govern the Department's pre-complaint processing.
    (b) The Department or the EEOC shall extend the 45-day time limit in

Page 1

Untitled

Sec. 7.10 Responsibilities of the Director of EEO.

(h) Providing for the prompt, fair and impartial processing of individual complaints involving claims of discrimination within the Department subject to 29 CFR part 1614;

(i) Making the final decision on discrimination complaints and ordering such corrective measures as may be necessary, including disciplinary action warranted in circumstances where an employee has been found to have engaged in a discriminatory practice.