IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| ROGER REEVES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION FILE |
| ) | NO. 1:07-CV-616-MHT-SRW |
| DSI SECURITY SERVICES, ) | |
| AMERICAN BUILDINGS ) | |
| COMPANY and EEOC, ) | |
| Defendants. ) | |

### DEFENDANT AMERICAN BUILDING COMPANY'S MOTION FOR SUMMARY JUDGMENT

COMES NOW American Buildings Company ("American Buildings") and pursuant to Fed. R. Civ. P. 56, respectfully moves this Court for summary judgment against Plaintiff. There are no material issues of undisputed fact and American Buildings is entitled to judgment as a matter of law. In support of its Motion, American Buildings submits the following:

1. Declaration of Jan W. Spitzer (attached hereto as "Exhibit A");

2. Declaration of Ann M. Savage (attached hereto as "Exhibit B"); and

3. Declaration of Eddie Sorrells (attached hereto as "Exhibit C").

2

Respectfully submitted this 21st day of March, 2008.

                          Nelson Mullins Riley & Scarborough LLP

                          /s/ Paul R. Beshears
                          Daniel M. Shea
                          Georgia Bar No. 63880
                          Paul R. Beshears
                          Georgia Bar No. 055742
                          Attorney for Defendant American Buildings, Inc.

NELSON MULLINS RILEY & SCARBOROUGH LLP
Atlantic Station / 201 17th Street, NW
Suite 1700
Atlanta, GA  30363
(404) 817-6000 Telephone
(404) 817-6050 Facsimile

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 21st, 2008, I electronically filed the foregoing Motion for Summary Judgment and the three attachments identified therein with the Clerk of the Court using the CM/ECF system that will provide service upon the following parties of record:

>David T. Wiley
>Jackson Lewis LLP
>First Commercial Bank Building
>800 Shades Creek Parkway, Suite 870
>Birmingham, AL  35209
>wileyd@jacksonlewis.com
>
>Danielle J. Hayot
>Equal Employment Opportunity Commission
>1801 L St., NW
>Washington, D.C.  20507
>danielle.hayot@eeoc.gov

I hereby further certify that a copy was delivered via First Class U.S. Mail, postage prepaid upon the following:

>Mr. Roger Reeves
>B-12 Chattahoochee Court
>Eufaula, AL 36027

>/s/ Paul R. Beshears
>Paul R. Beshears

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| ROGER REEVES, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DSI SECURITY SERVICES, )<br>AMERICAN BUILDINGS )<br>COMPANY and EEOC, )<br>Defendants. ) | CIVIL ACTION FILE<br>NO. 1:07-CV-616-MHT-SRW |

## DECLARATION OF JAN W. SPITZER

My name is Jan W. Spitzer. I am over twenty-one years of age and reside in Eufaula, Alabama. I am suffering under no legal disabilities and am competent to testify. The facts stated below are based upon my personal knowledge.

1. I am employed by American Buildings Company ("American Buildings") in the position of Human Resources Supervisor. American Buildings is engaged in the manufacture of metal buildings.

2. My office is located in the American Buildings facility in Eufaula, Alabama. There is a sign at each of the driveways into the American Buildings' Eufaula facility that includes the name "American Buildings." Additionally, there is a sign affixed to the front of the building that reads "American Buildings."

3. Throughout my employment with American Buildings, which began in December 1996, I have been a senior American Buildings official responsible for human resources matters at the Eufaula, Alabama, facility.

4. I am the custodian of the personnel records maintained by the American Buildings Eufaula facility. It is the regular practice of American Buildings to prepare a personnel record for each American Buildings employee. Such personnel records include information about the employee's date of hire, date of termination, and other information about the employee's employment history. These personnel records are created at or near the time of the event memorialized in the record by an American Buildings employee with knowledge of the event. These personnel records are maintained by American Buildings in the course of its regularly conducted business activity. American Buildings retains personnel records for at least seven (7) years following an employee's termination of employment.

5. At no time since my employment began with American Buildings in December 1996 has Roger Reeves been an employee of American Buildings. I have reviewed American Buildings' personnel records, and there is no record of Roger Reeves ever being employed by American Buildings.

6. American Buildings contracts with DSI Security Services, Inc. ("DSI") to provide security services at American Buildings' Eufaula facility.

Other than security services, DSI provides American Buildings no other services and is in no way involved in American Buildings' manufacturing processes.

7. DSI and American Buildings do not share or have combined offices, switchboards or telephone numbers.

8. The fees that DSI charges to American Buildings are based in part on the total hours worked by DSI employees at American Buildings' facility times the wage rate DSI pays its employees. DSI must obtain American Buildings' prior approval before it changes the fees that it charges American Buildings.

9. American Buildings has no control over DSI's labor relations. American Buildings plays no role, directly or indirectly, in hiring, firing, promoting, evaluating, disciplining, or supervising DSI employees, including Roger Reeves. American Buildings maintains no personnel records for DSI or any DSI employees.

10. American Buildings plays no role in scheduling DSI employees, deciding which DSI employees will work overtime, or in granting DSI employees vacations, leaves of absence or time off from work. American Buildings plays no role in assigning work to DSI employees. American Buildings will update DSI employees with information pertinent to the performance of their jobs as security guards. For example, if American Buildings is shipping an oversized load that

3

requires escort vehicles, an American Buildings manager will advise the security guards to expect escort vehicles to arrive at the facility.

11.  DSI and American Buildings have no common management. DSI neither controls nor has input into the operations of American Buildings. American Buildings neither controls nor has input into the operations of DSI.

12.  As American Buildings' Human Resources Supervisor, I am responsible for coordinating American Buildings' response to any Equal Employment Opportunity Commission ("EEOC") charge of discrimination or proceeding. All supervisors and other management personnel are required to forward any EEOC charge of discrimination or correspondence to me for handling. American Buildings had no knowledge that Roger Reeves filed any charge of discrimination or initiated any proceedings with the EEOC until he filed the Complaint in this action.

13.  American Buildings was not invited to and had no opportunity to participate in any EEOC investigation, mediation, or conciliation concerning Roger Reeves' charge of discrimination.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 17, 2008.

_____<br>JAN W. SPITZER

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| ROGER REEVES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION FILE |
| | ) NO. 1:07-CV-616-MHT-SRW |
| DSI SECURITY SERVICES, | ) |
| AMERICAN BUILDINGS | ) |
| COMPANY and EEOC, | ) |
| Defendants. | ) |

## DECLARATION OF ANNE M. SAVAGE

My name is Anne M. Savage. I am over twenty-one years of age and reside in Eufaula, Alabama. I am suffering under no legal disabilities and am competent to testify. The facts stated below are based upon my personal knowledge.

1. I am employed by American Buildings Company ("American Buildings") in the position of Controller. My office is in the American Buildings facility located in Eufaula, Alabama.

2. Throughout my employment with American Buildings, which began in 1993, I have been a senior American Buildings official responsible for financial matters at the Eufaula, Alabama facility.

3. I am the custodian of the financial and payroll records maintained by the American Buildings Eufaula facility. It is the regular practice of American

Buildings to prepare a record of each payment it makes, including payroll records. These records are created at or near the time of the payment by an American Buildings employee with knowledge of the event. These records are maintained by American Buildings in the course of its regularly conducted business activity. American Buildings retains these records for at least seven (7) years following the date of payment.

4.   I have reviewed American Buildings' payment records, and there is no record of American Buildings making any payroll or other payments to Roger Reeves or listing Roger Reeves as an employee on its payroll records.

5.   There is no common ownership or financial control between American Buildings and DSI Security Services, Inc. ("DSI"). American Buildings has no ownership interests in DSI, and DSI has no ownership interests in American Buildings. Except for the contractual payments American Buildings makes to DSI for providing security services, there are no financial dealings or control between the two entities.

6.   The operations of American Buildings and DSI are in no way interrelated. American Buildings and DSI do not share or have common or combined accounting records, bank accounts, or lines of credit. American Buildings has absolutely no involvement or authority in the preparation of DSI's payroll or in paying DSI's employees.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 17, 2008.

_____
ANNE M. SAVAGE

# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| ROGER REEVES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE |
| | ) | NO. 1:07-CV-616-MHT-SRW |
| DSI SECURITY SERVICES, | ) | |
| AMERICAN BUILDINGS | ) | |
| COMPANY and EEOC, | ) | |
| Defendants. | ) | |

## **DECLARATION OF EDDIE SORRELLS**

My name is Eddie Sorrells. I am over twenty-one years of age and reside in Dothan, Alabama. I am suffering under no legal disabilities and am competent to testify. The facts stated below are based upon my personal knowledge.

1. I have been employed by DSI Security Services, Inc. ("DSI") since 1991. Since 2004, I have been the Chief Operating Officer and General Counsel for DSI.

2. DSI, headquartered in Dothan, Alabama. DSI provides contract security services to a variety of businesses.

3. One of DSI's clients is American Buildings Company ("American Buildings"). DSI provides security services at American Buildings' facility in Eufaula, Alabama. Other than security services, DSI provides American Buildings

no other services and is in no way involved in American Buildings' manufacturing processes.

4. The operations of American Buildings and DSI are in no way interrelated. American Buildings and DSI do not share or have common or combined accounting records, bank accounts, or lines of credit. American Buildings has absolutely no involvement in the preparation of DSI's payroll or in paying DSI's employees. DSI and American Buildings do not share or have combined offices, switchboards or telephone numbers.

5. There is no common ownership or financial control between American Buildings and DSI Security Services, Inc. ("DSI"). American Buildings has no ownership interests in DSI, and DSI has no ownership interests in American Buildings. Except for the contractual payments American Buildings makes to DSI for providing security services, there are no financial dealings or control between the two entities.

6. DSI and American Buildings have no common management. DSI neither controls nor has input into the operations of American Buildings. American Buildings neither controls nor has input into the operations of DSI.

7. The fees that DSI charges American Buildings are based in part on the total hours worked by DSI employees at American Buildings' facility times the

wage rate DSI pays its employees. DSI must obtain American Buildings' prior approval before it changes the fees that it charges American Buildings.

8. American Buildings has no control over DSI's labor relations. American Buildings plays no role, directly or indirectly, in hiring, firing, promoting, evaluating, or disciplining DSI employees.

9. American Buildings plays no role in scheduling DSI employees, deciding which DSI employees will work overtime, or in granting DSI employees vacations, leaves of absence or time off from work. American Buildings plays no role in assigning work to DSI employees.

10. Roger Reeves is employed by DSI.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 18, 2008.

_____
EDDIE SORRELLS