IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| ROGER REEVES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE |
| | ) | NO. 1:07-CV-616-MHT-SRW |
| DSI SECURITY SERVICES, | ) | |
| AMERICAN BUILDINGS | ) | |
| COMPANY and EEOC, | ) | |
| Defendants. | ) | |

**DEFENDANT AMERICAN BUILDING COMPANY'S
MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR
SUMMARY JUDGMENT**

In this action, which is brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e - 2000e-17 ("Title VII"), Plaintiff contends that he was discriminated against with respect to his pay, with respect to a mediation conference conducted by the Equal Employment Opportunity Commission ("EEOC"), and by being subjected to a hostile work environment. American Buildings Company ("American Buildings") seeks summary judgment on all of Plaintiff's claims. There are four reasons that American Buildings is entitled to summary judgment. First, Plaintiff did not name American Buildings in his EEOC charge of discrimination, and there is no basis for excusing that failure. Second, American Buildings cannot be liable to Plaintiff under Title VII because it is not

and never has been his employer.  More specifically, American Buildings is not the direct employer of Plaintiff, nor can it be deemed the Plaintiff's employer under a single employer or joint employer theory of liability.   If the Court decides in American Buildings' favor on either of these first two arguments, it need proceed no further as each is dispositive of the entire case.

The third and fourth arguments together dispose of the entire case as well. American Buildings' third argument in support of summary judgment is based on the fact that the Court has already concluded that Plaintiff cannot establish a *prima facie* case on his claims about his pay and the EEOC mediation conference when it ruled on the motion for summary judgment of Defendant DSI Security Services ("DSI").   Plaintiff's inability to establish a *prima facie* case entitles American Buildings to summary judgment on these claims as well.  Fourth, Plaintiff's final claim – that he was subjected to a hostile environment – was not raised by him in his EEOC charge, and it is not properly before this Court.

## I.    STATEMENT OF FACTS

1.    American Buildings is engaged in the manufacture of metal buildings. Spitzer Declaration ¶ 1.

2.    American Buildings operates a facility in Eufaula, Alabama.  There is a sign at each of the driveways into the American Buildings' Eufaula facility that

includes the name "American Buildings."  Additionally, there is a sign affixed to the front of the building that reads "American Buildings."  Spitzer Declaration ¶ 2.

3.      Plaintiff, Roger Reeves, is not an employee of American Buildings. Plaintiff is employed by DSI Security Services, Inc. ("DSI").  Spitzer Declaration ¶ 5; Sorrells Declaration ¶ 10.

4.      DSI is headquartered in Dothan, Alabama.  DSI provides contract security services to a variety of businesses.  Sorrells Declaration ¶ 2.

5.      DSI provides security services at American Buildings' Eufaula facility.  Other than security services, DSI provides American Buildings no other services and is in no way involved in American Buildings' manufacturing processes.  Spitzer Declaration ¶ 6; Sorrells Declaration ¶ 3.

6.      DSI and American Buildings do not share or have combined offices, switchboards or telephone numbers.  American Buildings and DSI do not share or have common or combined accounting records, bank accounts, or lines of credit. Spitzer Declaration ¶ 7; Sorrells Declaration ¶ 4; Savage Declaration ¶ 6.

7.      There is no common ownership or financial control between American Buildings and DSI Security Services, Inc. ("DSI").  American Buildings has no ownership interests in DSI, and DSI has no ownership interests in American Buildings.  Except for the contractual payments American Buildings makes to DSI

for providing security services, there are no financial dealings or control between the two entities. Sorrells Declaration ¶ 5; Savage Declaration ¶ 5.

8.     DSI and American Buildings have no common management. DSI neither controls nor has input into the operations of American Buildings. American Buildings neither controls nor has input into the operations of DSI. Spitzer Declaration ¶ 11; Sorrells Declaration ¶ 6.

9.     American Buildings plays no role, directly or indirectly, in hiring, firing, promoting, evaluating, disciplining, or supervising DSI employees, including the Plaintiff. Spitzer Declaration ¶ 9; Sorrells Declaration ¶ 8.

10.     American Buildings plays no role in scheduling DSI employees, deciding which DSI employees will work overtime, or in granting DSI employees vacations, leaves of absence or time off from work. American Buildings plays no role in assigning work to DSI employees. American Buildings will update DSI employees with information pertinent to the performance of their jobs as security guards. For example, if American Buildings is shipping an oversized load that requires escort vehicles, an American Buildings manager will advise the security guards to expect escort vehicles to arrive at the facility. Spitzer Declaration ¶ 10; Sorrells Declaration ¶ 9.

11.     American Buildings has absolutely no involvement or authority in the preparation of DSI's payroll or in paying DSI's employees. American Buildings

maintains no personnel records for DSI or any DSI employees.  Spitzer Declaration ¶ 9; Savage Declaration ¶ 6.

12.    Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about September 22, 2006.  In the charge, Plaintiff identified his employer as DSI and stated,

> I began my employment with the employer named above as a security guard on February 2, 2002.  During the year of 2005, I was promised a wage increase by Allen Wood, Supervisor.  During the year of 2006, I was promised a wage increase by Mr. Wood and John Howard, Personnel Coordinator.  Although I was promised a wage increase I have not been given a wage increase.  I have not been given a reason as to why I have not been given a wage increase.
>
> I believe that I was discriminated against in violation of Title VII of the 1964 Civil Rights Act, as amended because of my race, Black and my religion, Pentecostal.

13.    Plaintiff did not name American Buildings as his employer in the EEOC charge, nor did he otherwise mention American Buildings.

14.    Until this action was filed, American Buildings had no knowledge of Plaintiff's EEOC charge.  Spitzer Declaration ¶ 12.

15.    American Buildings was not invited to and had no opportunity to participate in any EEOC investigation, mediation, or conciliation concerning Plaintiff's charge of discrimination.  Spitzer Declaration ¶ 13.

## II.    STANDARD FOR SUMMARY JUDGMENT

A party seeking summary judgment bears the initial burden of demonstrating to the court the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions that it believes show an absence of any genuine issue of material fact. *Hairston v. Gainesville Publishing Co.*, 9 F.3d 913 (11th Cir. 1993).

For summary judgment purposes, an issue of fact is "material" if it is a legal element of the claim, as identified by the substantive law governing the case, such that its presence or absence might affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of fact is "genuine" if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party. *Matsushita Electrical Industrial Company v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

The Court must view the evidence, and all factual inferences properly drawn from the evidence, in the light most favorable to the nonmoving party. *Welch v. Celotex Corp.*, 951 F.2d 1235, 1237 (11th Cir. 1992); *Rollins v. TechSouth, Inc.*, 833 F.2d 1525, 1528 (11th Cir. 1987). It is improper for the Court to weigh conflicting evidence or make credibility determinations; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255. Where a reasonable fact finder may "draw

more than one inference from the facts, and that inference creates a genuine issue of material fact, then the court should refuse to grant summary judgment." *Barfield v. Brierton*, 883 F.2d 923, 933-34 (11th Cir. 1989) (citation omitted).

No genuine issue of fact is created, however, if a party opposes summary judgment with conclusory and generalized allegations. The Court can properly strike and refuse to consider such allegations. *Carter v. Three Springs Residential Treatment*, 132 F.3d 635, 642 n. 6 (11th Cir. 1998). Instead, the non-movant "by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). If the non-movant relies on affidavits to oppose a motion for summary judgment, such affidavits "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." *Id.* Statements that fall short of these requirements do not create an issue of fact. *See, e.g.*, *Citizens Concerned About Our Children v. School Bd.*, 193 F.3d 1285, 1295 n. 11 (11th Cir. 1999) ("Even on summary judgment, a court is not obliged to take as true testimony that is not based on personal knowledge.")

### III.   ARGUMENT

**A.    American Buildings Is Entitled To Summary Judgment Because Plaintiff Failed To File A Charge of Discrimination Against American Buildings.**

In his charge of discrimination, Plaintiff identified DSI as his employer and as the party that he "believe[s] discriminated against [him]."  He did not name American Buildings as his employer or as a party discriminating against him. Indeed, he did not mention or reference American Buildings anywhere in his charge.    Plaintiff's failure to name American Buildings in his charge of discrimination is fatal to his case.[1]

Title VII provides that after the EEOC has had an opportunity to investigate a charge of discrimination, "a civil action may be brought against the respondent named in the charge."  42 U.S.C. §§ 2000e-5(f)(1).  The Act does not authorize suit against any other party.  As a result, "[o]rdinarily, a party not named in the EEOC charge cannot be sued in a subsequent civil action."  *Virgo v. Riviera Beach*

---

[1]   American Buildings filed a pre-answer motion to dismiss based on this issue. Magistrate Judge Walker recommended denial of that motion, noting that American Buildings' argument "is apparently colored by its knowledge of facts outside the pleadings, which the court may not consider on the present motion." Magistrate Walker did not find that the Plaintiff's failure to name American Buildings in his EEOC charge should be excused.  Instead, she reasoned that the "allegations of the complaint and the attached EEOC charge provide an insufficient basis for a finding" that Plaintiff is barred from proceeding against American Buildings.  American Buildings now seeks summary judgment on this issue and supports its motion with declarations that provide the facts demonstrating that Plaintiff's failure to name American Buildings in his EEOC charge should not be excused.

*Assocs.*, 30 F.3d 1350, 1358 (11th Cir. 1994).  This naming requirement is not a hollow formality; rather it "serves to notify the charged party of the allegations and allows the party an opportunity to participate in conciliation and voluntarily comply with the requirements of Title VII."  *Id.*  But "[w]here the purposes of the Act are fulfilled, a party unnamed in the EEOC charge may be subjected to the jurisdiction of federal courts."  *Id.*

To determine whether "the purposes of the Act are fulfilled" with respect to a party not named in a charge, courts weigh several factors including: (1) the similarity of interest between the named party and the unnamed party; (2) whether the plaintiff could have ascertained the identity of the unnamed party at the time the EEOC charge was filed; (3) whether the unnamed party received adequate notice of the charges; (4) whether the unnamed party had an adequate opportunity to participate in the conciliation process; and (5) whether the unnamed party actually was prejudiced by its exclusion from the EEOC proceedings.  *Id.*

In the instant case, each and every one of these factors weighs against allowing Plaintiff to proceed with his Title VII claims against American Buildings.

1.    There is no similarity of interest between DSI and American Buildings.  These two companies are separate entities, with separate lines of business and separate ownership.  There is no interrelationship between them.

2.    Plaintiff clearly could have ascertained the identity of American Buildings at the time he filed his EEOC charge.  Plaintiff worked at American Buildings' Eufaula facility.  Each of the driveways into the facility is marked with a sign that includes the name "American Buildings."  Additionally, the name "American Buildings" is affixed to the front of the facility.

3.    American Buildings did not receive adequate notice of Plaintiff's charge of discrimination.  Indeed, American Buildings had no knowledge of the charge until it received the Complaint and Summons in this action.

4.    American Buildings did not have a chance to participate in the conciliation process sponsored by the EEOC.  It had no knowledge that there even were any conciliation efforts by the EEOC.

5.    The failure of Plaintiff to name American Buildings in the charge has resulted in prejudice.  American Buildings did not have any notice of Plaintiff's allegations until it received this lawsuit, and thus one of the main purposes of Title VII – the opportunity to participate in conciliation and voluntarily comply with the requirements of Title VII – was not afforded to American Buildings.  *See Virgo*, 30 F.3d at 1358.

There can be no claim in this case that the purposes of Title VII were fulfilled even though American Buildings was not named in the EEOC Charge.  To the contrary, Plaintiff's failure to name American Buildings resulted in it receiving

no notice of Plaintiff's allegations and prevented it from participating in any of the EEOC processes. Accordingly, there is no legitimate reason to allow Plaintiff to exceed the statutory authorization that "a civil action may be brought against the respondent named in the charge." 42 U.S.C. §§ 2000e-5(f)(1). Since American Buildings was not named in the charge, it is entitled to summary judgment.

**B.     American Buildings Is Entitled To Summary Judgment Because It Has Never Been the Plaintiff's Employer And It Cannot Be Considered the Plaintiff's Employer Under Any Alternative Theory of Liability.**

Plaintiff can state a colorable Title VII claim against American Buildings only if American Buildings is his employer. *Llampallas v. Mini-Circuits, Inc.*, 163 F.3d 1236, 1243-44 (11th Cir. 1998). This he cannot do. In more detail, the evidence proves that Plaintiff was an employee of DSI and has never been an employee of American Buildings. Additionally, Plaintiff cannot show that American Buildings is so interrelated with DSI or exercises such control over DSI that the Court should deem American Buildings to be his employer under a single employer or joint employer theory of liability.

**1.     American Buildings Is Not the Plaintiff's Direct Employer.**

Plaintiff has never been an employee of American Buildings. In more detail, American Buildings has never hired Plaintiff and it has never paid him any wages or other remuneration. There is a complete absence of evidence of any indicia of a direct employment relationship between American Buildings and Plaintiff.

Accordingly, American Buildings cannot be held liable under Title VII as a direct employer of Plaintiff.

### 2. American Buildings Cannot Be Considered Plaintiff's Employer.

Courts "accord a liberal construction to the term 'employer' under Title VII." *Lyes v. City of Riviera Beach*, 166 F.3d 1332, 1341 (11th Cir. 1999). As a result, courts will deem a defendant to be an employer for Title VII purposes if it has sufficient interrelationship with or control over the plaintiff's direct employer. In more detail, courts consider whether the putative employer is so interrelated with the direct employer that they together may be considered a "single employer." In a second approach, courts consider whether the putative employer exercises such control over another company's employees that the two companies are acting as a "joint employer" of those employees. In this case, there are no facts that would permit a finding that American Buildings should be considered Plaintiff's employer under any of these two approaches.

### a. American Buildings and DSI Are Not a Single Employer.

When two entities are "highly integrated with respect to ownership and operations," they can be considered a single employer for purposes of Title VII liability. *McKenzie v. Davenport-Harris Funeral Home*, 834 F.2d 930, 933 (11th Cir. 1987). To evaluate the degree of integration, courts examine the following

four factors: (1) interrelation of operations; (2) centralized control of labor relations; (3) common management; and (4) common ownership and financial control. The record evidence proves that none of those factors is present here.

In assessing interrelated operations, courts consider whether businesses have combined accounting records, bank accounts, lines of credit, payroll preparation, switchboard, telephone numbers, or offices. *Hegre v. Alberto-Culver USA, Inc.*, 508 F. Supp. 2d 1320, 1333 (S.D. Ga. 2007); *Walker v. Boys & Girls Club of Am.*, 38 F. Supp. 2d 1326, 1331 (M.D. Ala. 1999). None of these facts are present here.

The second prong is centralized control of labor relations. "The control required to meet the test of centralized control of labor relations is actual and active control of day-to-day labor practices." *Walker*, 38 F. Supp. 2d at 1333. "The relevant standard is *control*, not mere involvement." *Id.* at 1334-35 (emphasis in original). Plaintiff cannot establish that American Buildings exercises this degree of control over DSI's labor practices. American Buildings is not involved in, much less does it control, decisions about hiring, firing, promoting, scheduling, assigning, evaluating, disciplining, or supervising DSI employees. These decisions are made exclusively by DSI.

The third prong is common management. DSI and American Buildings have no management in common, and neither entity controls or has input into the operations of the other.

The fourth and final prong is common ownership. There is no common ownership between American Buildings and DSI.

There is a complete lack of evidence to establish any of the four prongs. Instead, the evidence shows that American Buildings and DSI are two distinct entities that are in no way integrated with respect to ownership or operations. As a result, American Buildings cannot be held liable under Title VII under the single employer theory.

### b. American Buildings and DSI Are Not a Joint Employer.

Plaintiff also cannot prove that American Buildings and DSI are joint employers. The Eleventh Circuit has described the test to determine joint employer status as follows:

> The basis of the finding is simply that one employer while contracting in good faith with an otherwise independent company, has retained for itself sufficient control of the terms and conditions of employment of the employees who are employed by the other employer. Thus the joint employer concept recognizes that the business entities involved are in fact separate but that they share or co-determine those matters governing the essential terms and conditions of employment.

*Virgo*, 30 F.3d at 1360, quoting *NLRB v. Browning-Ferris Industries*¸ 691 F.2d 1117, 1122 (3d Cir. 1982). There is no evidence in this case that would support a joint employer finding.

American Buildings has not retained for itself any "control over the terms and conditions of employment of the employees" of DSI. American Buildings is

not involved in, much less does it control, decisions about hiring, firing, promoting, scheduling, assigning, evaluating, disciplining, or supervising DSI employees.  These decisions are made exclusively by DSI.  Thus, American Buildings and DSI cannot be considered joint employers for purposes of Title VII liability.

American Buildings cannot be liable under Title VII because it is not the Plaintiff's employer.  It is not his direct employer, and Plaintiff cannot show that American Buildings is so interrelated with DSI or exercises such control over DSI that the Court should deem American Buildings to be his employer under a single employer or joint employer theory of liability.  Consequently, American Buildings is entitled to summary judgment.

**C.    Plaintiff Cannot Establish A *Prima Facie* Case On His Pay Claim Or His Claim Regarding The EEOC Mediation Process, And American Buildings Is Entitled To Summary Judgment On These Claims.**

Plaintiff alleges that he was denied a wage increase and not treated properly during the EEOC mediation process because of his race or religion.  American Buildings is entitled to summary judgment on these claims because Plaintiff cannot establish a *prima facie* case of discrimination with regard to either allegation.

Defendant DSI moved for summary judgment on both of these claims for the same reason – that Plaintiff could not establish a *prima facie* case of discrimination.  Specifically, in support of its motion, DSI submitted evidence that

all of its security officers at American Buildings' Eufaula facility were paid the same wage rate and that Plaintiff was not treated differently than other similarly situated employees.[2]  With regard to the EEOC mediation conference, DSI argued that Plaintiff had not experienced an adverse employment action.

Magistrate Judge Walker, in the Recommendation of the Magistrate Judge, dated February 29, 2008, concluded that DSI was entitled to summary judgment on the wage claim because Plaintiff, by not identifying other similarly situated employees who were treated more favorably, had failed to produce evidence sufficient to permit an inference of discrimination.  Magistrate Judge Walker also concluded that Plaintiff could not establish a *prima facie* case with respect to the EEOC mediation because the conduct complained of does not constitute an adverse employment action.[3]

American Buildings is entitled to summary judgment on these claims for the same reasons – that is, that Plaintiff cannot establish a *prima facie* case as to either claim.

---

[2]  Plaintiff has alleged that John Howard, an employee of American Buildings, played a role in Plaintiff's not receiving a wage increase.  While American Buildings denies this assertion, this factual dispute need not be resolved because, regardless of who was or was not involved in discussions about wage increases, Plaintiff's inability to identify a similarly situated employee who was treated more favorably than him prevents him from establishing a *prima facie* case.

[3]  As addressed in Part A, above, American Buildings was not aware of and did not participate in the EEOC mediation conference.  Thus, it could not have discriminated against Plaintiff during that conference, and it is entitled to summary judgment on this claim for that reason as well.

**D.    Plaintiff Failed To File A Charge of Discrimination Alleging That He Was Subjected To Harassment, And He Is Therefore Barred From Litigating That Claim.**

Plaintiff's final claim is that he was subjected to a hostile working environment in violation of Title VII. American Buildings is entitled to summary judgment on this claim because Plaintiff failed to include it in his EEOC charge of discrimination.[4]

A prerequisite to bringing a judicial complaint under Title VII is for the party claiming discrimination to first file a charge of discrimination with the EEOC. *See* 42 U.S.C. §§ 2000e-5. "No action alleging a violation of Title VII may be brought unless the alleged discrimination has been made the subject of a timely-filed EEOC charge." *Alexander v. Fulton County,* 207 F.3d 1303, 1332 (11th Cir. 2000). The "judicial complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Id*.

Plaintiff's contention that he experienced a hostile working environment was not "made the subject of a timely-filed EEOC charge." In more detail, Plaintiff claimed in his EEOC charge that he had been denied a wage increase. Plaintiff did

---

[4] On March 13, 2008, DSI moved for summary judgment on this claim in part on the basis that the facts alleged by Plaintiff were not sufficiently severe or pervasive to support a hostile working environment claim. American Buildings seeks summary judgment on this basis as well and adopts DSI's arguments in support thereof.

not mention or allude to any other alleged discriminatory conduct in his charge. Thus, Plaintiff's hostile working environment claim is properly before the Court only if it could "reasonably be expected to grow out of the charge of discrimination" that Plaintiff did file. The Eleventh Circuit has rejected a similar claim in a recent case.

In *Green v. Elixir Industries, Inc.*, No. 04-12973, 2005 U.S. App. LEXIS 22047 (11th Cir. October 11, 2005), the plaintiff, proceeding *pro se*, filed an EEOC charge claiming that his termination for poor attendance amounted to race discrimination. When he filed suit, the plaintiff also alleged that he had experienced a hostile working environment. The district court granted summary judgment on this claim because the plaintiff had not mentioned it in the EEOC charge. On appeal, the Eleventh Circuit affirmed, rejecting an argument that the hostile working environment claim was sufficiently related to the discharge allegation in the EEOC charge.

> Nothing in Green's EEOC charge related to incidents of harassment, nor did anything mention the dates on which they occurred. Because the facts alleged in Green's EEOC charge form cannot be said to encompass a hostile work environment claim, we affirm the district court's finding that his claim was therefore procedurally deficient.

*Id*. at *6.

A similar conclusion applies in the instant case. Nothing in the Plaintiff's EEOC charge related to incidents of harassment. Additionally, the facts Plaintiff

alleged in his charge – that he was denied a wage increase – do not encompass a hostile working environment.  Because Plaintiff's hostile working environment claim cannot reasonably be expected to grow out of his charge of discrimination, it is not properly before this Court.  Accordingly, American Buildings is entitled to summary judgment on this claim.

## IV.    CONCLUSION

For the stated reasons, American Buildings is entitled to summary judgment against Plaintiff.

Respectfully submitted this 21st day of March, 2008.

Nelson Mullins Riley & Scarborough LLP


/s/ Paul R. Beshears
Daniel M. Shea
Georgia Bar No. 63880
Paul R. Beshears
Georgia Bar No. 055742
Attorney for Defendant American Buildings, Inc.

NELSON MULLINS RILEY & SCARBOROUGH LLP
Atlantic Station / 201 17th Street, NW
Suite 1700
Atlanta, GA  30363
(404) 817-6000 Telephone
(404) 817-6050 Facsimile

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 21st, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system that will provide service upon the following parties of record:

David T. Wiley
Jackson Lewis LLP
First Commercial Bank Building
800 Shades Creek Parkway, Suite 870
Birmingham, AL  35209
wileyd@jacksonlewis.com

Danielle J. Hayot
Equal Employment Opportunity Commission
1801 L St., NW
Washington, D.C.  20507
danielle.hayot@eeoc.gov

I hereby further certify that a copy was delivered via First Class U.S. Mail, postage prepaid upon the following:

Mr. Roger Reeves
B-12 Chattahoochee Court
Eufaula, AL 36027

/s/ Paul R. Beshears
Paul R. Beshears