CASE 1:07-CV-00616-MHT-SRW

Roger Reeves,
Plaintiff,

v.

DSI Security Services, et al,
Defendants,

RECEIVED
2008 APR -7 A 10: 39
DEBRA P. HACKETT, CL[K]
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

Plaintiff Roger Reeves Answer to Defendant DSI Motion for Summary Judgement

First of all my claim against DSI is one of Race, Religion, Wages (based of Race and Religion) and Hostile Work Environment. Plaintiff has asserted claim of hostile work environment per EEOC charge file. Plaintiff asserted that in at least two statement by intake Person. ("A member of management made a statement to another Employee about PCP's religion" and "Supr. made negative comments about a white female who was married to a Black").

These statement shows more than an inference to a Hostile Work Environment. These are the only ones shown on EEOC Charge File. The intake person was very reluctant to take information about racial acts when given to her. (SEE Document 1)

Plaintiff has allege and shown or can show that DSI did not allow plaintiff to have Weds. off for Church and gave Wednesdays off to a White Employee (Religious). Also it can be shown that a white person was given more hours than the Plaintiff (overtime Hours) and they did not rotate overtime hours. Defendant is not truthful when he said that there has never been **ANY** religious or Racial discriminations against the Plaintiff. Plaintiff is providing a document showing that DSI knew that he had religious Preference. I was taking Friday's off for Church with DSI and another Security Guard Knowledge. (Documents 2). DSI knew I had a religious preference from the beginning of my employment because I asked for Sundays off. DSI has

Shown a tendency to not be truthful in this matter.

They have submitted to the Court and to the EEOC "Sworn" Document stating that they did not have "ANY Knowledge" I had Any Religious Preference. They have been awarded in error Summary Judgement on Pay Claim base on a Fraud on EEOC and the Court. When someone is caught cheating or Lying we can only assume that it is an acknowledgement of his guilt. He should not be allowed to commit Perjury and be awarded Summary Judgement. When someones lies about a matter such as this we can only conclude that a hostile environment is Present. (SEE Document 3) (PARAGRAPH 1, 2)

The "particulars" ARE ANSwers Submitted back to EEOC from an INquiry NO. 420-2006-03907N. They are answers to Question submitted and Not to my Charge given They were gleaned from Questions submitted to me.

(4) The reason mediation did not work was because my civil rights were violated when DSI left the room with Mr James Lee the ADR Cordinator. They created a hostile evironment away from the Job thereby creating a hostile envigonment on the Job

(5) The Second mediation was fraught with Fraud and Mrs Debra Lee came after saying she would not come and said she would send someone from her Montgomery office. I have learned that there is not any ADR Montgomery Office. She was not truthful and showed while she was there that she was in league with DSI. (SEE ALSO Recommendation to Magistrate Judge Report for DSI)

## Legal Standards

(1) According to law DSI is discriminatory in hours given, religion, and walking out of EEOC ADR meeting w/th ADR person and Perjury and thereby has created a very hostile work environment.

(2) EEOC told me that Papers were Served on American Building and when I asked why they were removed from the Charge the EEOC "Yelled" and "Screamed" more than once

that they were not my Employer after I told her that they were my Employer as much as DSI was.

(3) The environment at American is so Hostile that the person that told me about the mixed Couple said that if he was call to testify he would not because he feared he would lose his job. He said he had seen it happened with Employees trying to start a Union. The other has shown more fear an intimidation than he has. American has shown an insulting attitude when they sent a person from the Factory Out to inspect the mopped floor and I was redicule when Person with the Same First Name as mine died. Othe Acts:

(1.) Employees allowed to Wear Confederate Flags (Swed on clothes)(American)
SEE DOCUMENT 8
(2) Not answering CB when Black Person call until third or Fourth time (American Management (PLANT))
(3) White Workers not coming Out when Call for Emergency at home (American Management)(SEE Document 6, par. 2)
(4) DSI Allowing Employees to Drive with Confederate License Plates (DSI management)
(5) Having next new hire take Sunday off on his first Day and having Plaintiff work on Sunday when there was a Breakdown LOST PAYROLL management

(7.) DSI Showing retalitory action by having Mother of 5 Work Double Shift on Thanksgiving. (ALAN Wood)

(8.) Management Not letting Plaintiff and his Bible (American)

(9) DSI peference in Hiring (ALAN Wood)

(10) Lying about length of Contracts (ALAN Wood, Secretary) (SEE Document (5)) (Hostile Environment)

(11) DSI + American (NOT Giving Promise Raise)(ALAN Wood)(American; JOHN HOWARD)

(12) American asking for Delmar Jones to Work over BLACK Person. (John Howard, ALAN Wood)

(13) DSI intimidate into providing Review of accident that happened on Job. I had to Drive to Dothan Because American required it. I was forced to Drive to Dothan. (HOSTILE Environment)

(14) Comment about previous Black Religious Employee (Derogatory; SEE Document 7 · PARAgraph 2)

(15) Not Giving Promised Raising after Stating they were going to Sign Paperwork on Memorial Day Weekend

By committing these act DSI and American has created a hostile work environment (SEE Document 4).

I don't think American should be allowed to change their position. I think an estoppel should be granted. (SEE Document 3 paragraph 3).

To defeate a Motion for Summary Judgement "an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided for in this rule(56(e), must set forth specific facts showing that there is a genuine issue for trial."

Plaintiff has shown with irrefutable evidence that there is a genuine issue for trial. Plaintiff has shown that Defendant DSI has shown a blantant disregard for the truth and rights of the Plaintiff. Defendant has show Defendant has lied about Contract length and can we belive his salary record? He has been untruthful in sworn statement about Plaintiff religion. Facts has been presented in this document and Reply to Magistrate Judge Report for DSI to refute their lies.

Plaintiff has shown that Plaintiff infered a hostile environment through statments with EEOC

Plaintiff has also provided Documents showing that The Confederat FLAG "X" creates a hostile environment along with other ACTS (redicule, insult, discriminatory intimidatio) that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.

Again my claims is one of Race, Religion, PAY, disparity in Pay. The Court or EEOC has interpeted their facts from information not given. It is obivious to Plaintiff that a hostile enviroment is most reasonably to grow out of a Race and Religious claim given the fact stated. Plaintiff was trying to prove a disparit pay claim for Guards at American Buiding and his self. I was not allowed discovery to prove my case. Defendant has shown he would not allow religion days to be changed, more hours to white employee, hiring, worker not having Qualification. I think Defendant has problem with Plaintiff at American (or) their (AND) workers. Document shows DSI untruthful about the length of the Contract Plaintiff should be given case as a matter of Law. Summary judgement Should not be granted to Defendant. (SEE "Answer to Magistrate Judge Report for DSI and American")

I swear under Penalty of Perjury that the afore information is Correct to the best of my knowledge.

Roger Reeves
4/4/08

Signed this 4th
April, 2008.

[signature]
Can Cup - 3-26-10

## Certificate of Service

I hereby Certify that on this day the foregoing Plaintiff Roger Reeves served on the following the above Documents Via U.S. Mail, first class postage attached to ensure delivery:

Danielle J. Hayot
Equal Employment Opportunity Commission
1801 L ST. N.W
Washington, D.C. 20507

Nelson Mullins
& Riley Scarbrough LLP
Attorneys and Counselors
AT LAW
Atlantic Station
201 17th Street NW
Suite 1700, Atlanta, GA.
30363

David T. Wiley
Jackson Lewis LLP
Park Place Towers Suite 650
2001 Park Place North
B'HAM, AL. 35203

Document 1

Roger Reeves          091806          Intake Notes
PCP immediate supr: John Howard
PCP was the only employees promised a wage.
No mgmt personnel had ever said anything direct to PCP about his religion.

{ A member of mgmt made a statement to another employee about PCP's religion }

PCP believes this member of mgmt would play a role in PCP receiving a wage increase.

Allen Wood — Supr  →religion — not known
John Howard — Personnel Coordinator
                ↓ religion — not known

# of Security Guards — 4 including PCP
PCP is the only member of his faith
PCP not aware of the religion of the others

Race, Religion
At the present time all guards are Blacks
PCP is not present when the other Blacks were at work.

{ Supr type made negative comments about a White female who was married to a Black }

PCP not given a reason in June for the denial of a raise.

Document 2

I ~~Tiffinia Flowers~~ Swear under Penalty of Perjury that Roger Reeves and I was exchanging hours on Fridays so he could go to Church.⁽¹⁾

⁽¹⁾ Employee Tiffinia Flowers (JSI Employee)

Document 2



# EMPLOYEE SIGN-IN SHEETS

Week Ending*:_____          Client Location:_____

Page ____ of ____ Sheets.

| # | DATE | NAME (Print) | SIGNATURE | TIME** IN | TIME** OUT | TOTAL HRS. | SUPERVISOR |
|---|------|--------------|-----------|-----------|------------|------------|------------|
| 1 | 2-28-08 | Emma Lawrence | Emma Lawrence | 2400 | 0600 | 6 | |
| 2 | 2-28-08 | Roger Reeves | Roger Reeves | 1400 | 2200 | 8 | |
| 3 | 2-28-08 | Sheranda Laseter | Sheranda Laseter | 2200 | 2400 | 2 | |
| 4 | 2-29-08 | Sheranda Laseter | Sheranda Laseter | 0000 | 0600 | 6 | |
| 5 | 2-29-08 | Roger Reeves | Roger Reeves | 1400 | 2400 | 10 | |
| 6 | 3-1-08 | Roger Reeves | Roger Reeves | 0000 | 0600 | 6 | |
| 7 | 3-1-08 | Tiffinea Flowers | Tiffinea Flowers | 0600 | 1800 | 12 | |
| 8 | 3-1-08 | Sheranda Laseter | Sheranda Laseter | 1800 | 2400 | 6 | |
| 9 | 3-2-08 | Sheranda Laseter | Sheranda Laseter | 0000 | 0600 | 6 | |
| 10 | 3-2-08 | Tiffinea Flowers | Tiffinea Flowers | 0600 | 1800 | 12 | |
| 11 | 3-2-08 | Sheranda Laseter | Sheranda Laseter | 1800 | 2400 | 6 | |
| 12 | 3-3-08 | Sheranda Laseter | Sheranda Laseter | 0000 | 0600 | 6 | |
| 13 | 3-3-08 | Roger Reeves | Roger Reeves | 1400 | 2200 | 8 | |
| 14 | 3-3-08 | Emma Lawrence | Emma Lawrence | 2200 | 0600 | 8 | |
| 15 | | | | | | | |
| 16 | | | | | | | |
| 17 | | | | | | | |
| 18 | | | | | | | |
| 19 | | | | | | | |
| 20 | | | | | | | |
| 21 | | | | | | | |
| 22 | | | | | | | |
| 23 | | | | | | | |
| 24 | | | | | | | |
| 25 | | | | | | | |
| 26 | | | | | | | |
| 27 | | | | | | | |
| 28 | | | | | | | |

*ALWAYS A WEDNESDAY
**USE MILITARY TIME ONLY

TOTAL HOURS [ ]

Document 2

Untitled

overturning a judgement. The court in Sutter v. Easterly (Mo) 189 SW2d 284, articulated the general rule defining fraud on the court within the courts of Missouri:

"... where a lawyer engages in a conspiracy to commit a fraud upon the court by the production of fabricated evidence and by such means obtains a judgement then the enforcement of the judgement becomes manifestly unconscionable' and a court of equity may devitalize the judgement." Id, at 288.

In State of Missouri, v. Robert Joe Mason, 394 S.W.2d 343, and many other similar cases, it is accepted that if a party is caught cheating, that it can be inferred that their cause is an unrighteous one and that their conduct is evidence of their guilt.

equitable estoppel
: an estoppel that prevents a person from adopting a new position that contradicts a previous position maintained by words, silence, or actions when allowing the new position to be adopted would unfairly harm another person who has relied on the previous position to his or her loss called also estoppel in pais
NOTE: Traditionally equitable estoppel required that the original position was a misrepresentation which was being denied in the new position. Some jurisdictions retain the requirement of misrepresentation.

promissory estoppel
: an estoppel that prevents a promisor from denying the existence of a promise when the promisee reasonably and foreseeably relies on the promise and to his or her loss acts or fails to act and suffers an injustice that can only be avoided by enforcement of the promise

Document 4

Untitled

a) "Hostile Environment" Violate s Title VII - The Court rejected the employer's contention that Title VII prohibits only discrimination that causes "economic" or "tangible" injury: "Title VII affords employees the right to work in an environment free from discriminatory intimidation , ridicule, and insult" whether based on sex, race, religion, or national origin. 106 S. Ct. at 2405. Relying on the EEOC's Guidelines' definition of harassment, 6 the Court held that a plaintiff may establish a violation of Title VII "by provi ng that discrimination based on sex has created a hostile or abusive work environment." Id. The Court quoted the Eleventh Circuit's decision in Henson v. City of Dundee, 682 F.2d 897, 902, 29 EPD ¦ 32,993 (11th Cir. 1982):

http://www.eeonews.com/news/race/index.html

Guard at American Bldgs. for DSI
John Howard is plant mnge (Personell Mngeg...)
as stated in Charge File to Court

Page 1

Document 5

I Paul ~~Overton~~ under the Penalty of Perjury states that Allen Wood and DSI said that they had a three year Contract with American Building that would be evaluate at the end of three years. DSI made that statement in the year 2002.[1]

Roger Reeves         3/6/2008

(1) Former Employee Paul Foreland (white).

Untitled

18. The definition also does not require that the speech take place in the workplace; even speech outside the workplace can be considered if it creates a hostile environment at work. See Intlekofer v. Turnage, 973 F.2d 773, 775 (9th Cir. 1992) (relying in part on a coworker "telephoning [Intlekofer] at her home" to support a hostile environment claim); Bersie v. Zycad Corp., 399 N.W.2d 141, 143, 146 (Minn. Ct. App. 1987) (relying in part on a coworker "calling [Bersie] at home" to conclude that plaintiff had made a prima facie showing of harassment, expressly applying Vinson); cf. Bartlett v. United States, 835 F. Supp. 1246, 1262 (E.D. Wash. 1993) (finding that two instances of sexually suggestive conduct, including "[p]laintiff receiv[ing] a sexually explicit card at her home from a coworker," did not rise to the level of sexual harassment, but not even hinting that the card was somehow categorically disqualified because it was received outside the workplace); Myer-Dupuis v. Thomson Newspapers, No. 2:95-CV-133 (W.D. Mich. May 9, 1996), reported in Mich. Law. Wkly., May 27, 1996, at 12A. These cases are eminently consistent with the harassment definition given by the Supreme Court: It's quite plausible that speech by coworkers outside the workplace may create a hostile environment within the workplace.

55. Schwapp v. Town of Avon, 118 F.3d 106, 111-12 (2nd Cir. 1997). See also Robinson v. Jacksonville Shipyards, Inc., 760 F. Supp. 1486, 1499 (M.D. Fla. 1486) ("The perception that the work environment is hostile can be influenced by the treatment of other persons of a plaintiff's protected class, even if that treatment is learned second-hand."); Dortz v. City of New York, 904 F. Supp. 127, 150 (S.D.N.Y. 1995) ("offensive statements made . . . outside of Plaintiff's presence, may also be viewed by a factfinder as having contributed to creating a hostile environment"); Barbetta v. Chelawn Services Corp., 669 F. Supp. 569, 572 (W.D.N.Y. 1987); Sims v. Montgomery County Comm'n, 766 F. Supp. 1052 (M.D. Ala. 1990):

[Without prejudice means you can bring the claim again. This makes sense if you think logically. Rule 41 assumes that if there is a dismissal *against* a plaintiff's wishes, it is presumed to be on the merits, but if it's the plaintiff himself who wants to drop it, the dismissal is voluntary and not on the merits (without prejudice). The parties or the judge can say otherwise, and in this case, IBM has, agreeing to drop the counterclaims *with* prejudice, so this is the end of those claims. Aside from the money issue, not wanting to risk having to pay SCO's legal bills, this indicates that IBM really doesn't want to be bothered with patent counterclaims in this case. It is possible that SCO wouldn't sign the agreement unless it was "with prejudice" but my guess is IBM doesn't care anyway, because they don't need them and don't have any intention of using them now. It was IBM's idea to drop them. You don't use nukes against a flea.]



Document 1

Untitled
    18.    The definition also does not require that the speech take place in the
workplace; even speech outside the workplace can be considered if it creates a
hostile environment at work.  See Intlekofer v. Turnage, 973 F.2d 773, 775 (9th Cir.
1992) (relying in part on a coworker "telephoning [Intlekofer] at her home" to
support a hostile environment claim); Bersie v. Zycad Corp., 399 N.W.2d 141, 143,
146 (Minn. Ct. App. 1987) (relying in part on a coworker "calling [Bersie] at home"
to conclude that plaintiff had made a prima facie showing of harassment, expressly
applying Vinson); cf. Bartlett v. United States, 835 F. Supp. 1246, 1262 (E.D. Wash.
1993) (finding that two instances of sexually suggestive conduct, including
"[p]laintiff receiv[ing] a sexually explicit card at her home from a coworker," did
not rise to the level of sexual harassment, but not even hinting that the card was
somehow categorically disqualified because it was received outside the workplace);
Myer-Dupuis v. Thomson Newspapers, No. 2:95-CV-133 (W.D. Mich. May 9, 1996),
reported in Mich. Law. Wkly., May 27, 1996, at 12A.  These cases are eminently
consistent with the harassment definition given by the Supreme Court:  It's quite
plausible that speech by coworkers outside the workplace may create a hostile
environment within the workplace.

    55.    Schwapp v. Town of Avon, 118 F.3d 106, 111-12 (2nd Cir. 1997).  See also
Robinson v. Jacksonville Shipyards, Inc., 760 F. Supp. 1486, 1499 (M.D. Fla. 1486)
("The perception that the work environment is hostile can be influenced by the
treatment of other persons of a plaintiff's protected class, even if that treatment
is learned second-hand."); Dortz v. City of New York, 904 F. Supp. 127, 150
(S.D.N.Y. 1995) ("offensive statements made . . . outside of Plaintiff's presence,
may also be viewed by a factfinder as having contributed to creating a hostile
environment"); Barbetta v. Chelawn Services Corp., 669 F. Supp. 569, 572 (W.D.N.Y.
1987); Sims v. Montgomery County Comm'n, 766 F. Supp. 1052 (M.D. Ala. 1990):


[without prejudice means you can bring the claim again. This makes sense if you
think logically. Rule 41 assumes that if there is a dismissal *against* a
plaintiff's wishes, it is presumed to be on the merits, but if it's the plaintiff
himself who wants to drop it, the dismissal is voluntary and not on the merits
(without prejudice). The parties or the judge can say otherwise, and in this case,
IBM has, agreeing to drop the counterclaims *with* prejudice, so this is the end of
those claims. Aside from the money issue, not wanting to risk having to pay SCO's
legal bills, this indicates that IBM really doesn't want to be bothered with patent
counterclaims in this case. It is possible that SCO wouldn't sign the agreement
unless it was "with prejudice" but my guess is IBM doesn't care anyway, because they
don't need them and don't have any intention of using them now. It was IBM's idea to
drop them. You don't use nukes against a flea.]



*Documents*

Untitled

An employee who was fired in retaliation for reporting wage and benefit improprieties is entitled to recover punitive damages under the FLSA. A federal court in Pennsylvania interpreted the phrase "legal or equitable relief" under the anti-retaliatory provision of the FLSA to include punitive damages. Marrow v. Allstate Security & Investigative Services Inc. The court reasoned that deterring employers from punishing workers who exercise FLSA rights by allowing punitive damages helps effectuate the purposes of the law.

LOSS AT ARBITRATION DOES NOT MEAN EMPLOYEE IS PRECLUDED FROM BRINGING TITLE VII CASE IN FEDERAL COURT

However, an adverse decision by a neutral is highly probative. The employee must present new evidence or challenge the neutrality of the arbitrator.

※ A mechanic refused to remove a Confederate flag sticker from his toolbox after an African-American co-worker complained that the sticker was offensive. The mechanic's claim of free speech was denied.
(Dixon v. Colourg Dairy Inc., 4th Cir.)

→ Morel V American Bldg. Co. 2nd Circuit

EEOnews.com

Untitled

20.    Cf. West v. Derby Unified School Dist. No. 260, 2000 WL 294093 (10th Cir. Mar. 21) (upholding school "racial harassment policy" that defined as harassing "clothing, articles, material, publications or any item that denotes Ku Klux Klan, Aryan Nation--White Supremacy, Black Power, Confederate flags or articles, Neo-Nazi or any other `hate` group").

55.    Schwapp v. Town of Avon, 118 F.3d 106, 111-12 (2nd Cir. 1997).   See also Robinson v. Jacksonville Shipyards, Inc., 760 F. Supp. 1486, 1499 (M.D. Fla. 1486) ("The perception that the work environment is hostile can be influenced by the treatment of other persons of a plaintiff's protected class, even if that treatment is learned second-hand."); Dortz v. City of New York, 904 F. Supp. 127, 150 (S.D.N.Y. 1995) ("offensive statements made . . . outside of Plaintiff's presence, may also be viewed by a factfinder as having contributed to creating a hostile environment"); Barbetta v. Chelawn Services Corp., 669 F. Supp. 569, 572 (W.D.N.Y. 1987); Sims v. Montgomery County Comm'n, 766 F. Supp. 1052 (M.D. Ala. 1990):