IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

ROGER REEVES,                        )
                                     )
    Plaintiff,                       )      Civil Action No.
                                     )      1:07CV616-MHT
                                     )
v.                                   )
                                     )
DSI SECURITY SERVICES *et al.*,      )
                                     )
    Defendants.                      )
_____)

**DEFENDANT DSI SECURITY SERVICES, INC.'S
REPLY TO PLAINTIFF'S ANSWER (RESPONSE) TO
MOTION FOR SUMMARY JUDGMENT**

Defendant DSI Security Services, Inc. ("DSI") replies to plaintiff's response in opposition to DSI's motion for summary judgment regarding his hostile environment claim (hereinafter "Pl. Opposition Brief") as follows:

A.    Plaintiff Has Not Exhausted His Hostile Environment Claim.

Plaintiff claims that his assertion of a hostile environment claim in his EEOC charge can be inferred from two notes written by the EEOC intake person, namely, that "[a] member of [management] made a statement to another employee about [his] religion" and that a "[supervisor] type made negative comments about a White female who was married to a Black" (Pl. Opposition Brief, at p. 2). These assertions never appeared in plaintiff's EEOC charge, an intake questionnaire or any document signed

under oath by plaintiff and therefore are insufficient to establish that his Charge included a hostile environment claim.

Moreover, these two allegations were made against defendant American Buildings, not against DSI. In his opposition to the motion to dismiss filed by American Buildings, plaintiff stated that "*American Buildings* has create[d] a hostile work environment since the beginning of my tenure there[:] . . . (4) Prejudice[d] statement about Bible[;] (5) Derogatory comments about mixed married couple" (Motion to Not Dismiss Plaintiff[s] Claim and Give Summary Judgment) (Doc. No. 37) (emphasis added). This is further demonstrated by the fact that in his opposition to the instant summary judgment motion, plaintiff acknowledges that the alleged comment regarding the "mixed married couple" was made by someone at American Buildings, not by DSI (Pl. Opposition Brief, at p. 5) and by the fact that in his Opposition Brief, plaintiff lists fifteen (15) separate acts purportedly creating his hostile environment and neither of these comments is attributed to DSI. Id. pp. 5-6. Thus, these assertions do nothing to demonstrate that plaintiff's EEOC Charge included a hostile environment claim as to DSI.

Furthermore, a judicial complaint is "limited by the scope of the EEOC investigation that 'can reasonably be expected to grow out of the charge of discrimination,'" Ramon v. AT&T Broadband, 195 Fed. Appx. 860, 865 (11th Cir. 2006) (quoting Gregory v. Georgia Dep't of Human Res., 355 F.3d 1277, 1280 (11th

2

Cir. 2004)), and to establish a hostile environment, "[a] plaintiff must show that 'the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" Id. (quoting Harris v. Forklift Sys., Inc., 510 U.S. 17, 21 (1993)).  Here, as in Ramon, even if the two statements to the intake person are considered, plaintiff "has pointed to no allegation in [his] EEOC charge that reasonably points to the kind of pervasive and oppressive conditions that would allow [a conclusion] that [he] intended to have the EEOC investigate the workplace for a hostile work environment." Ramon, 195 Fed. Appx. at 866.  Clearly, the Charge itself makes no reference whatsoever to a hostile environment, asserting instead only that plaintiff was discriminatorily denied a wage increase.  See EEOC Charge (attached to Complaint.).  Given that plaintiff signed the Charge after it was prepared, he certainly could have requested that a hostile environment claim (or at least allegations supporting such a claim) be included in the Charge, or he could have submitted a supporting statement to the EEOC setting forth such allegations.  Because he did neither, he failed to administratively exhaust his hostile environment claim and it must be dismissed as a matter of law.

B. <u>Plaintiff Has Not Met the Minimum Standard for A Hostile Environment Claim</u>.

Even if plaintiff had administratively exhausted his hostile environment claim, he has not asserted any conduct by DSI remotely approaching the severity or pervasiveness necessary to establish such a claim. Although plaintiff continues to vary the allegations he believes created a hostile environment, the following appear to be the latest events supporting his claim against DSI:

a. Allowing employees to drive with confederate license plates;

b. "Having next new hire take Sunday off on his first day and having Plaintiff work on Sunday when there was a Remedy;"

c. "DSI showing retaliatory action by having mother of 5 work double shift on Thanksgiving;"

d. DSI preference in hiring;

e. Lying about length of contracts;

f. Not giving a promised raise;

g. "American asking for Delmar Jones to work over black person;"

h. "DSI intimidate [sic] into providing review of accident that happened on job. I had to drive to Dothan because American required it. I was forced to drive to Dothan;"

i. Walking out of EEOC mediation with mediator; and

j.    Engaging in perjury.

(Pl. Opposition Brief, at pp. 4, 5-6). Of these allegations, only one (allowing drivers to have Confederate flags on their license plates) even hints at racial harassment and even if true, it hardly approaches the requisite severity or pervasiveness necessary to establish a hostile environment. See, e.g. Gonzalez v. Florida Dep't of Public Safety, 237 F. Supp. 2d 1338, 1355 (S.D. Fla.) (noting that the confederate flag is not necessarily even related to race), aff'd, 45 Fed. Appx. 886 (11th Cir. 2002); Flenaugh v. Airborn Express, Inc., 2004 U.S. Dist. Lexis 3155, at *32-*33 (N.D. Ill. Mar. 1, 2004) (holding that display of confederate tattoo insufficient to establish racially hostile environment). Moreover, none of the other allegations clearly supports the existence of a religion-based hostile environment or any other type of hostile environment claim. Instead, they appear to be nothing more than a collection of discrete acts, most of which do not even suggest a race- or religion-based motive, and which cannot form the basis of a hostile environment claim. See Garrison v. Montgomery Cty. Bd. of Educ., 2006 U.S. Dist. Lexis 13447, at *22 (M.D. Ala. Mar. 10, 2006) (noting "because the two claims are inherently dissimilar, discrete acts are treated and analyzed differently than hostile environment claims").[1] Accordingly, plaintiff's claim is due to be dismissed on this additional basis.

---

[1] Moreover, "[a]n untimely hostile environment claim cannot be saved by trying to connect it to a discrete act that happened to be within the 180 days." Garrison, 2006 U.S. Dist. Lexis 13447, at *22. Notably, plaintiff – who has worked for DSI for six years – places no timeframe on any of these allegations, save his denial-of-raise claim that already has been dismissed by this Court.

## **Conclusion**

For the reasons asserted herein, as well as those set forth in its motion for summary judgment and supporting brief, DSI is entitled to judgment as a matter of law on plaintiff's sole remaining claims of race- and religion-based hostile environment.

Respectfully Submitted,

 /s/  *David T. Wiley*
David T. Wiley (ASB-4051-Y54D)
E-Mail:  wileyd@jacksonlewis.com
Tel:   (205) 332-3104
Fax:  (205) 332-3131
**JACKSON LEWIS LLP**
First Commercial Bank Building
800 Shades Creek Parkway, Ste. 870
Birmingham, Alabama  35209

**Attorney for Defendant
DSI Security Services, Inc.**

## **CERTIFICATE OF SERVICE**

 I hereby certify that on April 14, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and that a copy will be delivered via the CM/ECF system upon the following counsel of record:

> Daniel M. Shea
> daniel.shea@nelsonmullins.com
> Paul R. Beshears
> paul.beshears@nelsonmullins.com
> **NELSON MULLINS RILEY &**
>  **SCARBOROUGH, LLP**
> 999 Peachtree Street, NE/14th Floor
> Atlanta, Georgia 30309-3964
>
> Danielle J. Hayot
> Equal Employment Opportunity Commission
> 1801 L Street, NW
> Washington, D.C. 20507
> danielle.hayot@eeoc.gov

 I further certify that a copy was served upon the following via First Class U.S. Mail, postage prepaid:

> Roger Reeves
> B-12 Chattahoochee Court
> Eufala, Alabama 36027

      /s/ *David T. Wiley*
      Counsel of Record