IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| ROGER REEVES, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DSI SECURITY SERVICES, )<br>AMERICAN BUILDINGS )<br>COMPANY and EEOC, )<br>Defendants. ) | CIVIL ACTION FILE<br>NO. 1:07-CV-616-MHT-SRW |

## DEFENDANT AMERICAN BUILDING COMPANY'S
## REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

**A.  American Buildings Is Entitled To Summary Judgment Because Plaintiff Failed To File A Charge Of Discrimination Against American Buildings.**

In the charge of discrimination that he filed with the Equal Employment Opportunity Commission, Plaintiff did not name American Buildings Company ("American Buildings") as his employer or as a party discriminating against him. "Ordinarily, a party not named in the EEOC charge cannot be sued in a subsequent civil action."  *Virgo v. Riviera Beach Assocs.*, 30 F.3d 1350, 1358 (11th Cir. 1994). American Buildings seeks summary judgment on this basis.

Plaintiff contends that his failure to name American Buildings should be excused because American Buildings learned that he and his employer, DSI Security Services, were participating in EEOC alternative dispute resolution.  In

particular, in his opposition to American Buildings' motion for summary judgment, Plaintiff asserts "DSI lawyer stated under Penalty of Perjury that he met with American personnel and told them that they were in ADR and could they come up with a raise." (Plaintiff's Opposition at 2).

While Plaintiff does not specifically identify the "DSI lawyer" or when he allegedly made this statement, Plaintiff presumably is referring to Eddie Sorrells, Chief Operating Officer and General Counsel for DSI. Mr. Sorrells has provided three declarations under penalty of perjury in this matter, and none of them support Plaintiff's claim. More specifically, a declaration of Eddie Sorrells dated July 31, 2007, was submitted with DSI's first motion for summary judgment; a declaration of Eddie Sorrells dated March 13, 2008, was submitted with DSI's second motion for summary judgment; and a declaration of Eddie Sorrells dated March 18, 2008, was submitted with American Buildings' motion for summary judgment. Mr. Sorrells makes no mention of the EEOC ADR process in the first and last declarations. In the March 13, 2008, declaration, Mr. Sorrells does discuss what occurred during the ADR process, but he does not state or even suggest that he told American Buildings that DSI was involved in an EEOC claim or in the EEOC ADR process with Plaintiff. There does not appear to be any factual support for Plaintiff's claim.

In fact, as is established by the declaration of Jan Spitzer, American Buildings had no knowledge of Plaintiff's EEOC charge or the mediation process. While Plaintiff contends otherwise, he has failed to support his assertion with evidence. Thus, his claim should not be considered.

Even if Plaintiff's claim were true, however, it could not serve as a basis to excuse his failure to name American Buildings in his EEOC charge. At best, Plaintiff's assertion would establish that American Buildings was on notice that Plaintiff had filed a charge of discrimination against DSI and that the parties were engaging in mediation. American Buildings would not have known from this information that Plaintiff was claiming that American Buildings was participating in discriminatory conduct, nor would this information have given American Buildings any reason or opportunity to participate in the conciliation process sponsored by the EEOC. Thus, whether the "DSI lawyer" made the statement Plaintiff attributes to him is not a material fact, and a dispute over a non-material fact does not preclude summary judgment.

Plaintiff's failure to name American Buildings in his charge of discrimination resulted in American Buildings receiving no notice of Plaintiff's allegations against it and prevented it from participating in any of the EEOC processes. Accordingly, there is no legitimate reason to allow Plaintiff to exceed the statutory authorization that "a civil action may be brought against the

respondent named in the charge." 42 U.S.C. §§ 2000e-5(f)(1). Since American Buildings was not named in the charge, it is entitled to summary judgment.

> **B.  American Buildings Is Entitled To Summary Judgment Because It Has Never Been The Plaintiff's Employer And It Cannot Be Considered The Plaintiff's Employer Under Any Alternative Theory Of Liability.**

Plaintiff concedes that American Buildings is not his direct employer (Plaintiff's Opposition at 2), but argues that American Buildings can still be held liable under Title VII as a joint employer. In support of this assertion, Plaintiff claims that American Buildings participates in evaluating and disciplining DSI employees and provides instructions to DSI employees.

Plaintiff contends that American Buildings evaluates and disciplines DSI employees because American Buildings "report[s] back to DSI every error we commit." (Plaintiff's Opposition at 3). But this assertion does not show that American Buildings "has retained for itself sufficient control of the terms and conditions of employment of the employees who are employed by the other employer." *Virgo v. Riviera Beach Assocs.*, 30 F.3d at 1360 (11th Cir. 1994). Were that the case, American Buildings would discuss these errors directly with the DSI employees and discipline them accordingly. Instead, in recognition of the facts that the DSI employees are not its employees and that it does not exercise control over them, American Buildings communicates its concerns to DSI and not to the DSI employees. American Buildings certainly is not creating a joint

4

employer status by informing its contractor when it is dissatisfied with the service it is receiving.

Plaintiff also claims that "I had to drive to Dothan from Eufaula, Ala to be disciplined by DSI because American though[t] I deserved a stronger discipl[ine] than DSI had given.. They take direct part in the discipline actions. (SEE Document 12." (Plaintiff's Opposition at 3). This conclusory statement cannot be considered because it fails to comply with the requirements of Rule 56(e)(1) of the Federal Rules of Civil Procedure that an "opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated." In more detail, Plaintiff fails to state any facts showing that he has personal knowledge that "American though[t] I deserved a stronger discipl[ine]" or that American "take[s] direct part in the discipline actions."[1] Thus, Plaintiff's assertions utterly fail to comply with Rule 56(e)(1).

Courts do not hesitate to disregard allegations that fall short of the requirements of Rule 56(e)(1). "This court has consistently held that conclusory allegations without specific supporting facts have no probative value." *Evers v. General Motors Corp.*, 770 F.2d 984, 986 (11th Cir. 1985). *See, also, Shuford v.*

---

[1] Plaintiff does refer to document 12 attached to his opposition. That document appears to be a security guard log, but it is not clear how it lends any support to his claim.

*Alabama State Bd. of Educ.*, 978 F. Supp. 1008, 1018 (M.D. Ala. 1997) ("The court agrees with the defendants that the statements are deficient, for, other than the conclusory comment that 'I . . . personally observed the situation' of a number of others, McEwen does not say what the source of his knowledge is."). Because Plaintiff has failed to show he has personal knowledge that "American though[t] I deserved a stronger discipl[ine]" or that American "take[s] direct part in the discipline actions" these assertions have no probative value and cannot be considered.

Plaintiff also claims that American Buildings supervises DSI employees by "tell[ing] them what to do and how to do it." (Plaintiff's Opposition at 3). The evidence that Plaintiff submits to support this conclusion only shows that American Buildings provides minimal direction to the security guards on routine matters, such as which doors to lock and unlock. This evidence falls well short of proving that American Buildings and DSI "share or co-determine those matters governing the essential terms and conditions of employment" of the security guards. *Virgo*, 30 F.3d at 1360.

To create an issue as to joint employer status, Plaintiff needed to show that American Buildings had retained for itself "control over the terms and conditions of employment of the employees" of DSI. *Id.* Plaintiff has failed to come forward with such evidence. In contrast, American Buildings has shown by the declaration

6

of Jan Spitzer that it is not involved in, much less does it control, decisions about hiring, firing, promoting, scheduling, assigning, evaluating, disciplining, or supervising DSI employees. Accordingly, American Buildings cannot be considered a joint employer for purposes of Title VII liability. Since American Buildings is not the Plaintiff's employer, it is entitled to summary judgment.

> **C. Plaintiff Failed To File A Charge of Discrimination Alleging That He Was Subjected To Harassment, And He Is Therefore Barred From Litigating That Claim.**

American Buildings is entitled to summary judgment on Plaintiff's hostile working environment claim because Plaintiff failed to include it in his EEOC charge of discrimination. While Plaintiff argues in his opposition to summary judgment that he was subjected to a hostile work environment and enumerates facts that he believes supports his claim, he provides no defense or explanation for his failure to include this claim in his EEOC charge.

Because Plaintiff failed to file an EEOC charge alleging that he was subjected to a hostile working environment, that claim is procedurally deficient and not properly before the Court. *Green v. Elixir Industries, Inc.*, No. 04-12973, 2005 U.S. App. LEXIS 22047 (11th Cir. October 11, 2005). Accordingly, American Buildings is entitled to summary judgment on Plaintiff's hostile working environment claim.

## IV. CONCLUSION

For the stated reasons, American Buildings is entitled to summary judgment against Plaintiff.

Respectfully submitted this 17th day of April, 2008.

                Nelson Mullins Riley & Scarborough LLP


                /s/ Paul R. Beshears
                Daniel M. Shea
                Georgia Bar No. 63880
                Paul R. Beshears
                Georgia Bar No. 055742
                Attorney for Defendant American Buildings, Inc.

NELSON MULLINS RILEY & SCARBOROUGH LLP
Atlantic Station / 201 17th Street, NW
Suite 1700
Atlanta, GA  30363
(404) 817-6000 Telephone
(404) 817-6050 Facsimile

## CERTIFICATE OF SERVICE

I hereby certify that on April 17, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system that will provide service upon the following parties of record:

>David T. Wiley
>Jackson Lewis LLP
>First Commercial Bank Building
>800 Shades Creek Parkway, Suite 870
>Birmingham, AL  35209
>wileyd@jacksonlewis.com

>Danielle J. Hayot
>Equal Employment Opportunity Commission
>1801 L St., NW
>Washington, D.C.  20507
>danielle.hayot@eeoc.gov

I hereby further certify that a copy was delivered via First Class U.S. Mail, postage prepaid upon the following:

>Mr. Roger Reeves
>B-12 Chattahoochee Court
>Eufaula, AL 36027

>/s/ Paul R. Beshears
>Paul R. Beshears