IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ROGER REEVES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:07cv616-MHT |
| | ) | |
| DSI SECURITY SERVICES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

By order entered March 21, 2008, this court dismissed Title VII claims brought by plaintiff Roger Reeves, proceeding *pro se*, against defendant DSI Security Services alleging that defendant discriminated against plaintiff on the basis of his race and religion by denying him a promised wage increase and by leaving the room during an EEOC mediation. Plaintiff's sole remaining claim against DSI is that defendant discriminated against him on the basis of his race and religion by creating a hostile work environment.   This action is presently before the court on DSI's motion for summary judgment as to this claim.  Upon consideration of the motion, the court concludes that it is due to be granted.

## THE SUMMARY JUDGMENT STANDARD

A party seeking summary judgment bears the initial burden of demonstrating to the court the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions that it believes show an absence of any genuine issue of material fact.  Hairston v. Gainesville Publishing Co., 9 F.3d 913 (11th Cir. 1993).

For summary judgment purposes, an issue of fact is "material" if it is a legal element of the claim, as identified by the substantive law governing the case, such that its presence or absence might affect the outcome of the suit. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). An issue of fact is "genuine" if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party. Matsushita Electrical Industrial Company v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). The court must view the evidence, and all factual inferences properly drawn from the evidence, in the light most favorable to the nonmoving party. Welch v. Celotex Corp., 951 F.2d 1235, 1237 (11th Cir. 1992); Rollins v. TechSouth, Inc., 833 F.2d 1525, 1528 (11th Cir. 1987). It is improper for this court to weigh conflicting evidence or make credibility determinations; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson, 477 U.S. at 255. Where a reasonable fact finder may "draw more than one inference from the facts, and that inference creates a genuine issue of material fact, then the court should refuse to grant summary judgment." Barfield v. Brierton, 883 F.2d 923, 933-34 (11th Cir. 1989) (citation omitted).

Where the moving party will bear the burden of proof at trial,

that party must show affirmatively the absence of a genuine issue of material fact: it must support its motion with credible evidence . . . that would entitle it to summary judgment unless the non-moving party, in response, come[s] forward with significant, probative evidence demonstrating the existence of a triable issue of fact.

Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115 (11th Cir. 1993)(quoting United States v. Four Parcels of Real Property, 941 F.2d 1428, 1438 (11th Cir. 1991)(*en banc*)).

## DISCUSSION

"Prior to filing a Title VII action . . . a plaintiff first must file a charge of discrimination with the EEOC. The purpose of this exhaustion requirement 'is that the [EEOC] should have the first opportunity to investigate the alleged discriminatory practices to permit it to perform its role in obtaining voluntary compliance and promoting conciliation efforts.'" Gregory v. Georgia Department of Human Resources, 355 F.3d 1277, 1279 (11th Cir. 2004)(citations omitted).    Defendant contends that plaintiff has not exhausted administrative remedies as to the hostile environment claim he now asserts in this action.

"A plaintiff's judicial complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." Mulhall v. Advance Security, Inc., 19 F.3d 586, 589 n. 8 (11th Cir. 1994)(citing Sanchez v. Standard Brands, Inc., 431 F.2d 455 (5th Cir. 1970)).    "The starting point for determining the permissible scope of the judicial complaint is the EEOC charge and investigation." Eastland v. Tennessee Valley Authority, 714 F.2d 1066, 1067 (11th Cir. 1983)(citing Evans v. U.S. Pipe & Foundry Co., 696 F.2d 925, 927 (11th Cir. 1983)). "'[T]he allegations in a judicial complaint filed pursuant to Title VII "may encompass any kind of discrimination *like or related* to the allegations contained in the charge and growing out of such allegation during the pendency of the case before the Commission."'" Eastland, *supra*, 714 F.2d at 1067 (quoting Sanchez, *supra*, 431 F.2d at 466)(emphasis in Eastland).

In the charge he filed with the Equal Employment Opportunity Commission on September 22, 2006, plaintiff checked boxes on the charge form to indicate that he alleged

discrimination on the basis of his race and religion.  Plaintiff asserted:

> I began my employment with the employer named above as a security guard
> on February 2, 2002.  During the year of 2005, I was promised a wage increase
> by Allen Wood, Supervisor.  During the year of 2006, I was promised a wage
> increase by Mr. Wood and John Howard, Personnel Coordinator.  Although I
> was promised a wage increase I have not been given a wage increase.  I have
> not been given a reason as to why I have not been given a wage increase.

> I believe that I was discriminated against in violation of Title VII of the 1964
> Civil Rights Act, as amended because of my race, Black and my religion,
> Pentecostal.

(EEOC charge, attached to Complaint, Doc. # 1).  Plaintiff indicates elsewhere on the form

that the discrimination took place between June 1, 2005 and June 1, 2006.  There are no other

factual allegations on the charge form.

Plaintiff argues that the EEOC charge file demonstrates that he asserted a claim of

hostile work environment before the EEOC.  He points to two statements in the notes of the

intake worker: (1) "A member of mgmt made a statement to another employee about PCP's

religion[,]" and (2) "Supr type made negative comments about a white female who was

married to a Black."  (Doc. # 114, plaintiff's response to motion, p. 1 and attachment 1).

Plaintiff indicates that these are the only statements relating to his hostile environment claim

in the charge file, and that "[t]he intake person was very reluctant to take information about

racial acts when given to her."  (Doc. # 114, pp. 1-2).

Plaintiff suggests that he provided additional "particulars" to the EEOC in response

to questions the EEOC submitted to plaintiff.  In response to the present motion, plaintiff did

not include or describe the information he provided to the EEOC, and he did not submit a

4

copy of the questions propounded to him by the EEOC or his answers to those questions. However, plaintiff attached these documents to a response he later filed to the motion filed by co-defendant American Buildings Company.  (See "Document 11" attached to Doc. # 116).  With regard to the statement about plaintiff's religion, plaintiff wrote, "I belong to a Pentecoastol [sic] Holiness Church.  I was told by other Employees that Supervisiors [sic] said that my Religion was a Problem."  Plaintiff provided no additional facts to the EEOC regarding the context of the statement regarding plaintiff's religion, and no other examples of allegedly harassing conduct by defendant.  Other than the two statements referenced in the intake notes – one of which is also included in plaintiff's response to the EEOC's questions – plaintiff has submitted no evidence that he reported any race-based or religion-based acts or statements to the EEOC, either to the allegedly reluctant intake worker or in response to the EEOC questionnaire.   As to the two statements, plaintiff has provided no additional evidence regarding the factual context of the statements, such as when the statements were made, whether plaintiff was present, or the language used by the speaker.

The intake worker's notes, plaintiff's responses to the EEOC's written questions, and the actual EEOC charge sheet do not indicate that plaintiff expressly claimed that his employer discriminated against him by creating a hostile work environment.  To establish a hostile environment, harassment must be "'sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment[.]'"  McCann v. Tillman, et al.., ___ F.3d ____ 2008 WL 1991172 (11th Cir. May 9, 2008)(quoting Miller v. Kenworth of Dothan, Inc., 277 F.3d 1269, 1275 (11th Cir.

2002)).

> Determining whether the harassment was sufficiently severe or pervasive
> involves "both an objective and subjective component." . . . In determining the
> objective element, a court looks to " 'all the circumstances,' including 'the
> frequency of the discriminatory conduct; its severity; whether it is physically
> threatening or humiliating, or a mere offensive utterance; and whether it
> unreasonably interferes with an employee's work performance.'

McCann, *supra* (citations omitted).  Even assuming that the two statements referenced in the

intake notes may properly be attributed to defendant DSI, the information provided by

plaintiff to the EEOC (as reflected in the intake notes and the charge) is not even arguably

sufficient to alert the EEOC to the possibility of a hostile environment.

The Eleventh Circuit has held that an allegation of discrimination through a tangible

employment action is not "like or related" to and does not "grow out of" an allegation of

discrimination premised solely on a hostile work environment, stating that "[t]hose theories

are wholly distinct and represent entirely different ways of demonstrating a violation of Title

VII." Minix v. Jeld-Wen, Inc.    237 Fed. Appx. 578, 587-88 (11th Cir. Jun 27,

2007)(unpublished opinion); see also Swanson v. Civil Air Patrol, 37 F.Supp.2d 1312, 1321-

22 (claims of unequal pay on the basis of gender are not like or related to claims of hostile

environment sexual harassment).  The converse is also true – a hostile environment claim is

not "like or related to" a claim that plaintiff was discriminatorily denied a wage increase.  See

Ramon v. AT& T Broadband, 195 Fed. Appx. 860, 863-66 (11th Cir. Aug. 31, 2006)(finding

plaintiff's judicial allegations of hostile work environment were not like or related to

allegations in EEOC charge regarding discriminatory denial of disability leave and

elimination of bilingual pay adjustment and stating, "[Plaintiff] has pointed to no allegation in her EEOC charge that reasonably points to the kind of pervasive and oppressive conditions that would allow us to conclude that she intended to have the EEOC investigate the workplace for a hostile work environment.").

Plaintiff has produced no evidence that the EEOC's investigation actually encompassed the hostile work environment claims plaintiff now brings in this court, and no evidence that he ever made allegations or provided evidence to the EEOC that should reasonably have alerted the EEOC to the existence of such a claim.   Under these circumstances, plaintiff has failed to exhaust administrative remedies as to his hostile environment claim and may not now prosecute that claim in this court.

## CONCLUSION

For the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge that defendant DSI's motion for summary judgment (Doc. # 97) be GRANTED and that plaintiff's hostile work environment claim against defendant DSI be DISMISSED with prejudice.

The Clerk of the Court is ORDERED to file the Recommendation of the Magistrate Judge and to serve a copy on the parties to this action.  The parties are DIRECTED to file any objections to this Recommendation on or before June 4, 2008.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the

7

Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. Resolution Trust Co. V. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993); Henley v. Johnson, 885 F.2d 790, 794 (11th Cir. 1989).

Done, this 21st day of May, 2008.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE