IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ROGER REEVES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 1:07CV616-MHT |
| | ) |
| DSI SECURITY SERVICES, et al., | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Defendant DSI Security Services, Inc., headquartered in Dothan, Alabama, provides contract security services to a variety of businesses. One of these is defendant American Buildings Company's manufacturing plant in Eufaula, Alabama. Plaintiff Roger Reeves is employed by DSI as a guard at the American Buildings Company facility. (Sorrell dec.). Plaintiff, proceeding *pro se*, brings this Title VII action against American Buildings Company alleging that defendant discriminated against plaintiff on the basis of his race and religion by denying him a promised wage increase and by subjecting him to a hostile work environment. In a motion for summary judgment filed on March 21, 2008 (Doc. # 102), American Buildings contends that it cannot be liable to plaintiff on his Title VII claims because: (1) plaintiff was employed solely by co-defendant DSI Security Services and not by American Buildings Company; (2) he failed to name American Buildings as a respondent in the charge he filed with the EEOC; (3) he failed to include any allegations of hostile environment in his EEOC charge; (4) he cannot establish a *prima facie* case of discrimination

as to his wage claim because he cannot demonstrate that he was treated differently from similarly situated employees; (5) he cannot establish a *prima facie* case of discrimination as to his EEOC mediation claim because the circumstances of the mediation did not constitute an adverse employment action;[1] and (6) he cannot establish a *prima facie* case of discrimination as to his hostile environment claim because he cannot demonstrate that the discriminatory conduct was sufficiently severe or pervasive to support a hostile environment claim.

Plaintiff responds that: (1) American Buildings is liable to him as a "joint employer;" (2) he attempted to include American Buildings in the EEOC charge form but was prevented from doing so by the "EEOC person," who "screamed and yelled" at the plaintiff that American Buildings was not his employer;[2] and (3) he raised a hostile environment claim with the EEOC when he stated that management made derogatory comments about a mixed-race couple and about plaintiff's carrying a Bible. Plaintiff argues that the facts establish his

---

[1] In his complaint, plaintiff alleges that defendant DSI discriminated against him by, *inter alia*, leaving the EEOC mediation with the mediator after the latter stated, "Let's get out of here," and "This cat does not know what he is doing." (Complaint, Doc. # 1, pp. 2-4). It does not appear to the court that this allegation pertains to defendant American Buildings. However, American Buildings has moved for summary judgment on this claim and, in response, plaintiff argues that American Buildings, as his "joint employer" is liable for DSI's conduct during the mediation. Accordingly, the court will address the claim in this recommendation.

[2] Plaintiff's brief/declaration (Doc. # 116), p. 1; see also Plaintiff's brief/declaration in opposition to DSI's motion for summary judgment (Doc. # 114) at pp. 4-5 ("[W]hen I asked why [American Buildings was] removed from the charge the EEOC 'yelled' and 'screamed' more than once that they were not my Employer after I told her that they were my Employer as much as DSI was."); see also Complaint (Doc. # 1), p. 6 ("EEOC did not aggresively [sic] pursue action against American Buildings when I file [sic] my charge.").

hostile environment claim and that his treatment during the EEOC mediation process constituted "quite an Adverse Employment Action" (Doc. # 116, p. 7), but he does not respond to defendant's argument that he cannot establish a *prima facie* case of discrimination with regard to his wage claim. Upon consideration of the motion for summary judgment, the court concludes that it is due to be granted.

## THE SUMMARY JUDGMENT STANDARD

A party seeking summary judgment bears the initial burden of demonstrating to the court the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions that it believes show an absence of any genuine issue of material fact. Hairston v. Gainesville Publishing Co., 9 F.3d 913 (11th Cir. 1993). For issues on which the non-movant bears the burden of proof at trial, "the moving party is not required to support its motion with affidavits or other similar material negating the opponent's claim in order to discharge this initial responsibility. Instead, the moving party simply may show [ ] – that is, point[ ] out to the district court – that there is an absence of evidence to support the non-moving party's case." Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115-16 (11th Cir. 1993)(quoting U.S. v. Four Parcels of Real Property, 941 F.2d 1428, 1437-38 (11th Cir. 1991)(*en banc*)).

In Celotex Corp. v. Catrett, 477 U.S. 317 (1986), the Court held that if a party opposing summary judgment "fails to make a showing sufficient to establish the existence of an element essential to their party's case, and on which their party will bear the burden of proof at trial," summary judgment shall be granted.

> [W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue . . . Rule 56(e) . . . requires the nonmoving party to go beyond the pleadings and by . . . affidavits, or by the "depositions, answers to interrogatories, and admissions on file," designate "specific facts showing that there is a genuine issue for trial. . . We do not mean that the nonmoving party must produce evidence in a form that would be admissible at trial in order to avoid summary judgment. . . . Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56 except the mere pleadings themselves. . . ."

Id. at 324.

For summary judgment purposes, an issue of fact is "material" if it is a legal element of the claim, as identified by the substantive law governing the case, such that its presence or absence might affect the outcome of the suit. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). An issue of fact is "genuine" if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party. Matsushita Electrical Industrial Company v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). The court must view the evidence, and all factual inferences properly drawn from the evidence, in the light most favorable to the nonmoving party. Welch v. Celotex Corp., 951 F.2d 1235, 1237 (11th Cir. 1992); Rollins v. TechSouth, Inc., 833 F.2d 1525, 1528 (11th Cir. 1987). It is improper for this court to weigh conflicting evidence or make credibility determinations; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson, 477 U.S. at 255. Where a reasonable fact finder may "draw more than one inference from the facts, and that inference creates a genuine issue of material fact, then the court should refuse to grant summary judgment." Barfield v. Brierton, 883 F.2d 923, 933-34 (11th Cir. 1989) (citation omitted).

4

## DISCUSSION[3]

### Disparate Treatment Claims

Plaintiff has not argued that his claims of race and religious discrimination are supported by direct evidence of discriminatory intent, nor has he filed any such direct evidence. The McDonnell Douglas/Burdine[4] framework was established by the Supreme Court for evaluating a Title VII plaintiff's claims of discrimination against an employer where, as here, there is no direct evidence of discrimination. See Combs v. Plantation Patterns, 106 F.3d 1519, 1527-28 (11th Cir. 1997). The plaintiff must first make out a *prima facie* case of discrimination. Burdine, 450 U.S. at 252-53; Walker v. Mortham, 158 F.3d 1177, 1183 (11th Cir.1998); Combs, 106 F.3d at 1527-28. "Establishment of the *prima facie* case in effect creates a presumption that the employer unlawfully discriminated against the employee. If the trier of fact believes the plaintiff's evidence, and if the employer is silent in the face of the presumption, the court must enter judgment for the plaintiff because no issue of fact remains in the case." Id. (quoting Burdine, 450 U.S. at 254); Walker, *supra*.

If the plaintiff establishes a *prima facie* case, the employer has the burden of producing "legitimate, non-discriminatory reasons for the challenged employment action."

---

[3] Plaintiff has signed his response to the motion for summary judgment under penalty of perjury. Accordingly – to the extent the response includes factual assertions – the court treats the text of plaintiff's response as a declaration in accordance with 28 U.S.C. § 1746. Additionally, because the court concludes that plaintiff's claims fail on the merits – *i.e.*, that he has failed to establish a *prima facie* case of discrimination as to his claims against defendant American Buildings – the court does not reach defendant's remaining arguments.

[4] McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973); Texas Department of Community Affairs v. Burdine, 450 U.S. 248 (1981).

Combs, 106 F.3d at 1528 (citing McDonnell Douglas, 411 U.S. at 802). "To satisfy this intermediate burden, the employer need only produce admissible evidence which would allow the trier of fact rationally to conclude that the employment decision had not been motivated by discriminatory animus." Combs, 106 F.3d at 1528 (quoting Burdine, 450 U.S. at 257). If the employer articulates a legitimate, nondiscriminatory reason for its decision, the mandatory inference of discrimination arising from the *prima facie* case is destroyed. Walker, 158 F.3d at 1184. The plaintiff must then produce evidence "including the previously produced evidence establishing the *prima facie* case, sufficient to permit a reasonable factfinder to conclude that the reasons given by the employer were not the real reasons for the adverse employment decision." Combs, 106 F.3d at 1528.

Defendant argues that it is entitled to summary judgment on plaintiff's disparate treatment claims because plaintiff has not established a *prima facie* case of discrimination. "A plaintiff establishes a *prima facie* case of disparate treatment by showing that [he] was a qualified member of a protected class and was subjected to an adverse employment action in contrast with similarly situated employees outside the protected class. The methods of presenting a *prima facie* case are not fixed; they are flexible and depend to a large degree upon the employment situation." Wilson v. B/E Aerospace, Inc., 376 F.3d 1079, 1087 (11th Cir. 2004). A plaintiff may establish a *prima facie* case without pointing to a similarly situated comparator, if he introduces evidence of other facts which are adequate to permit an inference of discrimination. See Holifield v. Reno, 115 F.3d 1555, 1562 (11th Cir. 1997)("If a plaintiff fails to show the existence of a similarly situated employee, summary judgment

6

is appropriate *where no other evidence of discrimination is present.*)(emphasis added).

Plaintiff claims that the defendants denied him a promised wage increase because of his race and/or religion. In a Recommendation entered on February 29, 2008 on defendant DSI's motion for summary judgment, the undersigned Magistrate Judge concluded that plaintiff had failed to establish a *prima facie* case of discrimination on the basis of either his race or his religion as to his wage claim because he failed to produce evidence that any similarly situated comparator of a different race or religion was treated more favorably with regard to pay increases, and he did not produce any other evidence sufficient to permit an inference of discrimination. (Doc. # 83, p. 7). With regard to plaintiff's claim that defendant behaved in a discriminatory manner during the EEOC mediation process, the court determined that plaintiff could not establish a *prima facie* case because he could not demonstrate that defendant's conduct during the EEOC mediation constituted an adverse employment action. (Id., pp. 7-8).[5]

In response to the present motion, plaintiff argues that pointing out a similarly situated comparator is not the only way to establish a *prima facie* case. (Doc. # 116, p. 8). He states that "American management has made derogatory statements about mixed couple, ask for member not of protected class to work, dislike employee with same religion" (id.), and suggests that this evidence permits an inference of bias. With regard to his EEOC mediation claim, plaintiff argues that EEOC is liable for acts of discrimination committed by DSI

---

[5] The District Judge adopted the recommendation in a judgment entered on March 21, 2008 (Doc. # 104).

because they are "joint employers."  He further contends that "[a]n adverse employment action does not have to occur on company property to be an adverse employment action.  I suffered loss (financial loss) and lost my right under EEOC (ADR).  I would think that would be quite an Adverse Employment Action." (Doc. # 116, p. 7).  In reply, American Buildings argues that some of plaintiff's statements do not demonstrate personal knowledge, others are conclusory, and the remaining statements do not establish plaintiff's claims.

To be considered on summary judgment, a supporting affidavit or declaration "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant [or declarant] is competent to testify on the matters stated." Fed. R. Civ. P. 56(e).  To defeat a properly made and supported motion for summary judgment, the opposing party "must – by affidavits or as otherwise set out in [Rule 56] – set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2).  The Eleventh Circuit has "'consistently held that conclusory allegations without specific supporting facts have no probative value.'" Leigh v. Warner Bros., Inc., 212 F.3d 1210, 1217 (11th Cir. 2000)(quoting Evers v. General Motors Corp., 770 F.2d 984, 985 (11th Cir. 1985));  see also Miller v. Citizens Security Group, Inc., 116 F.3d 343, 346 (8th Cir. 1997)("A conclusory statement in an affidavit, however, cannot create a genuine issue of material fact which precludes summary judgment.").

In his responsive brief/declaration, plaintiff identifies acts which he contends support his hostile environment claim.  The court has considered these statements to determine whether they are sufficient to permit an inference of discrimination as to plaintiff's wage or

EEOC mediation claims. As noted above, plaintiff states that "American management has made derogatory statements about mixed couple, ask for member not of protected class to work, dislike employee with same religion" (Doc. # 116, p. 8). He further testifies by declaration as follows:

Other Acts of Hostile Work Environment

(1) Allowing wearing of Confederate Flag on Clothing

(2) Management not answering CB when Black person call until third or fourth time (American)

(3) White Employee not coming out after hours when call at home for Emergency

(4) Derogatory Remarks about Plaintiff And his Bible

(5) American Preference in assigning Hour (white over Plaintiff when White Person (Dale Jones) did not want to work. (John Howard)

(6) No giving promised Raise when he said DSI had the Papework [sic] (John Howard made that statement)

(7) Intimi[dating] DSI Management into writing a bad Review. (John Howard) (Management)

(8) Negative remarks about Previous Black Employee

(9) Sending Plant Worker Out to Inspect Moped [sic] Floor

(10) American Building has asked for specific employees to work. They have ask and assigned employees not in the protected class who did not want to work over Plaintiff who wanted to work.

(11) Indirectly DSI Salary to Guard are determine by the rate American Pay DSI.

9

(13)[6] In original Complaint American was name [sic] as Employer and the Reference to John Howard is that of Personnel Coordinator of American Building. In complaint "other Employees From American have Received raises".

(14, 15) Again America [sic] had knowledge and ample Opportunity via DSI Lawyer + Representatives. DSI Lawyer made sworn statement that he had Discussions with American and they tender an offer which they implemented (.50/second pay period in January 2007)(EEOC said charge was sent to American Buildings) Two counts of Discrimination that occured [sic] on American Building [sic] Plant Site are alluded to in EEOC Documents. (SEE Document 2)

(Plaintiff's response, Doc, # 116, pp. 4-5).

Even assuming *arguendo* that plaintiff's failure to receive a wage increase and that DSI's conduct in leaving the room with the mediator during the EEOC mediation may be attributed to defendant American Buildings, plaintiff's responsive declaration is insufficient to permit an inference that defendant American Buildings discriminated against the plaintiff on the basis of either his race or religion. First, plaintiff's declaration does not provide any basis for concluding that plaintiff has personal knowledge of any of the "facts" he has identified, with the exception of his statement that a person outside his protected class was assigned to work a shift that plaintiff wanted to work.[7] Further, some of plaintiff's statements are entirely conclusory – *e.g.*, "Derogatory Remarks about Plaintiff And his Bible," and "Negative remarks about Previous Black Employee." Other statements appear

---

[6] There is no item designated "12." (Doc. # 116, p. 5).

[7] Plaintiff's statement that a white employee, Dale Jones, did not want to work clearly is not within plaintiff's personal knowledge and, to the extent that the information came from Jones, is inadmissible hearsay.

to constitute argument only rather than statements of fact (statements numbered "13" and "14, 15").[8]  The remaining statements fail to provide sufficient factual context or detail to permit an inference of racial or religious bias, and the court has located no evidence elsewhere in plaintiff's responsive declaration or in the record which would permit such an inference.

Additionally, with regard to plaintiff's claim that American Buildings is liable for DSI's conduct during the EEOC mediation, the court concludes that plaintiff has failed to establish – despite his allegations of financial loss[9] and loss of his "right under EEOC (ADR)" – that DSI's conduct during the mediation constitutes an adverse employment action. See Osahar v. Postmaster General of U.S. Postal Service, 2008 WL 123959, * 7 (11th Cir. Jan. 15, 2008)("An adverse employment action must effect 'a serious and material change in the terms, conditions, or privileges of employment.'  Further, regardless of the employee's subjective view, 'the employment action must be materially adverse as viewed by a reasonable person in the circumstances.'")(unpublished opinion)((quoting Davis v. Town of Lake Park, Fla., 245 F.3d 1232, 1239 (11th Cir. 2001))(footnote omitted).

Accordingly, plaintiff has failed to establish a *prima facie* case as to his wage claim or his EEOC mediation claim, and American Buildings is entitled to summary judgment on

---

[8]  To the extent that they include any factual assertions, those facts do not – alone or in combination with the other factual assertions in plaintiff's responsive declaration – permit an inference of unlawful bias.

[9]  See Plaintiff's responsive declaration at p. 7.  Plaintiff states that he suffered "financial loss" but does not specify the nature of that loss, how it was caused by DSI's conduct during the mediation, or how it relates to his employment.

these claims.

## Hostile Work Environment Claim

Plaintiff claims, in conclusory terms, that defendant subjected him to a hostile work environment. (Complaint, Doc. # 1 at pp. 1, 6; Amended Complaint, Doc. # 22 at pp. 1, 5). Defendant argues that it is entitled to summary judgment on this claim because, *inter alia*, plaintiff cannot establish that he was subjected to harassment which was sufficiently severe or pervasive to support a hostile environment claim. (Defendant's brief, Doc. # 103, p. 17 n. 4). Plaintiff responds by pointing to his discipline by DSI. (Doc. # 116, p. 3). He then sets out the list of numbered items quoted above.

To establish his hostile environment claim, plaintiff must establish that: (1) he belongs to a protected group; (2) has been subjected to unwelcome harassment; (3) the harassment was based on his protected characteristic (in this case, his race or religion); (4) the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment; and (5) American Buildings is responsible for the environment, either directly or vicariously. McCann v. Tillman, ___ F.3d ___, 2008 WL 1991172 (11th Cir. May 9, 2008)(citing Miller v. Kenworth of Dothan, Inc., 277 F.3d 1269, 1275 (11th Cir. 2002)).

> Determining whether the harassment was sufficiently severe or pervasive involves "both an objective and subjective component." In determining the objective element, a court looks to "'all the circumstances,' including 'the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.'"

McCann, *supra*, 2008 WL 1991172 at *7 (citations omitted).

Plaintiff bears the burden of establishing the "severe or pervasive" element of his claim, and he has provided little competent evidence of his working conditions. Plaintiff's discipline by DSI and his failure to receive a wage increase – even assuming that American Buildings exercised control over these employment decisions – are discrete acts which "must be challenged as separate statutory discrimination . . . claims." Id. "These cannot be brought under a hostile work environment claim that centers on 'discriminatory intimidation, ridicule, and insult.'" Id. (quoting National Railroad Passenger Corp. v. Morgan, 536 U.S. 101, 116 (2002)). Even if the court considers these acts as part of the basis for plaintiff's hostile environment claim, however, the claim still fails.[10]

As discussed previously, plaintiff's responsive declaration suffers from a number of evidentiary deficiencies, including its failure to demonstrate that plaintiff's averments are based on his personal knowledge. Additionally, even assuming that the statements contained in the declaration are based on plaintiff's personal knowledge, they lack sufficient specificity to permit a conclusion that plaintiff's working environment was "'permeated with "discriminatory intimidation, ridicule, and insult," that is "sufficiently severe or pervasive to alter the terms and conditions of [his] employment and create an abusive working environment."'" Morgan, *supra*, 536 U.S. at 116. Plaintiff does not provide specific facts regarding the period of time over which these incidents occurred, whether they occurred in

---

[10] As noted above, plaintiff has failed to produce evidence which would permit an inference that these actions were motivated by bias against plaintiff's race or religion.

his presence, the number of times the alleged acts occurred, and the specific circumstances of the acts. See Doc. # 116. For instance, plaintiff lists "Negative remarks about Previous Black Employee," (Doc. # 116, p. 4), but does not state the number or substance of those remarks or whether he personally heard the remarks. Similarly, as to many of the incidents, it is impossible to determine from the sketchy outline provided in plaintiff's declaration whether they involved any overtly race-based or religion-based comments, or conduct which would contribute to the severity of the acts – *e.g.*, "Sending Plant Worker Out to Inspect Moped [sic] Floor," "White Employee not coming out after hours when call at home for Emergency," or "Management not answering CB when Black person call until third of fourth time."

Upon review of the record, the court concludes that plaintiff has failed to demonstrate, through the introduction of competent evidence, the existence of a genuine issue of material fact regarding whether he was subjected to discriminatory harassment which was sufficiently severe or pervasive to alter the terms and conditions of his employment. Accordingly, defendant American Buildings Company is entitled to summary judgment on plaintiff's hostile work environment claim.

## CONCLUSION

For the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge that defendant's motion for summary judgment (Doc. # 102) be GRANTED, and that plaintiff's claims against defendant American Buildings Company be DISMISSED with prejudice.

The Clerk of the Court is ORDERED to file the Recommendation of the Magistrate Judge and to serve a copy on the parties to this action. The parties are DIRECTED to file any objections to this Recommendation on or before June 6, 2008. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. Resolution Trust Co. V. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993); Henley v. Johnson, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 22nd day of May, 2008.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE